UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUMMI NATION, | Case No. 2:26-cv-01435-KKE |
| Plaintiff, | |
| vs. | **PLAINTIFF LUMMI NATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |
| WHIDBEY TELEPHONE COMPANY d/b/a WHIDBEY TELECOM, et al., | |
| Defendants. | **NOTE ON MOTION CALENDAR: June 4, 2026** |
| | **ORAL ARGUMENT REQUESTED** |

Pl.'s Mem. Of Law in Supp. of Prelim. Inj. – 1
CASE NO. 2:26-CV-01435-KKE

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................1

II. STATUTORY AND REGULATORY FRAMEWORK ..................................3

    A. The Washington Indian Graves and Records Act (IGRA) ......................3

    B. Whatcom County Code § 20.72.652 ........................................................5

    C. Washington Common Law: Gross Negligence ........................................7

    D. Federal Overlay: NHPA Section 106 and the APA ..................................8

III. FACTUAL BACKGROUND ..............................................................................9

    A. Point Roberts is a Sacred Lumi Cultural Landscape Containing Known Burial Grounds ...................................................................................................9

    B. Whidbey Telecom Disturbed Ancestral Remains Across the Three Successive Projects ..................................................................................................10

        1. *Community Connect (45WH560)* .................................................10

        2. *ReConnect (45WH525)* ...............................................................12

        3. *Middle Mile (45WH525)* ............................................................13

    C. Defendants Have Left Ancestral Remains Exposed and Refused Damage Assessment ...............................................................................................13

    D. The Harm is Imminent, Ongoing, and Compounding...............................15

IV. LEGAL STANDARD........................................................................................15

V. ARGUMENT .....................................................................................................16

    A. Plaintiffs Have Standing..........................................................................16

    B. Lummi Nation is Likely to Succeed on the Merits ..................................17

        1. *Whidbey Telecom's knowing and ongoing disturbance of Lummi burial grounds violates the Indian Graves and Records Act* ..............................17

        2. *Whidbey Telecom's pattern of conduct constitutes gross negligence under Washington common law*..........................................................................20

        3. *Whatcom County breached its statutory duty to consult with Lummi Nation before issuing permits*..................................................................21

    C. Absent Preliminary Relief, Lummi Nation Will Suffer Imminent and Irreparable Harm .......................................................................................................22

        1. *Permanent loss has already occurred and continues to occur* ...............23

        2. *The spiritual and cultural harm to Lummi Nation is categorically irreparable*....................................................................................................23

        3. *Additional ground disturbing activity is imminent, not speculative*.........24

    D. The Balance of Equities Tips Sharply in Favor of the Nation ................25

    E. Preliminary Relief Serves the Public Interest..........................................26

    F. The Court Should Waive Bond or Set a Nominal Amount......................26

VI. RELIEF REQUESTED .....................................................................................27

    A. Immediate Cessation of Ground Disturbing Activities at Point Roberts ...............27

    B. Mandatory Security Measures..................................................................27

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

    C.  Access for Comprehensive Damage Assessment ................................................. 27

    D.  Disclosure of Project Records ............................................................................ 28

**VII.**     **CONCLUSION** .................................................................................................... 28

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

# **TABLE OF AUTHORITIES**

**Cases**

*Alliance for the Wild Rockies v. Cottrell,*
632 F.3d 1127 (9th Cir. 2011)...................................................................................16

*Amoco Production Co. v. Village of Gambell,*
480 U.S. 531 (1987) ...........................................................................................22, 23

*Comanche Nation v. United States,*
No. CIV-08-849-D, 2008 WL 4426621(D. Okla. Sept. 23, 2008)..............................23

*Degel v. Majestic Mobile Manor, Inc.,*
129 Wn.2d 43 (Wash. 1996) ......................................................................................7

*Drakes Bay Oyster Company v. Jewell,*
747 F.3d 1073 (9th Cir. 2014)...................................................................................16

*Garcia v. Google, Inc.,*
786 F.3d 733 (9th Cir. 2015)....................................................................................16

*GoTo.com, Inc. v. Walt Disney Company,*
202 F.3d 1199 (9th Cir. 2000)...................................................................................16

*Harper v. Department of Corrections,*
192 Wn.2d 328 (Wash. 2018) .........................................................................7, 20, 21

*Hertog v. City of Seattle,*
138 Wn.2d 265 (Wash. 1999) ..........................................................................7, 8, 20

*Lujan v. Defenders of Wildlife,*
504 U.S. 555 (1992) .................................................................................................16

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Company,*
571 F.3d 873 (9th Circ. 2009) ...................................................................................16

*Nist v. Tudor,*
67 Wn.2d 322 (Wash. 1965) .......................................................................................7

*Nken v. Holder,*
556 U.S. 418 (2009) .................................................................................................16

*Peterhaus v. University of Washington,*
34 Wn. App. 2d 745 (Wash. Ct. App. 2025)................................................................7

Lummi Nation
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

*Pit River Tribe v. United States Forest Service,*
469 F.3d 768 (9th Cir. 2006).......................................................................................17

*Pueblo of Sandia v. United States,*
50 F.3d 856 (10th Cir. 1995).......................................................................................23

*Quechan Tribe of Fort Yuma Indian Reservation. v. United States Department of the Interior*,
755 F. Supp. 2d 1104 (D. Cal. 2010) ..........................................................................23

*Save Our Sonoran, Inc. v. Flowers,*
408 F.3d 1113 (9th Cir. 2005)......................................................................................26

*Swinomish Tribal Community v. Island County*,
87 Wn. App. 552 (Wash. Ct. App. 1997)..........................................................4, 5, 6, 21

*Tohono O'Odham Nation v. United States Department of the Interior*,
138 F.4th 1189 (9th Circ. 2025) ....................................................................................8

*United States v. Washington*,
384 F. Supp. 312 (D. Wash. 1974)............................................................................9, 26

*Wilderness Watch v. Iwamoto,*
853 F.Supp. 2d. 1063 (D. Wash. 2012).........................................................................23

*Winter v. Natural Resources Defense Council*,
555 U.S. 7 (2008) ..........................................................................................................16

**State Law**

Washington Indian Graves and Records Act, Revised Code of Washington, Chapter 27.44

Chapter 27.44 .......................................................................................................3, 7, 17

RCW 27.44.030...........................................................................................................4, 26

RCW 27.44.040 ...................................................................................................... *passim*

RCW 27.44.040(1) ...............................................................................................4, 10, 18

RCW 27.44.040(4) .....................................................................................................4, 18

RCW 27.44.050 ...........................................................................................................5, 17

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

RCW 27.44.050(1) .................................................................................................5

RCW 27.44.050(3) .................................................................................................7

RCW 27.44.050(3)(b).............................................................................................5

RCW 27.44.050(3)(c).............................................................................................5

RCW 27.44.050(3)(d).............................................................................................5

RCW 27.44.050(3)(e).............................................................................................5

RCW 27.44.055 .............................................................................................4, 17, 19

RCW 27.44.055(2)(a).........................................................................................4, 19

RCW 27.44.055(2)(b).....................................................................................4, 19, 27

RCW 27.44.055(2)(c).........................................................................................4, 19

RCW 27.44.055(2)(d)..........................................................................................4, 5

RCW 27.44.055(3) ................................................................................................5

**County Code**

Whatcom County Code § 20.72.652

§ 20.72.652 .......................................................................................5, 7, 21, 26

§ 20.72.652(2)(a) ...........................................................................................5, 21

§ 20.72.652(2)(b) ...........................................................................................5, 21

§ 20.72.652(2)(b)(i) ..............................................................................................6

