UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUMMI NATION, a federally recognized Indian Tribe<br><br>Plaintiff,<br><br>vs.<br><br>WHIDBEY TELEPHONE COMPANY, a Washington public utility corporation; UNITED STATES DEPARTMENT OF AGRICULTURE; and WHATCOM COUNTY,<br><br>Defendants. | Case No. 2:26-cv-01435-KKE<br><br>PLAINTIFF'S MOTION FOR LEAVE TO SEAL EXHIBITS IN SUPPORT OF A MOTION FOR PRELIMINARY INJUNCTION<br><br>NOTE ON MOTION CALENDAR: June 4, 2026 |

Pursuant to Local Civil Rule ("LCR") 5(g), Plaintiff Lummi Nation respectfully moves the Court for leave to file under seal Exhibits 1, 2, 3, 4, 5, 6, 8, 9, and 10 (the "Sensitive Location Data Exhibits") that are attached to Plaintiff's Motion for Preliminary Injunction. Dkt. #12. The Sensitive Location Data Exhibits contain information identifying, or sufficient to enable identification of, the precise locations of sensitive archaeological sites, the public disclosure of which would risk irreparable harm to those sites. Sealing is warranted under Washington state law and the strong public interest in preserving archaeological heritage.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110
Office: 202-567-7594

## CERTIFICATION AND RELEVANT FACTS

Pursuant to LCR 5(g)(3)(A), Plaintiff has met and conferred with counsel for Defendant Whatcom County regarding the filing of Plaintiff's instant Motion. On May 6, 2026, Plaintiff Lummi Nation ("Nation") met via teleconference with aforementioned Defendant's counsel and provided copies of the Sensitive Location Data Exhibits that are subject to this Motion to Seal. Counsel for Whatcom County did not raise any objections to the Motion to Seal the Sensitive Location Data Exhibits.

Plaintiff emailed counsel for Defendant Whidbey Telephone Company d/b/a/ Whidbey Telecom ("Whidbey Telecom") on May 5, 2026, requesting to meet-and-confer regarding this Motion. After receiving no response for more than twenty-four hours, Plaintiff sent a follow-up email to counsel for Whidbey Telcom in the early evening on May 6, 2026, again requesting to meet and confer. Plaintiff did not receive a response until the morning of May, 7, 2026. Counsel for Whidbey Telecom requested a copy of the Motion to Seal and the Sensitive Location Data Exhibits. Counsel for Plaintiff provided the requested materials with a deadline for response by 1:00 p.m. (Pacific Time), providing nearly three hours for Whidbey Telecom's counsel to review the materials. Counsel for Whidbey Telecom responded, stating it was unable to provide a response by that deadline and requesting Plaintiff meet and confer next week.[1] Plaintiff is willing to confer with counsel for Whidbey Telecom, but the meet-and-confer obligations are not intended to allow an opposing party to unreasonably delay a filing, particularly a Motion that accompanies a Preliminary Injunction, which inherently has timing sensitivities. Plaintiff notes

[1] Counsel for Whidbey Telecom specified that if Plaintiff proceeded with its plan to file the Motion for Preliminary Injunction on May 7, 2026, "Whidbey Telecom reserves its rights to oppose the motion and to object to the failure to conduct a meet and confer conference."



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110
Office: 202-567-7594

that the Sensitive Location Data Exhibits should not be new information for Whidbey Telecom, as almost all of the documents originated with them. The purpose of the Motion to Seal is simply to protect the sensitivity of the site locations.

Plaintiff has not yet directed a meet-and-confer request to counsel for Defendants U.S. Department of Agriculture and U.S. Department of Commerce ("Federal Defendants") regarding this Motion. As of the date of this filing, no attorney has entered a notice of appearance on behalf of Federal Defendants in this action. Plaintiff intends to confer with Federal Defendants' counsel regarding this Motion promptly upon their appearance and will file any necessary supplemental statements at that time.

## LEGAL STANDARD

### A. Legitimate Private and Public Interests Warrant Sealing

The Sensitive Location Data Exhibits contain precise locational data for archaeological sites, including a site report, maps, photographs, and construction permit application and construction reports which identify or could be used to identify the sites' whereabouts. The Ninth Circuit has held that the "compelling reasons" standard applies to courts' discretion to seal records whenever a motion is "more than tangentially related to the merits of a case," including motions for preliminary injunction. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). This threshold is met here, as "[c]ompelling reasons sufficient to justify sealing court records exist when court files might become a vehicle for improper purposes." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (stating that courts have inherent authority to control access to their records to protect against improper purposes)). Site depredation and looting fit squarely within this "improper purposes" language.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110
Office: 202-567-7594

Additionally, two provisions of Washington state law reflect a strong and specific legislative judgment that this category of information must be protected from public disclosure. RCW 42.56.300 exempts from public disclosure under the Washington Public Records Act "records, maps or other information identifying the location of archaeological sites in order to avoid the looting or depredation of such sites[.]" The statute additionally exempts site forms, reports, database fields, and GIS spatial layers related to archaeological sites as defined in RCW 27.53.030, obtained or shared by any state agency, local government, or Tribal government. RCW 42.56.300(2). The Washington State Department of Archaeology and Historic Preservation has also stated that site location information "is covered by the Public Records Act (RCW is 42.56) and specific components of the records are exempt from disclosure (RCW 42.56.300) to avoid the looting or depredation of such sites."[2] The Washington Legislature enacted these exemptions precisely because public dissemination of site location information creates a direct and foreseeable risk of looting and destruction of irreplaceable cultural resources. The Sensitive Location Data Exhibits fall squarely within the categories of information this statute is designed to protect.

