Kenneth W. Harper
Quinn N. Plant
Menk Jackson Beyer, LLP
807 N. 39th Ave.
Yakima, WA 98902
*Attorneys for Defendant
Whatcom County*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LUMMI NATION, a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>WHIDBEY TELEPHONE COMPANY d/b/a WHIDBEY TELECOM; WHATCOM COUNTY; UNITED STATES DEPARTMENT OF AGRICULTURE; and UNITED STATES DEPARTMENT OF COMMERCE,<br><br>Defendants. | NO. 2:26-cv-01435-KKE<br><br>DEFENDANT WHATCOM COUNTY'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

## I. **INTRODUCTION**

Defendant Whatcom County (the "County") has been named in this lawsuit because it issued encroachment permits to defendant Whidbey Telecom for work in the public right-of-way. Each of these permits informed Whidbey Telecom that work under the permits must cease if archaeological materials were observed. To the extent Whidbey Telecom caused the harm alleged in the complaint, it did so in violation of encroachment permits issued by the County.



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

The Court should deny the plaintiff's motion for a preliminary injunction against the County because the plaintiff cannot establish it is likely to prevail on the merits of any claim alleged against the County. The plaintiff has not alleged a claim against the County under the Indian Graves and Records Act ("IGRA"), Ch. 27.44 RCW, and would be unlikely to prevail on any such claim if pled. The fact that the plaintiff may prevail on its negligence claims asserted against Whidbey Telecom is not grounds for injunctive relief against Whatcom County. The sole claim alleged by the plaintiff against the County, a common law negligence claim, is barred by the public duty doctrine. In addition to failing to demonstrate a likelihood of prevailing on the claim asserted against the County, the plaintiff has failed to argue or demonstrate that the public interest is served by injunctive relief against the County.

The County does not necessarily dispute that a preliminary injunction may be appropriate in this case. However, the County should not be required to bear the costs of installing security measures to ensure the protection of cultural resources that may have been disturbed by Whidbey Telecom. The Court should also be aware that the relief sought by the plaintiff contemplates the installation of fencing and erosion control measures in a public right-of-way. *See* Whatcom County Code ("WCC") 12.16.020. The relief being sought implicates public roadways and potential impacts on travel by residents of Point Roberts.

## II. BACKGROUND

Between 2021 and 2023, the County issued twelve revocable encroachment permits to Whidbey Telecom for work in the public right-of-way. (Declaration of Ranney, Ex. 1). Each of these permits directed Whidbey Telecom to stop work and immediately contact the County's SEPA administrator upon observing archeological materials. (*Id.*).



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

The County is aware of the plaintiff's allegations that Whidbey Telecom failed to comply with the permit conditions, but has not independently investigated or confirmed the plaintiff's allegations regarding the conduct of Whidbey Telecom.

## III. RESPONSE ARGUMENT

The County takes no position on the propriety of a preliminary injunction against Whidbey Telecom. However, the plaintiff is not entitled to a preliminary injunction against Whatcom County. Should the Court decide to issue a preliminary injunction, any order should acknowledge that enjoining the use of the public right-of-way may impact the general public and may require an encroachment permit.

### A. The plaintiff is not entitled to a preliminary injunction against the County.

In order to obtain a preliminary injunction, the plaintiff must demonstrate that it is likely to succeed on the merits of its claims and that a preliminary injunction is in the public interest. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023). The plaintiff is not entitled to a preliminary injunction against the County because the plaintiff cannot demonstrate it is likely to succeed on the merits of its claims against the County or that a preliminary injunction against the County would serve the public interest.

#### 1. The plaintiff is unlikely to succeed on claims against the County.

##### a. The plaintiff cannot prevail against the County on a claim alleged under the IGRA.

The plaintiff argues in support of its motion that it is likely to prevail on claims alleged under the IGRA. (Dkt. #12 at 24-27). However, the plaintiff has not alleged a claim arising under the IGRA against the County. (*See* Dkt. #1). Even if the plaintiff were to do so, the plaintiff could not prevail on such a claim.