§ 20.72.652(2)(b)(ii) .............................................................................................6

§ 20.72.652(2)(c) ...........................................................................................6, 22

§ 20.72.652(2)(d) ...........................................................................................6, 22

§ 20.72.652(3)(a) ..................................................................................................6

Pl.'s Mem. Of Law in Supp. of Prelim. Inj. – v
CASE NO. 2:26-CV-01435-KKE

§ 20.72.652(3)(b) ................................................................................................6, 22

**Statutes**

Administrative Procedure Act, 5 U.S.C. §§ 701–706 ...............................................8

National Historic Preservation Act, Section 106, 54 U.S.C. § 306108 .......................................8

**Regulations**

36 C.F.R. pt. 800 ................................................................................................8

36 C.F.R. § 800.2(c)(2)(ii) ................................................................................................8

**Federal Rules of Civil Procedure**

Rule 65(c) ................................................................................................26

**Miscellaneous**

Treaty of Point Elliot, 12 Stat. 927 (1859) ................................................................26

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

# I. INTRODUCTION

From time immemorial, Lummi Nation (the "Nation") and its ancestors have lived, fished, gathered, and laid their dead to rest at Point Roberts, Washington. The Lummi belong to the Coast Salish people, who call the Point Roberts peninsula Chelhtenem and regard it as a sacred landscape. The burial grounds within Point Roberts are the resting places of Lummi ancestors to whom the Nation owes living, ongoing, ceremonial obligations. Dkt. #1 ¶¶ 21–26. Those obligations cannot be performed by any other party on the Nation's behalf. Dkt. #1 ¶ 24.

Lummi Nation, a federally recognized Tribal Nation, now seeks an immediate injunction to stop Whidbey Telephone Company d/b/a Whidbey Telecom ("Whidbey Telecom") and Whatcom County from further disturbing ancestral remains and to compel Whatcom County and Whidbey Telecom to allow the Nation access for damage assessment and reinterment. Across three successive broadband projects using $13,744,474.20 in federal funds, Whidbey Telecom has trenched thousands of feet into known burial grounds, ignored archaeological indicators and human remains its own crews were trained to recognize, defied a stop work order, refused to notify required authorities, left ancestral remains exposed to the weather for years, and most recently, in November 2025, without providing reasonably adequate notice to the Nation, again commenced ground disturbance in close proximity to a known burial site. Dkt. #1 ¶¶ 36–41, 71–83, 95–107. This latest disturbance permanently lost a Lummi cranial fragment that can never be recovered or reinterred. Decl. of L. Tso ¶ 24.[1] In defiance of state law, Defendants have failed to ensure the Nation the opportunity to properly rebury its ancestors. The Nation requires both Whidbey Telecom's and Whatcom County's

---

[1] Plaintiff is simultaneously filing a Motion to Seal certain exhibits referenced in the supporting declarations and reserves the right to file supplemental declarations should the Court deny that Motion.

PL.'S MEMO OF LAW IN SUPP. OF PRELIM.
INJ. – 1
CASE NO. 2:26-CV-01435-KKE

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

cooperation in allowing the Nation to access the sites, conduct a comprehensive damage assessment to understand the scope of disturbance, recover all disturbed ancestral remains, and reinter those remains with dignity.

Without timely reinterment, the harm is severe, ongoing, and accelerating. Out of the 2.8 miles of construction for Community Connect—including trenching, boring, and use of existing conduits—only four pot holes and five soil piles have been assessed for damage; the unassessed construction includes approximately 1,000 feet of trenching at archaeological site 45WH560 ("45WH560"). Decl. of R. Whitlam ¶ 8. Fragmented human remains and grave goods likely abide on the surface of the disturbed soil, exposed to the elements and vulnerable to further damage. The same conditions persist at archaeological site 45WH525 ("45WH525"), where Whidbey Telecom conducted another 2,100 feet (about twice the height of the Empire State Building) of trenching through a known burial ground, which remains unassessed for damage to Lummi ancestral remains. Dkt. #1 ¶ 99. But for the illegal permitting of two of the three Whidbey Telecom projects by Whatcom County, issued without required advanced consultation with Lummi Nation, this trenching on County property would not have occurred. Dkt. #1 ¶¶ 118–20. Now, despite ongoing requests, Lummi Nation lacks a comprehensive damage assessment for all three projects and cannot assess where disturbed remains lie, retrieve them, or plan reburial.

Defendants have shown no sense of urgency to protect exposed human remains from further damage or permanent loss. In addition to losing the cranial fragment in November 2025, Whidbey Telecom left open trenches and excavated soil piles containing human remains and funerary objects at 45WH560 for nearly two years, covered, if at all, with plywood or tarps. Dkt. #1 ¶¶ 96–97. Whidbey Telecom's failure to secure the site and follow appropriate

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

protocols for handling human remains severely exacerbated the damage from initial disturbance. Now, each passing day bears further consequences for any remains still disinterred or unsecured at 45WH560 or 45WH525. Each weather event causes further degradation. Each day leaves artifacts and human remains vulnerable to looting by members of the public. Each new ground disturbing activity threatens further loss.

Lummi Nation seeks a preliminary injunction to halt this desecration before losing more ancestors. The Nation asks the Court to enjoin Whidbey Telecom and Whatcom County to (a) refrain from conducting any further ground disturbing activity at Point Roberts pending the merits; (b) secure 45WH560 and 45WH525 against further weathering and trespass; (c) grant the Nation full cooperation to access the areas of activity for all three federally-funded projects to conduct its own comprehensive damage assessment, recovery, and reinterment of disturbed remains; and (d) produce all project documentation necessary for the Nation to evaluate the scope of harm.

## II. STATUTORY AND REGULATORY FRAMEWORK

Lummi Nation's claims for injunctive relief are anchored in a comprehensive framework of federal, state, and local laws designed to protect irreplaceable cultural resources; minimize disturbance, damage, and irreparable harm to human remains; and ensure Tribes have the immediate ability and necessary authority to reinter disturbed ancestral remains.

### A. The Washington Indian Graves and Records Act (IGRA)

The Washington Indian Graves and Records Act ("IGRA"), codified at Chapter 27.44 of the Revised Code of Washington ("RCW"), provides both the substantive protections and the civil remedy framework at the center of this Motion. The Washington State Legislature enacted IGRA, recognizing "Native Indian burial grounds and historic graves" as "finite, irreplaceable,

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

and nonrenewable cultural resource[s]" and "the spiritual significance of such sites to the people of" Washington State. RCW 27.44.030. The purpose of IGRA is to protect these burial grounds from "deliberate desecration" and "careless indifference." *Id.*; *see also Swinomish Tribal Cmty. v. Island Cnty.*, 87 Wn. App. 552, 557 (Wash. Ct. App. 1997) (describing the Legislature's intent to safeguard tribal burial sites).

RCW 27.44.040(1) establishes two separate grounds for liability. First, it imposes criminal and civil liability on "[a]ny person who knowingly removes, mutilates, defaces, injures, or destroys any cairn or grave of any native Indian," making such conduct a class C felony. Second, for disturbances that occur "through inadvertence, including disturbance through construction… or any other activity," the statute imposes a mandatory duty to "reinter the human remains under the supervision of the appropriate Indian tribe." *Id.* The inadvertence exemption that shields some disturbers from criminal liability does not extinguish the reinterment duty. Moreover, if the disturber does not properly report the disturbance and make reasonable efforts to preserve the remains, the inadvertence defense no longer applies. *Id.* at (4).