RCW 27.53.070 reflects the Legislature's express intent that field investigations be conducted in accordance with the protective purposes of Chapter 27.53 and specifically provides that persons with knowledge of the location of archaeological sites or resources are encouraged to communicate that information to the Department of Archaeology and Historic Preservation, and that such information "shall not constitute a public record which requires disclosure pursuant to the exception authorized in chapter 42.56 RCW to avoid site depredation." This provision

[2] *Records Management Program*, WASH. STATE DEP'T OF ARCHAEOLOGY & HISTORIC PRES., https://dahp.wa.gov/node/44/records-management-program (last visited May 6, 2026).



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110
Office: 202-567-7594

reinforces the same legislative judgment underlying RCW 42.56.300: that the location of archaeological sites must be shielded from public disclosure to prevent looting and destruction. The information contained in the Sensitive Location Data Exhibits is precisely the type of information that both statutes are designed to protect from public exposure.

Beyond the statutory framework, the public interest in preserving intact archaeological sites is independently compelling. Archaeological sites, once looted, are permanently and irreversibly damaged. The information that can be recovered by trained archaeologists from an undisturbed site (e.g., stratigraphic context, associated artifacts, organic material suitable for dating) is significantly diminished by unauthorized excavation.

**B. Injury That Will Result If Relief Is Not Granted**

If the Court declines to seal the Sensitive Location Data Exhibits, the location of the archaeological sites at issue will become part of the public court record and accessible to anyone. The injury that would follow is concrete and severe.

Disclosure of precise site location data in a publicly accessible court filing would foreseeably attract artifact hunters and looters. Archaeological looting is not a hypothetical risk. It is a well-documented phenomenon that accelerates dramatically when site locations become publicly known. Unlike most information whose disclosure can be remedied, the destruction of an archaeological site is permanent. Once disturbed, the site cannot be restored to its pre-disturbance condition. The archaeological sites identified in the Sensitive Location Data Exhibits hold deep cultural, spiritual, and historical significance to Lummi Nation. Disclosure of this information could cause dignitary and cultural harm to the Nation.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110
Office: 202-567-7594

Declarants Lena Tso, Lummi Nation Tribal Historic Preservation Officer, and Robert Whitlam, archaeologist for the state of Washington, attest to the nature of the site and the specific risks posed by disclosure. *See* Dkt. #12-2; *See also* Dkt. #12-3.

### C. No Less Restrictive Alternative Is Sufficient

Plaintiff has considered whether any less restrictive alternative, such as redaction, would adequately protect against the harms described above. No such alternative is sufficient here.

The harm to be prevented arises specifically from disclosure of location information. Any filing that permits the public to identify the geographic location of the sites, whether through coordinates, maps, site names, landmark references, photographs, or combinations thereof, would create the same risk of looting that a fully public filing would. Partial redaction cannot adequately protect against this harm where the locational information is woven throughout the Sensitive Location Data Exhibits.

Sealing the Sensitive Location Data Exhibits in their entirety is the minimum necessary to protect against irreparable harm and is narrowly tailored to address only those documents that contain sensitive location data.

## CONCLUSION

For the reasons above, the Court should enter the Proposed Order and allow Plaintiff to seal the Sensitive Location Data Exhibits, which are attached as Exhibits 1, 2, 3, 4, 5, 6, 8, 9, and 10 filed in support of its Motion for Preliminary Injunction.

Respectfully submitted,

Dated: May 7, 2026

/s/ Gabriel David Cantu, Bar No. 52733
OFFICE OF THE RESERVATION ATTORNEY,



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110
Office: 202-567-7594

LUMMI NATION
2665 Kwina Road
Bellingham, WA 98226
Tel: (360) 384-7110
Email: GabrielC@lummi-nsn.gov

/s/ Gregory Alan Werkheiser, Virginia Bar No. 45986
Marion Forsyth Werkheiser, Virginia Bar No. 65454
Katherine Lee Sorrell, Texas Bar No. 24129460
Lydia Dexter, Oregon Bar No. 233151
Jessie Barrington, Virginia Bar No. 100685
CULTURAL HERITAGE PARTNERS, PLLC
1811 East Grace Street, Suite A
Richmond, Virginia 23223
Tel: (202) 567-7594
Emails: greg@culturalheritagepartners.com
marion@culturalheritgepartners.com
katherine@culturalheritagepartners.com
lydia@culturalheritagepartners.com

*Pro Hac Vice*

*Counsel for Plaintiff*

We certify that this Memorandum contains 1,383 words, in compliance with the Local Civil Rules.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on Defendants via CM/ECF electronic notice.

s/ Gabriel David Cantu
Counsel for the Lummi Nation
GabrielC@lummi-nsn.gov

*Counsel for Plaintiff*



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110
Office: 202-567-7594