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

The IGRA authorizes the plaintiff to "secure an injunction, damages, or other appropriate relief against a person who is alleged to have violated RCW 27.44.040." RCW 27.44.050(1). A violation of RCW 27.44.040 arises when a person "knowingly removes, mutilates, defaces, injures, or destroys" items of archeological significance. The plaintiff has not alleged that the County knowingly removed, damaged, or destroyed any items of archeological significance. (Dkt. #1). The IGRA does not authorize injunctive relief against the County, and the plaintiff cannot demonstrate it is likely to prevail on such a claim.

**b. Claims alleged against Whidbey Telecom do not support a preliminary injunction against the County.**

The plaintiff also argues that a preliminary injunction should issue because it is likely to prevail on a negligence claim alleged against Whidbey Telecom. (Dkt. #12 at 27-28). While this argument may support injunctive relief against Whidbey Telecom, it does not demonstrate that injunctive relief is appropriate against Whatcom County.

**c. The plaintiff is unlikely to prevail on a claim that the County breached a "statutory duty" to consult with plaintiff before issuing permits.**

The only argument advanced by the plaintiff in support of injunctive relief against the County is that the County breached a "statutory duty" to consult with the plaintiff before issuing revocable encroachment permits to Whidbey Telecom. (Dkt. #12 at 28-29). If the plaintiff is referring to a duty arising under the IGRA, then this theory is foreclosed by case law holding that the IGRA does not create a duty on the part of the County to notify the plaintiff nor, as noted above, has the plaintiff alleged such a claim against the County in the complaint. *Swinomish Indian Tribal Cmty. v. Island County*, 87 Wn. App. 552, 560 (1997).



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

To the extent the plaintiff is referring to a common law tort duty founded on a theory of negligent permitting under the WCC , this claim is barred by the public duty doctrine.

**i. The public duty doctrine bars the plaintiff's negligence claim against the County.**

The public duty doctrine acknowledges that governmental entities have responsibilities that are unique to government, to include the adoption and administration of development regulations. *See Taylor v. Stevens Cnty.*, 111 Wn.2d 159, 164-65, 759 P.2d 447 (1988). In order to ensure that these obligations do not subject governmental entities to "unlimited liability," *see Taylor*, 111 Wn.2d at 170, the legislature has provided that governmental entities "shall be liable for damages arising out of their tortious conduct … to the same extent as if they were a private person or corporation." RCW 4.96.010(1).

In order to be held liable in tort, therefore, a governmental agency "must engage in tortious conduct that is analogous, in some degree at least, to the chargeable misconduct and liability of a private person or corporation." *Norg v. City of Seattle*, 200 Wn.2d 749, 756-57, 522 P.3d 580 (2023) (internal quotation marks and citation omitted). To determine whether a governmental entity may be liable in tort in any given case, the public duty doctrine focuses on whether the ordinance or statute at issue reflects general obligations owed to the public or, in contrast, a duty owed to a particular category of individual. *Id.*, at 757. "If the duty that the government allegedly breached was owed to the public at large, the public duty doctrine applies," and a tort claim "must be dismissed unless there is an applicable exception." *Id.*, at 758.

The plaintiff's negligence claim—which focuses entirely on the manner in which the County processed a development permit application—falls within the class of tort claims the