RCW 27.44.055 imposes a separate set of immediate, non-discretionary duties triggered at the moment of discovery. "Any person engaged in ground disturbing activity…who encounters or discovers skeletal human remains in or on the ground" is required to: "(a) [i]mmediately cease any activity which may cause further disturbance; (b) [m]ake a reasonable effort to protect the area from further disturbance; [and] (c) [r]eport the presence and location of the remains to the coroner and local law enforcement in the most expeditious manner possible." RCW 27.44.055(2)(a)–(c). Like RCW 27.44.040, this provision releases the disturber from criminal or civil liability for an inadvertent disturbance only if they comply with these mandatory duties and are "otherwise in compliance with applicable law." RCW

27.44.055(2)(d). The coroner, in turn, bears corresponding duties to notify affected Tribes. *See* RCW 27.44.055(3). When this notification chain is broken at the outset—by a contractor who does not report—Tribes cannot exercise their supervisory rights over reinterment, and the downstream harm to Tribes is the direct consequence of that breach.

RCW 27.44.050 authorizes Tribes to pursue civil action when disturbers fail to adhere to IGRA. A Tribe or any enrolled member may bring "a civil action to secure an injunction, damages, or other appropriate relief against any person" who violates RCW 27.44.040. RCW 27.44.050(1). Courts have also affirmed that this civil action is not limited to parties injured by criminal violations of the Act. *See Swinomish*, 87 Wn. App. at 560. The court may award actual damages, including special and general damages and damages for emotional distress, and may award punitive damages on a showing of willfulness—even "without proof of actual damages." RCW 27.44.050(3)(c)–(e). The statute expressly authorizes the remedy of injunctive relief and the reinterment of human remains as equitable relief. RCW 27.44.050(1), (3)(b).

### B. Whatcom County Code § 20.72.652

Whatcom County Code § 20.72.652 imposes sequential duties, establishing a parallel set of local archaeological resource protections that require the County to consult with Lummi Nation before issuing encroachment permits. Upon receipt of a permit application for a project within 500 feet of a known archaeological site, the County "shall require an archaeological resources site assessment." *Id.* § 20.72.652(2)(a). If that assessment identifies significant archaeological resources, the County must obtain an Archaeological Resource Management Plan ("ARMP"), and the preparing archaeologist "shall solicit comments from the…Lummi Nation Historic Preservation Office." *Id.* § 20.72.652(2)(b). The ARMP must identify potentially impacted resources, assess adverse effects, and provide proposals to avoid, mitigate,

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

or minimize those effects. *Id.* § 20.72.652(2)(b)(i). Before the County approves an ARMP, the County's technical administrator must consult with Lummi Nation's THPO. *Id.* § 20.72.652(2)(b)(ii). Separately, Washington courts have upheld injunctions requiring counties to institutionalize consultation procedures before issuing permits that affect tribal burial grounds. *Swinomish*, 87 Wn. App. at 554–55 (affirming injunction directing county to notify the Tribe before issuing ground disturbing permits within recorded archaeological sites).

"Within 15 days of receipt" of development permit applications "in an area of known archaeological resources," the County "shall notify and request a recommendation" from the Nation's THPO. Whatcom County Code § 20.72.652(2)(c). In assessing these permits, the law requires the County to provide "for the protection and preservation of archaeological sites… to the maximum extent possible." *Id.* § 20.72.652(2)(d). In the event of inadvertent discovery during active construction, County Code requires "work on that portion of the development site [to] be stopped immediately and the find reported as soon as possible to the county," whose administrator is then required to notify Lummi Nation and conduct a site assessment. *Id.* § 20.72.652(3)(a)–(b).

The County's encroachment permit for Community Connect (Encroachment Permit No. ENC2022-00059) incorporated these requirements directly into its conditions: "If archaeological materials (bone, shell midden, cobble tools, etc.) are observed during site work, work in the area of discovery shall cease and the Whatcom County [State Environmental Policy Act] SEPA Administrator … shall be contacted immediately to determine the significance of the discovery[.]" Decl. of L. Tso ¶ 18; Exs. 7, 8 at p. 13. This condition is not merely advisory; it is a binding obligation whose breach provides an independent basis for injunctive relief.

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

### C. Washington Common Law: Gross Negligence

The elements of a negligence claim under Washington law are "the existence of a duty to the plaintiff, breach of the duty, and injury to plaintiff proximately caused by the breach." *Hertog v. City of Seattle*, 138 Wn.2d 265, 275 (Wash. 1999) (citing *Degel v. Majestic Mobile Manor, Inc.*, 129 Wn.2d 43, 48 (Wash. 1996)). In this case, the duties of care arise from multiple, overlapping sources: the requirements of Whatcom County Code § 20.72.652; the express conditions of the County's encroachment permits; the Inadvertent Discovery Plan provided to Whidbey Telecom; and the mandatory requirements of Washington State's IGRA (Chapter 27.44).

Washington courts define gross negligence as a "substantial" breach of duty— "failing to act with even slight care." *Harper v. Dep't of Corr.*, 192 Wn.2d 328, 340–41 (Wash. 2018). The standard requires "substantially or appreciably" less care than a reasonably prudent person would exercise under the same circumstances. *Id.* at 342–43 (quoting *Nist v. Tudor*, 67 Wn.2d 322, 331 (Wash. 1965)); *see also Peterhans v. Univ. of Wash.*, 34 Wn. App. 2d 745, 752–54 (Wash. Ct. App. 2025). Whidbey Telecom's repeated, deliberate disregard of the duty to stop work upon encountering human remains and refusal to notify required authorities support a finding of willfulness, activating the exemplary damages provision of RCW 27.44.050(3)— additional deterrent force to any preliminary injunction the Court issues.

For ordinary negligence claims, Washington courts apply the same *Hertog* elements; the County's own Code anchors its duty. *See* Whatcom County Code § 20.72.652 (mandating site assessment and Tribal consultation before permitting work within 500 feet of a known archaeological site). Where a government entity violates a mandatory statutory duty protecting a specific class of persons—here, Lummi Nation as the Tribe with cultural and legal interests in

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

the affected burial grounds—Washington courts recognize such a violation may establish both the duty and breach elements of negligence simultaneously. *See generally Hertog*, 138 Wn.2d at 275–77.

### D. Federal Overlay: NHPA Section 106 and the APA

The federal statutory framework also provides essential context for the legal duties Whidbey Telecom and Whatcom County violated and for the public interest analysis that supports the relief sought. Section 106 of the National Historic Preservation Act ("NHPA"), codified at 54 U.S.C. § 306108, requires every federal agency to "take into account the effect of [its] undertaking[s] on any historic property." The implementing regulations, 36 C.F.R. Part 800, require consultation with federally recognized Tribes that attach religious and cultural significance to affected properties "regardless of the location of the historic property." *Id.* § 800.2(c)(2)(ii). The Administrative Procedure Act ("APA") allows judicial review of agency compliance with Section 106 and with any governing Programmatic Agreement. 5 U.S.C. §§ 701–706; *See Tohono O'Odham Nation v. U.S. Dep't of the Interior*, 138 F.4th 1189, 1202 (9th Cir. 2025) (failure to comply with a Programmatic Agreement constitutes arbitrary and capricious agency action reviewable under the APA). Relevant to this Motion, RUS's 2018 Nationwide Programmatic Agreement ("2018 Nationwide PA") prohibits the release of federal construction funds prior to completion of Section 106 review and assigns the grantee—here, Whidbey Telecom—primary responsibility for initiating and carrying out certain aspects of the 106 process. Dkt. #1 ¶¶ 57–58, 147–50. This obligation confers an additional duty of care on Whidbey Telecom and reenforces its responsibility to ensure compliance with NHPA.