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

public duty doctrine proscribes. The County is required by state law to adopt an ordinance governing the review of project permit applications. Ch. 36.70B RCW. The County is also charged by state law to process project permit applications submitted by developers. *See* RCW 36.70B.050 and .120. These obligations are unique to local government. They are roles that cannot be avoided by local governments. *See* RCW 36.70B.060. They are not duties shared with private persons or corporations. *See* RCW 4.96.101(1). They are instead precisely the type of "general governmental obligation[s] . . . imposed by statute" and for which the public duty doctrine was established. *See Norg*, 200 Wn.2d at 584-85. The County's duty when administering its development regulations, including its review of applications for encroachment permits, was owed to the general public, and not to the plaintiff. *Meaney v. Dodd*, 111 Wn.2d 174, 178, 759 P.2d 455 (1988) ("Traditionally state and municipal laws impose duties owed to the public as a whole and not to particular individuals."); *Mull v. City of Bellevue*, 64 Wn. App. 245, 251, 823 P.2d 1152 (1992) (1992) (tort claims arising from misapplication of local zoning ordinance barred by the public duty doctrine).

**ii. The legislative intent exception to the public duty doctrine does not apply.**

One exception to the public duty doctrine is the legislative intent exception. The exception allows a plaintiff to claim that a governmental entity owes the plaintiff a legal duty where a legislative enactment "evidences a clear legislative intent to identify and protect a particular and circumscribed class of persons." *Honcoop v. State*, 111 Wn.2d 182, 188, 759 P.2d 1888 (1988). Courts typically look to a legislative statement of purpose to discover its intent. *Washburn v. City of Federal Way*, 178 Wn.2d 732, 754-55, 310 P.3d 1275 (2013).



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

"Legislative intent will not be inferred absent express language." *Ravenscroft v. Wash. Water Power Co.*, 87 Wn. App. 402, 414, 942 P.2d 991 (1997), *reversed in part on other grounds*, 136 Wn.2d 911, 929, 969 P.2d 75 (1998).

For example, the plaintiff in *Yonkers v. Dept. of Social and Health Servs.*, 85 Wn. App. 71, 79-80, 930 P.2d 958 (1997), alleged that the state breached a statutory duty arising from RCW 26.44.050, which requires the state to investigate reports of possible child abuse or neglect. To determine whether the legislative intent exception applied, the court looked to the "declaration of purpose" codified at RCW 26.44.010, which described a legislative intent to protect children and adult dependents who may be abused or neglected. *Id.*, at 80. Because the statute identified a particular and circumscribed group of people the statute sought to protect, the public duty doctrine did not shield the state from the plaintiff's tort claim. *Id.*, at 81-82.

The plaintiff in *Perillo v. Island County*, 15 Wn. App. 2d 618, 476 P.3d 606 (2020), alleged that Island County breached a statutory duty arising from RCW 64.44.020 to inspect her residence for potential chemical contamination. The court looked to a "legislative finding" codified at RCW 64.44.005 to determine whether the legislature intended RCW 64.44.020 to protect a particular and circumscribed class of people. The statute expressed a legislative intent to protect members of the public who rented or purchased contaminated properties. *Id.*, at 630-32. As a result, the court ruled that the public duty doctrine did not operate to bar the plaintiff's tort claim. *Id.*

In contrast, the plaintiff in *Ravenscroft* was injured when a speed boat in which he was a passenger hit a submerged tree stump. The plaintiff alleged a statutory duty arising



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

from statutes and ordinances referring to "recreational boaters." *Ravenscraft*, 87 Wn. App. at 415. The appellate court ruled that the legislative intent exception did not apply because "[r]ecreational boaters are not a particular and circumscribed class, but instead are the public." *Id.*

More recently, the plaintiff in *Ehrhart v. King County*, 195 Wn.2d 388, 460 P.3d 612 (2020), alleged that King County breached a statutory duty arising from public health regulations which, she alleged, required the county to issue a public health advisory after learning of a hantavirus case in November 2016. *Id.*, at 394. To determine whether the legislative intent exception applied, the Court looked to the regulation that "explain[ed] the purpose of reporting notifiable conditions, to determine whether [the plaintiff] is within the class of individuals [the regulation] is meant to protect." *Id.*, at 408. The Court ruled that the legislative intent exception did not apply because "[t]he plain language of this section makes clear that the class of persons to be protected by [the regulation] is the public as a whole." *Id.*