### III. FACTUAL BACKGROUND

**A. Point Roberts Is a Sacred Lummi Cultural Landscape Containing Known Burial Grounds.**

Point Roberts has held ceremonial, subsistence, and burial significance to Lummi Nation across generations. Decl. of R. Whitlam ¶ 3; Decl. of L. Tso ¶¶ 3, 27–28. Best estimates by archaeologists and historians indicate that Lummi ancestors occupied and buried their loved ones at Point Roberts for over 5,000 years, up through the late nineteenth century. Dkt. #1 ¶ 42. Point Roberts' 4.9 square miles includes thirteen recorded archaeological sites, more than 3,000 individual archaeological features, and potentially even more unrecorded historic properties, as parts of Point Roberts have not been surveyed for the presence of archaeological resources. Decl. of R. Whitlam ¶ 3; Decl. of L. Tso ¶¶ 3, 27. The Treaty of Point Elliott reserves Lummi rights at and around Point Roberts, and federal courts have judicially determined that Point Roberts lies within Lummi Nation's usual and accustomed fishing places. Dkt. #1 ¶¶ 28–31; *United States v. Washington*, 384 F. Supp. 312, 360 (D. Wash. 1974), *aff'd*, 520 F.2d 676 (9th Cir. 1975).

Whidbey Telecom conducted project activities at two different archaeological sites at Point Roberts, disturbing Lummi remains at those sites for three different projects. Decl. of R. Whitlam ¶¶ 5, 9, 19, 26; Exs. 4, 5, 6, 10. Sites 45WH560 and 45WH525 are known to contain Lummi ancestral human remains and associated cultural materials, and both are treated as eligible for the National Register of Historic Places ("NRHP"), as repeatedly confirmed by the Washington State Historic Preservation Officer ("SHPO"). Decl. of R. Whitlam ¶¶ 3, 5, 18. Whidbey Telecom has operated at Point Roberts for nearly forty years and employs a Tribal Affairs official charged with liaising with Tribes in its service area, including Lummi Nation. Dkt. #1 ¶ 7. Whidbey Telecom knew or should have known of Lummi Nation's cultural

PL.'S MEMO OF LAW IN SUPP. OF PRELIM. INJ. – 9
CASE NO. 2:26-CV-01435-KKE

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

resources and burial grounds at Point Roberts before it ever began construction or project planning. Dkt. #1 ¶¶ 7, 44–45. Yet, Whidbey Telecom repeatedly chose to conduct ground disturbing activities at sensitive sites, without the proper project permits or notice to the Nation. According to its Project Director, Whidbey Telecom has laid more than eighteen miles of fiber at Point Roberts as of 2023, causing untold damage on a peninsula dense with cultural resource material. Dkt. #1 ¶ 41.

Lummi spiritual and cultural traditions impose sacred obligations on the Nation to protect and reinter ancestral human remains. Decl. of L. Tso ¶¶ 3, 27– 28. Washington law recognizes those obligations as the basis for mandatory legal duties, requiring anyone who disturbs Native Indian graves—whether knowingly or inadvertently—to "reinter the human remains under the supervision of the appropriate Indian tribe." RCW 27.44.040(1).  Once ancestral remains are exposed, fragmented, displaced, or commingled with construction spoils, the harm to the Nation is never fully reversible, adding to the urgency of the requirement to reinter. Decl. of L. Tso ¶¶ 19, 27–28. Whidbey Telecom has not complied with this duty to reinter disturbed Lummi ancestral remains on any of its three projects operating at Point Roberts; this failure constitutes a continuing violation of state law.

**B. Whidbey Telecom Disturbed Ancestral Remains across Three Successive Projects.**

**1. *Community Connect (45WH560)***

The United States Department of Agriculture – Rural Utilities Service ("RUS") issued a federal environmental permit for Whidbey Telecom's Community Connect project ("Community Connect") on June 29, 2022, and the County issued encroachment permits for the project on February 27, 2023, July 26, 2024, and September 9, 2024. Dkt. #1 ¶ 35. In August 2024, the County conceded it issued Community Connect's permits without reviewing the

PL.'S MEMO OF LAW IN SUPP. OF PRELIM. INJ. – 10
CASE NO. 2:26-CV-01435-KKE

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

project or notifying the Nation, failing to properly operate its software used to indicate the presence of cultural resources in project areas. Decl. of L. Tso ¶ 18; Ex. 7. In April 2023, construction for Community Connect encountered shell midden deposits, which are widely recognized indicators of the presence of human remains, and other archaeological material at 45WH560. Decl. of R. Whitlam ¶ 5; Exs. 9, 10, 11.

Whidbey Telecom did not stop when it encountered these deposits, despite its crews having pictures and descriptions of shell midden deposits in the project's Inadvertent Discovery Plan. Decl. of R. Whitlam ¶ 7; Exs. 9, 10, 11, 4 at p. 22–29[2]. Instead, Whidbey Telecom dug a trench running approximately 1,000 feet long and at least thirty-six inches deep through the site, conducted at least 300 feet of directional boring, and created at least five exploratory "pot hole" trenches within the total 2.8 miles of completed construction for Community Connect. Decl. of L. Tso ¶¶ 10–11, 14; Decl. of R. Whitlam ¶ 8; Ex. 3, 4 at p. v. Whidbey Telecom disturbed human remains in four of the five exploratory trenches and dispersed additional human remains in four of the removed soil piles. Ex. 4 at p. 56–57. The trenching also disinterred funerary objects and thousands of cultural artifacts. Ex. 4 at p. v, 67.

Whidbey Telecom did not provide notice of the disturbance to the County's SEPA Administrator, RUS, or Lummi Nation. Trenching ultimately stopped only after the SHPO intervened upon learning of the activity from a member of the public with archaeological training. Decl. of R. Whitlam ¶¶ 5–6, 8; Decl. of L. Tso ¶¶ 4–5, 7. Upon information and belief, Whidbey Telecom still resumed construction-related activities after the imposition of the stop

---

[2] All page references to exhibits refer to the footer page numbers of the original document. Where no footer page numbers exist, references are to the page's sequential position within the submitted PDF, excluding the cover page, with the first non-cover page designated as page 1.

work order, further damaging Lummi ancestral remains. Decl. of L. Tso ¶ 6; Exs. 1, 2. Whidbey Telecom's activities for Community Connect did not constitute an inadvertent incident that went uncorrected but rather a pattern of independent violations, each compounding the one before it.

### 2. ReConnect (45WH525)

RUS issued environmental permits for another RUS-funded project at Point Roberts ("ReConnect") on January 15, 2021, and the County issued encroachment permits in March and August 2021. Dkt. #1 ¶ 37. In August 2024, the County admitted it had issued ReConnect's permits without reviewing the project or providing the Nation notice, failing to properly operate software used to indicate the presence of cultural resources in project areas. Decl. of L. Tso ¶ 18; Ex. 7. Between Community Connect and ReConnect, this failure occurred on at least two separate occasions more than one year apart in time, which means the County could have permitted numerous incursions into burial grounds at Point Roberts for projects beyond those subject to this suit. ReConnect continues to operate without a proper encroachment permit or required consultation between the County and the Nation. Dkt. #1 ¶ 121.