Here, the plaintiff alleges that the County breached a statutory duty owed to the plaintiff arising from WCC 20.72.652. (Dkt. #12 at 28-29). The Court's determination of whether this ordinance gives rise to a duty owed to the plaintiff as opposed to the general public begins and ends with the legislative intent as expressed in Ch. 20.72, WCC. *Washburn*, 178 Wn.2d at 754-55 ("Typically, we look to the legislature's statement of purpose to discovery its intent."); *accord Perillo*, 15 Wn. App. 2d at 632 ("We typically look to the legislature's statement of purpose to determine the statute's intent.").



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

Chapter 20.72 WCC establishes the "Point Roberts Special District." The legislative intent behind the ordinance is stated in WCC 20.72.010, Purpose, which codifies the legislature's determination that "Point Roberts is a unique area of Whatcom County because of its relatively small size, its mixed development character, its relative isolation and the constraints on normal growth patters caused by the impact of access only via an international border crossing." WCC 20.72.010. The legislative intent of the Point Roberts Special District is further identified as follows: "This district is designed to protect the rural character of Port Roberts while allowing opportunities for community growth and self-reliance." WCC 20.72.010. This expansive language does not reflect a legislative intent to protect a particular and circumscribed class of individuals distinct from the general public.

The plaintiff nevertheless asserts that WCC 20.72.652 gives rise to a "statutory duty" owed to plaintiff for which the County may be sued in tort. (Dkt. #12 at 28-29). This is erroneous. WCC 20.72.652 governs the manner in which the County processes development permit applications in areas of known archeological significance. It is not a source for determining legislative intent regarding the purpose of Ch. 20.72 WCC, including with respect to WCC 20.72.652. *Washburn*, 178 Wn.2d at 754-55 (legislative intent is determined by "the legislature's statement of purpose"). The plaintiff's theory infers a legislative intent that is not found in the plain language of the purpose statement of Ch. 20.72 WCC, or even in the cited code section itself, and is improper. *Baerlein v. State*, 92 Wn.2d 229, 232, 595 P.2d 930 (1979) (a "clear statement of legislative intent" is required). The plaintiff points to no language in WCC 20.72.652 indicating a legislative intent to protect a particular and circumscribed class of persons distinct from the general public. (*See* Dkt. #12 at 28-29).



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

The absence of a clear statement of legislative intent is dispositive as to the legislative intent exception. *Ravenscroft v. Wash. Water Power Co.*, 136 Wn.2d 911, 929, 969 P.2d 75 (1998) (legislative intent "must be clearly expressed within the provision—it will not be implied.").

It is correct that WCC 20.72.652 requires the County to consult with various stakeholders, including plaintiff, while processing development permits near locations of known archeological significance. These requirements acknowledge that other entities, including but not limited to "the Whatcom Museum, Western Washington University Anthropology Department, the Office of Archeology and Historic Preservation, the Lummi Nation Historic Preservation Office, and Nooksack Tribe," are stakeholders with a shared interest in preserving archeological resources. *See* WCC 20.72.652(c). For reasons argued above, this code section taken in isolation is not a valid source to discern legislative intent. But even if one indulges in the prohibited practice of seeking to infer legislative intent, the purpose of WCC 20.72.652 is to protect *archeological resources* but not a particular and circumscribed class of stakeholders.

For this reason, the County owed no statutory duty to the plaintiff, and the plaintiff is unlikely to prevail on its negligence claim against the County.

**2. A preliminary injunction against the County would not serve the public interest.**

The plaintiff argues that a preliminary injunction serves the public interest mainly by emphasizing the importance of protecting the Lummi Nation's cultural heritage. The County shares this concern, as evidenced by language in the encroachment permits directing permittees to immediately cease work upon observing archeological materials. The plaintiff does not address or explain in its briefing, however, how or why the public interest is served



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

by including the County as an enjoined party. The County did not undertake, supervise, or endorse the work by Whidbey Telecom that is alleged to have caused the harm described in the complaint. While the public interest may support injunctive relief against Whidbey Telecom, the plaintiff has failed to demonstrate that the public is served by injunctive relief against Whatcom County.