Whidbey Telecom began construction in March 2021 within the boundaries of 45WH525, another known Lummi burial ground, ultimately digging at least 2,100 feet of trench. Dkt. #1 ¶¶ 37–38. ReConnect is now fully constructed and operating. Dkt. #1 ¶ 37. Upon information and belief, Whidbey Telecom's construction crews encountered shell midden deposits and other archaeological indicators during ReConnect's trenching and did not cease work. Decl. of L. Tso ¶¶ 16–17; Ex. 6. Whidbey Telecom did not provide notice of the project activities to the Nation or the disturbance to any required authority. Decl. of R. Whitlam ¶¶ 19–22. Lummi Nation learned about likely disturbance at 45WH525 only through its own

investigation after discovering the damage at 45WH560. Dkt. #1 ¶ 94; Decl. of L. Tso ¶¶ 16–17; Ex. 6. Defendants have never initiated discussion or consultation about the damage from ReConnect, and the full scope of the construction conducted for the project, or its impacts to Lummi burial grounds, remains unknown to the Nation. Decl. of L. Tso ¶ 19; Decl. of R. Whitlam ¶ 21.

### 3. *Middle Mile (45WH525)*

The third Whidbey Telecom project at Point Roberts ("Middle Mile") is funded by the National Telecommunications and Information Administration ("NTIA"). Dkt. #1 ¶¶ 10, 33. NTIA issued its National Environmental Policy Act ("NEPA") Decision Memo for the terrestrial portion of Middle Mile on February 18, 2025, releasing federal funds. Dkt. #1 ¶ 40. Whidbey Telecom's May 29, 2025 report to NTIA confirmed project construction had begun. *Id.*

On November 6, 2025, with only three days' notice to Lummi Nation and after receiving repeated warning about project activities at known archaeological sites, Whidbey Telecom undertook ground disturbing activities for Middle Mile in close proximity to 45WH525, once again displacing human remains. Dkt. #1 ¶ 39. A Lummi cranial fragment displaced by Middle Mile is now permanently lost and cannot be recovered or reinterred. Decl. of L. Tso ¶ 24; Decl. of R. Whitlam ¶ 25. There is no current restraint on further ground disturbance or project activities for Middle Mile.

### C. Defendants Have Left Ancestral Remains Exposed and Refused Damage Assessment.

Defendants left open trenches, and piles of excavated soil containing human remains and funerary artifacts, exposed to the elements at 45WH560 for nearly two years. Decl. of L. Tso ¶¶ 8, 10, 14. During that period, if covered at all, the disturbed remains were only protected

PL.'S MEMO OF LAW IN SUPP. OF PRELIM. INJ. – 13
CASE NO. 2:26-CV-01435-KKE

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

by temporary materials such as plywood or tarps. Ex. 4 at p. 22, 26. Human remains and associated cultural materials may still be exposed to weather and environmental conditions at 45WH560, and upon information and belief, the same is true at 45WH525, where exposure has continued since March 2021. Dkt. #1 ¶¶ 37–38, 96–99.

Without comprehensive damage assessments of the projects' impacts, the Nation cannot determine where disturbed remains lie, how to recover them, or a reburial plan. Decl. of L. Tso ¶ 26. Ten months after discovery of the damage from Community Connect, Defendants only assessed damage at 45WH560 from four pot holes and five spoil piles (*i.e.*, a miniscule fraction of the 2.8 total miles of construction) and have still not assessed damage from the approximately 1,000-foot trench dug at the site. Decl. of L. Tso ¶¶ 10, 14; Ex. 4 at p. v, 15, 28, 56-57. Notwithstanding Whidbey Telecom's failure to assess the vast majority of the project route, the incomplete damage assessment documented seventeen fragments of human remains and more than 1,000 removed artifacts. Decl. of R. Whitlam ¶¶ 9, 16; Decl. of L. Tso ¶ 13. Damage from the remainder of the 2.8 miles of construction is potentially exponential, numbering in the thousands of fragments of ancestral remains or more; it includes damage to burial sites along the project route that do not lie within the boundaries of 45WH560, because not all of Point Roberts has been surveyed for the presence of archaeological resources. Decl. of L. Tso ¶ 27. Defendants have failed to conduct any damage assessment for ReConnect. Decl. of L. Tso ¶ 19. Defendants have failed to conduct any damage assessment for Middle Mile. Dkt. #1 ¶ 112. To date, Defendants have failed to enable Lummi Nation to reinter any of the Lummi ancestral remains disturbed by the projects.  Decl. of L. Tso ¶ 27.

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

**D. The Harm Is Imminent, Ongoing, and Compounding.**

Middle Mile's activities near 45WH525 pose an ongoing threat of further ground disturbance to known burial grounds. The project is funded, permitted, and underway. Whidbey Telecom has demonstrated, as recently as November 2025, that it will commence ground disturbance near these sites without proper notice, and it will do so again absent injunctive relief. Additionally, the Nation has no assurance that further damage has not occurred from Community Connect and ReConnect, leaving unaccounted-for human remains disinterred from both projects. The exposed and unprotected condition of 45WH560 and 45WH525 causes irreversible harm every day: degradation from weather, physical disturbance from trespass, and permanent loss of materials whose archaeological and cultural context is already compromised. This harm is not contingent on any future act by Whidbey Telecom; it is occurring continuously and independently.

Finally, the absence of a comprehensive damage assessment for any of the projects leaves the full scope of harm unknown, and the reinterment that RCW 27.44.040 mandates cannot begin. Each day of continued non-assessment diminishes the Nation's ability to fulfill its obligations to its ancestors as conditions on the ground worsen—with deepening emotional harms. Active construction increases the amount of disturbed ground requiring assessment. Unprotected sites degrade the remains that assessment would otherwise locate and enable the Nation to recover. Delayed assessment allows further deterioration of the evidence and physical material on which the reinterment process depends.

## IV. LEGAL STANDARD

A preliminary injunction is appropriate where the movant establishes (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3)

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

that the balance of equities tips in the movant's favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Where, as here, the government is a defendant, the third and fourth factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014); *Nken v. Holder*, 556 U.S. 418, 435 (2009).

The Ninth Circuit's sliding-scale formulation provides an alternative path. "Serious questions going to the merits" combined with a balance of hardships that tips "sharply" in the movant's favor, together with a likelihood of irreparable harm and a public interest in relief, supports issuance. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011).

The Nation seeks relief that is principally prohibitory and restorative of the status quo ante. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000). To the extent any component is properly characterized as mandatory, the Nation must show that the law and facts "clearly favor" its position. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). The Nation meets that standard and satisfies both the *Winter* and *Cottrell* formulations.

## V. ARGUMENT

### A. Plaintiffs Have Standing.

Lummi Nation satisfies Article III's requirements of injury in fact, traceability, and redressability as to the defendants against whom preliminary relief is sought. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

The Nation suffered and continues to suffer concrete and particularized injuries from the conduct of Whatcom County and Whidbey Telecom. Whidbey Telecom's ground disturbing activities at 45WH560 and 45WH525 have disturbed, damaged, and in some instances permanently lost Lummi ancestral remains and associated funerary objects, leaving exposed

PL.'S MEMO OF LAW IN SUPP. OF PRELIM.
INJ. – 16
CASE NO. 2:26-CV-01435-KKE

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

remains to weather and degrade for extended periods. Decl. of L. Tso ¶¶ 8, 10, 12–14, 24. Whatcom County issued encroachment permits authorizing the projects without conducting the consultation and archaeological review required by its own code. Decl. of L. Tso ¶ 18. The Nation's interest in protecting its ancestral burial grounds and exercising its sacred obligations to its ancestors is concrete, particularized, and ongoing. Decl. of L. Tso ¶¶ 26–28. These injuries are fairly traceable to Whidbey Telecom's ground disturbance and to Whatcom County's permitting and oversight failures.