**B. The relief sought by the plaintiff requires further consideration.**

The plaintiff requests an order directing Whidbey Telecom and Whatcom County to install fencing and erosion control measures on "all exposed areas in 45WH560 and 45WH525 containing or likely to contain ancestral human remains or associated cultural materials[.]" (Dkt. #12 at 27). Putting aside for the moment ambiguity and conflict that may arise over what areas are "likely to" contain cultural materials, the relief sought by the plaintiff implicates local land use regulations.

Some or all of the work at issue was performed by Whidbey Telecom within the public right-of-way, *i.e.*, along County streets and roads. The installation of fencing and erosion control measures within the public right-of-way will require that additional encroachment permits be applied for, reviewed, and issued. *See* WCC 12.16.020 ("Any person or persons, corporation, district, municipality, city, town, or utility who shall desire to work within or temporarily use the county right-of-way, easement or county-owned land shall first procure from the department of public works a revocable encroachment permit."). Among other things, permit review will be necessary to evaluate and potentially mitigate the impact of fencing and erosion control measures on public travel within Point Roberts. These issues are not addressed in the plaintiff's memorandum, but require careful consideration.



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

## IV. CONCLUSION

The County does not take a position regarding whether the Court should issue a preliminary injunction against Whidbey Telecom. However, the Court should deny the plaintiff's motion for a preliminary injunction against Whatcom County. Should the Court issue a preliminary injunction that requires the installation of fencing and erosion control measures within the public right-of-way, the Court's order should condition compliance of same with local permitting requirements.

DATED this 28th day of May, 2026.

MENKE JACKSON BEYER, LLP

*s/Kenneth W. Harper*
Kenneth W. Harper, WSBA #25578

*s/Quinn N. Plant*
Quinn N. Plant, WSBA #31339

807 North 39th Avenue
Yakima, WA 98902
(509) 575-0313
kharper@mjbe.com
qplant@mjbe.com
*Attorneys for Defendant*
*Whatcom County*

CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2026, I filed the foregoing *Defendant Whatcom County's Response to Plaintiff's Motion for Preliminary Injunction* with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

| | |
|---|---|
| ***Attorneys for Plaintiffs:***<br>Gregory A. Werkheiser<br>Marion Forsyth Werkeiser<br>Lydia Dexter<br>Katherine Sorrell<br>Jessie Barrington<br>Cultural Heritage Partners, PLLC<br>1811 E. Grace St., Suite A<br>Richmond, VA 23223 | greg@culturalheritagepartners.com<br>marion@culturalheritagepartners.com<br>lydia@culturalheritagepartners.com<br>katherine@culturalheritagepartners.com<br>jessie@culturalheritagepartners.com |
| ***Co-Counsel Attorneys for Plaintiff:***<br>Gabriel David Cantu<br>Lummi Indian Nation<br>2665 Kwina Road, Suite 2600<br>Bellingham, WA 98226 | gabrielc@lummi-nsn.gov |
| ***Counsel for Defendant Whidbey Telecom:***<br>Rory W. Leid, III<br>Kimberly Larsen Rider<br>Ashley J. Stephens<br>Wathen Leid Hall Rider, P.C.<br>222 Etruria Street<br>Seattle, WA 98109-1959 | rleid@wlhr.legal<br>krider@wlhr.legal<br>astephens@wlhr.legal |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

s/KENNETH W. HARPER
WSBA #25578
Menke Jackson Beyer, LLP
807 North 39th Avenue
Yakima, Washington 98902
Telephone: (509) 575-0313
Fax: (509) 575-0351
Email: kharper@mjbe.com
*Attorneys for Defendant Whatcom County*