An order halting further ground disturbance, securing the affected sites, and enabling damage assessments and reinterment would redress these injuries, preventing additional harm and permitting the Nation to fulfill its cultural and spiritual obligations to its ancestors. *See Pit River Tribe v. U.S. Forest Serv.*, 469 F.3d 768, 779 (9th Cir. 2006).

### B. Lummi Nation Is Likely to Succeed on the Merits.

#### 1. *Whidbey Telecom's knowing and ongoing disturbance of Lummi burial grounds violates the Indian Graves and Records Act.*

Washington State's IGRA, codified at Chapter 27.44, prohibits knowing removal, mutilation, defacement, injury, or destruction of any Native Indian grave; requires reinterment under Tribal supervision even for inadvertent disturbance; and is enforceable through civil injunctive relief, damages, and—on a showing of willfulness—punitive damages even without proof of actual loss. RCW 27.44.040–050. RCW 27.44.055 separately mandates immediate cessation, site protection, and notification to authorities upon discovery of skeletal remains. Whidbey Telecom violated each of these provisions across all three projects.

Whidbey Telecom acted with knowledge, as established by the following facts: (a) Whidbey Telecom's crews had Whatcom County's Inadvertent Discovery Plan, which contained detailed descriptions and pictures of shell midden deposits, widely recognized

indicators of archaeological sites that contain human remains, Dkt. #1 ¶ 71–72; Decl. of R. Whitlam ¶ 5; Exs. 10, 11; (b) Whidbey Telecom's crews encountered shell midden deposits during Community Connect's trenching, but they kept digging, ultimately, at the least, disturbing human remains in four of the five exploratory trenches at 45WH560 and dispersing remains throughout removed soil piles, Dkt. #1 ¶ 36, 73; (c) Whidbey Telecom has never addressed the trenching at 45WH525 for ReConnect or its potential, ongoing damage, stonewalling the Nation's repeated questions about the project, Decl. of L. Tso ¶¶ 17, 19; (d) after the Nation's repeated warnings about ReConnect's damage to 45WH525, Whidbey Telecom commenced Middle Mile in close proximity to 45WH525, again disturbing human remains, Decl. of L. Tso ¶¶ 21–24; (e) Whidbey Telecom has operated at Point Roberts for approximately forty years and employs a Tribal Affairs official charged specifically with liaising with Tribes in its service area, including Lummi Nation, Dkt. #1 ¶ 7; and (f) 45WH560 and 45WH525 have long been treated as eligible for the NRHP, Dkt. #1 ¶¶ 43, 128. In short, Whidbey Telecom excavated through a burial ground whose location, character, and significance were documented in advance, in materials it possessed, and confirmed in real time by archaeological materials its own crews were trained to identify. To the extent Defendants argue that "knowing" under RCW 27.44.040(1) requires subjective awareness of a specific grave, that reading cannot be reconciled with the statute. The inadvertence carve-out at RCW 27.44.040(4) presumes that knowing-with-suspicion-of-presence triggers liability, leaving the carve-out only for genuinely accidental discovery. Whidbey Telecom, however, had advance notice of likely burial deposits, encountered confirming archaeological materials in real time, and continued to trench.

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

Whidbey Telecom's violations of RCW 27.44.055 are separate and ongoing. Whidbey Telecom violated the duty to "immediately cease" disturbing activities, RCW 27.44.055(2)(a), when it continued trenching after encountering shell midden deposits and human remains. Dkt. #1 ¶¶ 75–79. Whidbey Telecom violated the duty to report the disturbance to the coroner and local law enforcement immediately, RCW 27.44.055(2)(c); notice reached the Nation only because a third-party archaeologist alerted the SHPO, who then notified the appropriate authorities. Dkt. #1 ¶¶ 87–91. Whidbey Telecom continues to violate the duty to "make a reasonable effort to protect the area from further disturbance," RCW 27.44.055(2)(b), today, as it proceeds with project activities for Middle Mile near 45WH525, where it has already disturbed and lost a cranial fragment and now fully operates ReConnect. This ongoing violation independently supports the injunctive relief requested. In addition, while Community Connect remains stalled at 45WH560, Whidbey Telecom's work did not stop until the SHPO essentially caught them in the act of trenching through Lummi remains, and upon information and belief, Whidbey Telecom conducted even more work after the SHPO imposed a stop work order. Delays in securing exposed remains at 45WH560—and the bare coverage of those remains, if at all, by tarp and plywood for nearly two years—also defy any definition of reasonable effort to protect the area from further disturbance. The statute's exemption for accidental, properly reported, and reasonably preserved disturbance does not apply. Whidbey Telecom met none of those conditions given the repeated, knowing violations and the demonstrable failure to protect or report.

Whidbey Telecom also continues to violate the requirement to reinter disturbed human remains "under the supervision of the appropriate Indian tribe." RCW 27.44.040. Whidbey Telecom has not honored the Nation's request for a comprehensive damage assessment at either

45WH560 or 45WH525. The incomplete damage assessment conducted at 45WH560 covered a tiny fraction of the completed construction, and none of the disinterred remains have been reinterred. The loss of the cranial fragment disturbed by Middle Mile's activities demonstrates Whidbey Telecom's continued recklessness and inability to bring the projects into compliance, which requires ensuring the protection and reinterment of disturbed remains.

### 2. *Whidbey Telecom's pattern of conduct constitutes gross negligence under Washington common law.*

Under Washington law, the elements of negligence are "the existence of a duty to the plaintiff, breach of the duty, and injury to plaintiff proximately caused by the breach," with gross negligence requiring a breach that is "substantially or appreciably" less care than a reasonably prudent person would exercise—failing to act with "even slight care." *Hertog*, 138 Wn.2d at 275; *Harper*, 192 Wn.2d at 340–43. Whidbey Telecom owed multiple, overlapping duties of care: duties arising from its County encroachment permits, which expressly required cessation upon archaeological discovery and notice to the SEPA Administrator, Dkt. #1 ¶ 185; duties arising from the Inadvertent Discovery Plan provided to its crews, Dkt. #1 ¶ 71; duties delegated under RUS's 2018 Nationwide Programmatic Agreement implementing Section 106 of NHPA, which assigns compliance responsibilities to grantees, Dkt. #1 ¶¶ 57–58, 147–49; and duties imposed by RCW 27.44.040 and 27.44.055.

Whidbey Telecom breached every duty of care it owed Lummi Nation. It continued trenching at 45WH560 after its crews encountered shell midden deposits and human remains. Dkt. #1 ¶¶ 73, 75. It did not notify required authorities. Dkt. #1 ¶¶ 87–91. Upon information and belief, it resumed work after the SHPO issued a stop work order. Dkt. #1 ¶¶ 105–07. It commenced Middle Mile within close proximity to 45WH525 with three days' notice despite years of warnings about damage to 45WH525 from another Whidbey Telecom project. Dkt. #1

PL.'S MEMO OF LAW IN SUPP. OF PRELIM.
INJ. – 20
CASE NO. 2:26-CV-01435-KKE

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

¶¶ 39, 81. It has failed to conduct damage assessments for two of the three projects, and the only damage assessment it has done for Community Connect is incomplete. Dkt. #1 ¶¶ 110–12. Finally, Whidbey Telecom has failed to reinter any disturbed remains under the supervision of Lummi Nation, and the disturbed cranial fragment from Middle Mile is lost and can never be reinterred. Decl. of L. Tso ¶¶ 24–27.

Considered together, these failures establish appreciably less care than a reasonably prudent developer would exercise. Whidbey Telecom ignored its own knowledge of Point Roberts' cultural significance, ignored its own training materials, defied a stop work order, disregarded repeated Tribal warnings, and repeatedly chose to operate at known Lummi burial grounds with little to no notice to the Nation. As a matter of law, Whidbey Telecom continues exercising less than "slight care." *Harper*, 192 Wn.2d at 340–41. Proximate cause is unbroken: the disturbance, the displacement, and the continued exposure of remains are direct results of Whidbey Telecom's breaches.

### 3. *Whatcom County breached its statutory duty to consult with Lummi Nation before issuing permits.*

Whatcom County's liability stems from the same negligence framework, anchored in the mandatory sequential duties detailed in Whatcom County Code § 20.72.652: the County "shall require" a site assessment before permitting activities "within 500 feet of a site known to contain archaeological resources," *Id.* § 20.72.652(2)(a); the archaeologist "shall solicit comments" from Lummi Nation's THPO if the "assessment identifies the presence of significant archaeological resources," *Id.* § 20.72.652(2)(b); and the technical administrator "shall consult" with the Nation before approving any Archaeological Resource Management Plan. *Id.*; *see also Swinomish*, 87 Wn. App. at 554–59 (upholding injunction against county that issued ground disturbing permits without tribal consultation, rejecting county's claim of

exemption from IGRA civil liability). Whatcom County Code also requires the County to notify the Nation upon receipt of a permit application "in an area of known archaeological resources" and to allow "sufficient time and/or conditions for consultation" with the Nation about those permits. Whatcom County Code § 20.72.652(2)(c)–(d). In the event of an inadvertent discovery, the County is required to notify Lummi Nation and initiate an "immediate site assessment." *Id.* § 20.72.652(3)(b).

The County did not follow any of these requirements for Community Connect or ReConnect. Dkt. #1 ¶¶ 50–53. Instead, it issued illegal encroachment permits for both projects without conducting any prior consultation, providing the Nation time to comment, or providing the Nation with notice. More than one year after the Nation began inquiring about the projects with the County, the County admitted it had issued both permits without full review, attributing the failure to human error in operating software that recurred on at least two separate occasions more than one year apart, but which may have been persistent throughout the intervening year. Dkt. #1 ¶¶ 118–20. Lawful permitting would have triggered consultation, site assessment, and project modification before construction. ReConnect continues to operate today without a lawful encroachment permit or required consultation—an ongoing legal deficiency that the forward-looking relief requested directly corrects. Dkt. #1 ¶ 121.

**C. Absent Preliminary Relief, Lummi Nation Will Suffer Imminent and Irreparable Harm.**

Multiple independent factors pose a risk of ongoing, irreparable harm to Lummi Nation, all of which contribute, most distressingly, to the ongoing disinterment of—and potential further damage to—Lummi ancestral remains. The Supreme Court has recognized that "[e]nvironmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, i.e., irreparable." *Amoco Prod. Co. v. Vill. of*

*Gambell*, 480 U.S. 531, 545 (1987); *see also Wilderness Watch v. Iwamoto*, 853 F.Supp. 2d. 1063, 1078 (D. Wash. 2012). Courts have applied that principle to disturbance of Native American burial grounds and cultural resources, recognizing that such harms cause spiritual and ceremonial injury. *See, e.g.*, *Quechan Tribe of Fort Yuma Indian Rsrv. v. U.S. Dep't of the Interior*, 755 F. Supp. 2d 1104, 1120–22 (D. Cal. 2010); *Pueblo of Sandia v. United States*, 50 F.3d 856, 860–61 (10th Cir. 1995); *Comanche Nation v. United States*, No. CIV-08-849-D, 2008 WL 4426621, at *50–58 (D. Okla. Sept. 23, 2008).

### 1. *Permanent loss has already occurred and continues to occur.*

The cranial fragment displaced by Middle Mile's project activities, and subsequently lost, cannot be recovered or reinterred. Dkt. #1 ¶¶ 100, 102. In addition, due to Whidbey Telecom's multiple other failures to follow necessary protocols to timely secure disturbed ancestral remains at 45WH560 and 45WH525, notify appropriate officials, and stop work, the risk that other Lummi ancestral remains can never be recovered or reinterred is high at both 45WH560 and 45WH525. Decl. of L. Tso ¶¶ 7, 17, 24. The harm is not speculative but documented and recurring. Each day that Lummi ancestors remain exposed to further damage, the harm increases. Moreover, no damages remedy can restore ancestral remains to the ground. The harm is per se irreparable on two independent grounds: the permanence of physical loss and the structural inadequacy of any legal remedy.

### 2. *The spiritual and cultural harm to Lummi Nation is categorically irreparable.*

Lummi spiritual and cultural traditions impose sacred obligations on the Nation to protect, care for, and reinter ancestral human remains and associated funerary objects. Decl. of L. Tso ¶¶ 3, 19, 27. The Nation maintains specific protocols, carried forward through hereditary knowledge and the work of Lummi Nation's Cultural Department, governing the identification, treatment, and reinterment of ancestral remains. Dkt. #1 ¶ 24. These protocols are not

PL.'S MEMO OF LAW IN SUPP. OF PRELIM.
INJ. – 23
CASE NO. 2:26-CV-01435-KKE

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

discretionary practices. They are sacred duties that bind the Nation across generations and cannot be performed by any other party on the Nation's behalf. Decl. of L. Tso ¶¶ 19, 27.

Once ancestral remains are exposed, fragmented, displaced, or commingled with construction spoils, the harm is never fully reversible. Decl. of L. Tso ¶¶ 27–28. Even where remains can be recovered and reinterred, the disturbance itself imposes spiritual injury on the ancestors and on the living members of the Nation, and it requires the Nation to undertake additional ceremonial work to address what has been done, work that imposes its own emotional and cultural costs on Tribal members, elders, and ceremonial practitioners. That injury compounds with each new disturbance.

### 3. *Additional ground disturbing activity is imminent, not speculative.*

Whidbey Telecom has stated its intent to continue project activities on all three projects—including Community Connect once it receives approvals for modified construction plans. It has the funding and approvals in hand for Middle Mile, continues to operate ReConnect at a known burial ground site, and has demonstrated, repeatedly and recently, that it will begin ground disturbance with minimal or no notice and despite known harm. Dkt. #1 ¶ 39–40. These conditions pose imminent harm to Lummi ancestors at damaged burial ground sites. Whidbey Telecom's repeat-violator history—disregarding a stop work order, Dkt. #1 ¶¶ 105–07, ignoring the SHPO's and Nation's repeated warnings about operating at known burial grounds, Dkt. #1 ¶¶ 129–30, and refusing substantive disclosure about ReConnect and Middle Mile, Dkt. #1 ¶¶ 116–17, forecloses any argument that voluntary cessation will protect the burial grounds pending trial. The absence of any damage assessment for Middle Mile and ReConnect, and an incomplete assessment that fails to evaluate all of Community Connect's trenching, means the full scope of disturbance is unknown, and the reinterment duty mandated

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

by RCW 27.44.040 cannot begin. It also leaves the Nation with no confidence that all disturbed human remains have been properly secured from further damage, exposure to the elements, or permanent loss. Dkt. #1 ¶¶ 96–99. Here, past conduct, the most reliable predictor of future conduct, is unambiguous.

These harms also compound one another, adding to the urgency to reinter Lummi ancestors. Active construction increases the area requiring assessment; unprotected sites degrade the remains that assessment would enable the Nation to recover; delayed assessment prevents the reinterment that RCW 27.44.040 mandates. Whidbey Telecom's Project Director has stated that more than eighteen miles of fiber have been installed at Point Roberts as of 2023. Dkt. #1 ¶ 41. Whatever further disturbance that footprint has caused remains wholly unknown—and will remain unknown, and will worsen, absent this Court's intervention.

### D. The Balance of Equities Tips Sharply in Favor of the Nation.

The harm to the Nation as a sovereign and to its citizens with hereditary obligations is permanent. Decl. of L. Tso ¶¶ 3, 27–28. By contrast, Whidbey Telecom's and Whatcom County's purported hardship is economic and remediable. Community Connect is already stalled due to the disturbance at 45WH560; an injunction would allow Whidbey Telecom to ensure resolution and potentially resume project activities, pending proper review and permitting of new project plans. Middle Mile's Point Roberts activities are on the cusp of accelerating, presenting an optimal time to allow the Nation to examine the site before further damage occurs from increasing construction work. ReConnect is fully operational, but Whidbey Telecom has had nearly three years to resolve the Nation's concerns about the project's damage, and continuing the project without this resolution only poses greater liability. Indeed, Whidbey Telecom's hardship is self-inflicted from violating state laws and defying permit conditions.

PL.'S MEMO OF LAW IN SUPP. OF PRELIM.
INJ. – 25
CASE NO. 2:26-CV-01435-KKE

The hardship against Whatcom County is also minimal, as there is no cognizable hardship in being required to follow—and enforce—its own ordinances and protocols for reinterring disturbed human remains, which the Nation now asks the County to do.

### E. Preliminary Relief Serves the Public Interest.

The public interest weighs strongly in favor of the requested relief, because protecting Lummi Nation's burial grounds also protects the heritage of all citizens of the United States and upholds the rule of law by federal, state, local, and tribal governments. The Washington Legislature has spoken directly to this question, as RCW 27.44.030 declares that Native Indian burial grounds are "a finite, irreplaceable, and nonrenewable cultural resource" and are an intrinsic" part of the "cultural heritage" of Washington State. Whatcom County's own Code also reflects public policy in favor of consultation with Lummi Nation on projects at Point Roberts, particularly where there is a disturbance. Whatcom County Code § 20.72.652. Finally, the Treaty of Point Elliott, 12 Stat. 927 (1859), and the federal trust responsibility reinforce the public interest showing. Point Roberts lies within Lummi Nation's judicially determined usual and accustomed fishing places. *United States v. Washington*, 384 F. Supp. 312, 360 (D. Wash. 1974). Enforcing a state burial-protection statute to protect Treaty-recognized Lummi cultural resources unquestionably serves the public interest and the laws undergirding the sovereign interests of Lummi Nation, Washington State, and the United States.

### F. The Court Should Waive Bond or Set a Nominal Amount.

Under Rule 65(c), the Court has broad discretion to waive bond or set a nominal amount where the movant vindicates a significant public interest. *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005). Lummi Nation is a federally recognized sovereign seeking protection of irreplaceable cultural resources, the merits showing is strong, and imposing a

PL.'S MEMO OF LAW IN SUPP. OF PRELIM. INJ. – 26
CASE NO. 2:26-CV-01435-KKE

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

substantial bond would erect a financial barrier to the protection of resources whose loss is permanent and unrecoverable. The Court should waive bond or set a nominal amount.

## VI. RELIEF REQUESTED

For the reasons set forth above, Lummi Nation respectfully requests that this Court enter a preliminary injunction ordering the following relief pending final judgment:

### A. Immediate Cessation of Ground Disturbing Activities at Point Roberts

The Court should order Whidbey Telecom and all those acting in concert with it to immediately cease all ground disturbing activities at Point Roberts—including all trenching, boring, potholing, and grading. The Order does not preclude maintenance or monitoring work that does not implicate subsurface disturbance in culturally sensitive areas.

### B. Mandatory Security Measures

Within fourteen days of this Order, Defendants Whidbey Telecom and Whatcom County shall: (1) properly cover and protect all exposed areas at 45WH560 and 45WH525 containing or likely to contain ancestral human remains or associated cultural materials, using methods approved by the Lummi Nation THPO; (2) install fencing or other barriers sufficient to prevent unauthorized access to the affected areas at both sites and implement security measures to monitor and prevent looting, including but not limited to the installation of security cameras that the Nation can access remotely and weekly security patrols by law enforcement; and (3) implement erosion controls adequate to prevent further environmental degradation pending assessment and reinterment. These measures are compelled by RCW 27.44.055(2)(b)'s ongoing duty to protect disturbed remains.

### C. Access for Comprehensive Damage Assessment

Defendants Whidbey Telecom and Whatcom County shall permit Lummi Nation— through its THPO, cultural staff, and retained archaeologists—immediate and unrestricted

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

access to sites 45WH560 and 45WH525 and to all excavated soil piles and displaced materials from the three projects, for the purpose of conducting a comprehensive damage assessment and planning recovery and reinterment. Defendants may not interfere with or condition the Nation's access without prior Court approval. This Order is the prerequisite to all other relief: without it, the mandatory reinterment duty under RCW 27.44.040 cannot be discharged.

### D. Disclosure of Project Records

Within thirty days, Defendants Whidbey Telecom and Whatcom County shall preserve and disclose to Lummi Nation: (1) all project maps, as-built drawings, GPS coordinates, boring logs, and construction records sufficient to identify the location, depth, and extent of all ground disturbance at Point Roberts for the three projects; (2) all records relating to archaeological materials, human remains, or cultural objects encountered during construction; and (3) all communications relating to the handling, storage, or disposition of any disturbed remains or cultural materials. Without these records, the damage assessment cannot be scoped. Disclosure imposes no burden beyond the recordkeeping obligations Defendants already bear under federal grant agreements and applicable preservation and environmental review law.

### VII. CONCLUSION

Lummi Nation respectfully requests that the Court grant this Motion for Preliminary Injunction and enter the relief requested. Ancestors have already been lost. Each additional day sites remain unprotected, and construction and operations continue, extends the harm in ways that no judgment after trial can repair. The Motion should be granted.

\#

\#

\#

PL.'S MEMO OF LAW IN SUPP. OF PRELIM. INJ. – 28
CASE NO. 2:26-CV-01435-KKE

Respectfully submitted,

Dated: May 7, 2026

/s/ Gabriel David Cantu, Bar No. 52733
OFFICE OF THE RESERVATION ATTORNEY,
LUMMI NATION
2665 Kwina Road
Bellingham, WA 98226
Tel: (360) 384-7110
Email: GabrielC@lummi-nsn.gov

/s/ Gregory Alan Werkheiser, Virginia Bar No. 45986
Marion Forsyth Werkheiser, Virginia Bar No. 65454
Katherine Lee Sorrell, Texas Bar No. 24129460
Lydia Dexter, Oregon Bar No. 233151
Jessie Barrington, Virginia Bar No.
CULTURAL HERITAGE PARTNERS, PLLC
1811 East Grace Street, Suite A
Richmond, Virginia 23223
Tel: (202) 567-7594
Emails: greg@culturalheritagepartners.com
marion@culturalheritgepartners.com
katherine@culturalheritagepartners.com
lydia@culturalheritagepartners.com
jessie@culturalheritagepartners.com
*Pro Hac Vice*

*Counsel for Plaintiff*

We certify that this Memorandum contains 8,187 words, in compliance with the Local Civil Rules.

PL.'S MEMO OF LAW IN SUPP. OF PRELIM. INJ. – 29
CASE NO. 2:26-CV-01435-KKE

LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on Defendants via CM/ECF electronic notice.


s/ Gabriel D. Cantu
Counsel for Lummi Nation
GabrielC@lummi-nsn.gov

*Counsel for Plaintiff*