ADAM R.F. GUSTAFON
Principal Deputy Assistant Attorney General
Kyle Lyons-Burke (D.C. Bar # 1655452)
Senior Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 598-3377
Fax: (202) 305-0275
kyle.lyons-burke@usdoj.gov
*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUMMI NATION,<br><br>Plaintiff,<br><br>v.<br><br>WHIDBEY TELEPHONE COMPANY, et al.,<br><br>Defendants. | No. 2:26-cv-01435-KKE<br><br>**FEDERAL DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST DEPARTMENT OF COMMERCE**<br><br>**NOTE ON MOTION CALENDAR: August 3, 2026** |

## TABLE OF CONTENTS

INTRODUCTION ........................................ 1

STATEMENT OF FACTS ........................................ 1

STANDARD OF REVIEW ........................................ 4

ARGUMENT ........................................ 5

I. There is No Final Agency Action Because NTIA Has Not Released Any Funds and the Middle Mile Project Is Currently Under Environmental Review ........................................ 5

CONCLUSION ........................................ 7



United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-3377

# TABLE OF AUTHORITIES

**Cases**

*Env't Def. Ctr. v. Bureau of Ocean Energy Mgmt.*, 36 F.4th 850 (9th Cir. 2022) .................... 5, 7

*Havasupai Tribe v. Provencio*, 906 F.3d 1155 (9th Cir. 2018) .................... 4

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) .................... 4

*McCarthy v. United States*, 850 F.2d 558 (9th Cir. 1988) .................... 4

*Rattlesnake Coal. v. EPA*, 509 F.3d 1095 (9th Cir. 2007) .................... 7

*S.F. Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564 (9th Cir. 2019) .................... 4

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) .................... 5

*San Luis Food Producers v. United States*, 709 F.3d 798 (9th Cir. 2013) .................... 4

*Savage v. Glendale Union High Sch.*, 343 F.3d 1036 (9th Cir. 2003) .................... 5

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) .................... 4

*Tohono O'odham Nation v. U.S. Dep't of the Interior*, 138 F.4th 1189 (9th Cir. 2025) .................... 5

*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) .................... 5

**Statutes**

5 U.S.C. § 704 .................... 1

## INTRODUCTION

The Court lacks jurisdiction over Plaintiff's claims against the Department of Commerce because Commerce has not approved any construction activities or released funds for construction activities on Point Roberts for the Middle Mile Project. To bring a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 704, there must be a final agency action. Here, Commerce has not taken any final agency action with respect to construction activities on Point Roberts. Although Commerce awarded the Middle Mile project to Whidbey Telephone Company ("Whidbey Telecom") in June 2023, that award explicitly withheld federal funding until both an National Environmental Policy Act ("NEPA") and National Historic Preservation Act ("NHPA") review were completed. Those reviews are ongoing and no funds have been released for construction on Point Roberts; therefore, there is no final agency action. Until those reviews are completed and Commerce releases the withheld funds to Whidbey Telecom, there is no final agency action and this Court lacks jurisdiction over Plaintiff's claims against Commerce.

## STATEMENT OF FACTS

In May of 2022, the National Telecommunications and Information Administration ("NTIA"), within Commerce, released a Notice of Funding Opportunity inviting companies to apply for grants under the Middle Mile Infrastructure Program. *See* Exhibit 1, Decl. Jordan Weinstock (Weinstock Decl.) ¶ 6. On June 15, 2023, NTIA awarded a Middle Mile grant to Whidbey Telecom for its project in Whatcom, San Juan, and Island Counties, Washington. Weinstock Decl. ¶ 7; Exhibit 2, Award Document to Whidbey Telecom.[1] The overall project includes 47.6 miles of terrestrial underground fiber cable and 63.1 miles of undersea fiber optic cable. Weinstock Decl. ¶ 7. The project will provide high speed internet to the

[1] For Exhibit 2, all page citations reference to the PDF page number, not the page number physically stamped on the documents.


United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-3377

communities of Point Roberts, members of the Lummi Nation, and the Naval Air Station located on Whidbey Island. *Id.*

NTIA's award conditioned funding, except for funds necessary to complete the required reviews, on the completion of NEPA review and compliance with the National Historic Preservation Act. Ex. 2 at 4. Specifically, Section 11 of the General Terms and Conditions for the NTIA Middle Mile Grant Program limits the expenditure of federal funds to "engineering, design, permitting and work related to environmental, historical and cultural reviews, and limited, preliminary procurement funds" until the NEPA review is completed. Weinstock Decl. ¶ 8; Ex. 2 at 16–19. Federal funds will only be released following "the completion of an environmental review and issuance of a Decision Memo or other document that meets the requirements of the National Environmental Policy Act [("NEPA")]." Weinstock Decl. ¶ 9. Further, Section 11 explicitly provides that:

> For all ground disturbing activities that occur during project implementation in the vicinity of known archaeological sites or suspected or known burials, the Recipient must ensure that an archeologist who meets the Secretary of the Interior's Professional Qualification Standards monitors ground disturbance, and if any potential archeological resources or buried human remains are discovered, then the Recipient must immediately cease construction in that area and notify NTIA and the interested [State Historic Preservation Officers (SHPO(s))], [Tribal Historic Preservation Officers (THPO(s))], and tribes. Such construction activities may then only continue with the written approval of NTIA.

Ex. 2 at 19. Similarly, Section 12 of the General Terms and Conditions withholds federal funds "until the completion of required consultations with the SHPO, and the appropriate Native American Tribes, under Section 106 of NHPA." Weinstock Decl. ¶ 12; Ex. 2 at 19–21.

On May 16, 2024, Whidbey Telecom proposed separating the project into two phases. Weinstock Decl. ¶ 15; Exhibit 3, Letter from Whidbey Telecom. On May 23,

NTIA approved the proposed separation. Weinstock Decl. ¶ 16. Under Whidbey Telecom's proposal, Phase 1 of the project includes "terrestrial only construction on Whidbey Island," including approximately 25 miles of underground fiber optic cable. Ex. 3 at 2. Phase 1 does not involve any construction on Point Roberts. Phase 2 of the project includes the installation of a submarine fiber optic cable with landing stations on both Point Roberts and Decatur Island. Weinstock Decl. ¶ 18; Ex. 3 at 3. On Point Roberts, Phase 2 involves a beach manhole and 110-meter terrestrial fiber line which will be connected to existing Whidbey Telecom-owned broadband infrastructure. Weinstock Decl. ¶ 18.

On February 18, 2025, NTIA issued a categorical exclusion decision memo for Phase I of the Point Roberts Middle Mile Infrastructure Project. Exhibit 4, NTIA Decision Memo. Specifically, this categorical exclusion decision memo covered construction of a terrestrial cable system on Whidbey Island. Ex. 4 at 1. As part of the approval, NTIA applied "special conditions" to minimize impacts to the environment and culturally significant areas. Ex. 4 at 2. For example, "[t]o avoid any potential impacts to the shell midden site-45IS97," Whidbey Telecom would "install this fiber line segment via horizontal directional drilling." *Id.* Further, Whidbey Telecom was required to "work with the Swinomish [THPO] to ensure a Tribal cultural resources monitor will be present during construction." *Id.* Construction on Phase I of the project is ongoing. Weinstock Decl. ¶ 23. NTIA's categorical exclusion memo did not apply to any portion of the Point Roberts Middle Mile Infrastructure Project involving construction on Point Roberts itself.

With respect to Phase II, NTIA is currently preparing a draft environmental assessment. *Id.* ¶ 25. When that draft is complete, NTIA will publish it for a public comment period lasting thirty days. *Id.* To date, no funds relating to construction on Point Roberts have been released. *Id.* ¶ 26.

Plaintiff Lummi Nation filed its Complaint on April 27, 2026. Plaintiff's Complaint alleged that actions by Whidbey Telecom, funded by the United States Department of Agriculture and Commerce, caused damage to Lummi Nation "ancestral human remains and associated cultural materials at Point Roberts, Washington." Compl. ¶ 1, Dkt. No. 1. With respect to Commerce, Plaintiff alleged that "NTIA funded Middle Mile constructed by Whidbey Telecom at Point Roberts," Compl. ¶ 10, and "provided the project with NEPA approval on February 18, 2025," Compl. ¶ 40. Plaintiff's Complaint solely alleges conduct related to construction at Point Roberts. *See e.g.,* Compl. ¶ 226 ("[Federal] Defendants knew or should have known that Point Roberts and 45WH560 and 45WH525 specifically are highly sensitive cultural landscapes with a high likelihood of containing Lummi burial sites.").

## STANDARD OF REVIEW

Jurisdiction must be established as a threshold matter by the party asserting it, and a case may not proceed until the court has determined that it possesses jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) authorizes federal courts to dismiss claims over which they lack subject matter jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). For suits under the APA, final agency action is a jurisdictional requirement appropriately analyzed under Rule 12(b)(1) when challenged in a motion to dismiss. *S.F. Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 571 (9th Cir. 2019) ("In this circuit, the final agency action requirement has been treated as jurisdictional."); *see also Havasupai Tribe v. Provencio*, 906 F.3d 1155, 1161 (9th Cir. 2018); *San Luis Food Producers v. United States*, 709 F.3d 798, 801 (9th Cir. 2013).


United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-3377

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *White*, 227 F.3d at 1242). The court need not presume the truthfulness of the plaintiff's allegations. *White*, 227 F.3d at 1242. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2 (citation omitted).

## ARGUMENT

### I. There is No Final Agency Action Because NTIA Has Not Released Any Funds for Project Construction and the Middle Mile Project Is Currently Under Environmental Review

This Court lacks jurisdiction over Plaintiff's claims against Commerce because Plaintiff is not challenging any final agency action by Commerce. Under the APA, Plaintiff may only challenge "final agency action." *Env't Def. Ctr. v. Bureau of Ocean Energy Mgmt.*, 36 F.4th 850, 867 (9th Cir. 2022). "For an agency action to be final, the action must (1) mark the consummation of the agency's decisionmaking process and (2) be one by which rights or obligations have been determined, or from which legal consequences will flow." *Tohono O'odham Nation v. U.S. Dep't of the Interior*,

138 F.4th 1189, 1200 (9th Cir. 2025) (citation modified). Neither of those prongs is satisfied here.

To begin, Plaintiff's Complaint alleges two agency actions by Commerce through NTIA: 1) "NTIA funded Middle Mile in 2023," Compl. ¶ 33; *see also* ¶ 48 ("Whidbey Telecom initiated Middle Mile, a third major broadband project within or near the boundaries of 45WH525, funded and permitted by NTIA."); and 2) NTIA "provided the project with NEPA approval on February 18, 2025, and construction of terrestrial portions of the project have begun." Compl. ¶ 40. However, Plaintiff misunderstands both how the Middle Mile project was funded and the current status of the project.

*First*, although NTIA awarded a contract to Whidbey Telecom for the Middle Mile project in June of 2023, that award was explicitly conditioned on the completion of both NEPA and NHPA review. Weinstock Decl. ¶¶ 8, 12; Ex. 2 at 4. With respect to the portion of the project concerning Point Roberts, that review is ongoing. Weinstock Decl. ¶ 24. No funds for construction on Point Roberts have been released. *Id.* ¶ 26. Therefore, NTIA has not funded the Middle Mile project on Point Roberts and has not authorized any construction on Point Roberts.

*Second*, the February 2025 decision memo cited by Plaintiff involved Phase I of the Middle Mile project, which covered construction on Whidbey Island, not on Point Roberts. Weinstock Decl. ¶ 19; Ex. 4. There is no decision memo with respect to Phase II of the Middle Mile project—covering construction on Point Roberts—because both NEPA and NHPA review of Phase II is ongoing. Weinstock Decl. ¶ 24.

The current status of Phase II of the Middle Mile project confirms that there is no final agency action. To wit, the Point Roberts construction portion of the grant is currently undergoing NEPA and NHPA review. Although Federal Defendants acknowledge that "*final* NEPA documents are final agency actions," here Commerce


United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-3377

has not even issued *draft* NEPA documents. *Env't Def. Ctr.*, 36 F.4th at 868 (emphasis added). When NTIA completes the draft environmental assessment, it will be available for public comment for thirty days. Weinstock Decl. ¶ 25.

Further, no funds have been disbursed to Whidbey Telecom for construction work in Point Roberts. Under the APA, "the [government] does not take a final agency action until it completes its review of the grant application and decides to disburse the appropriated funds." *Rattlesnake Coal. v. EPA*, 509 F.3d 1095, 1104 (9th Cir. 2007). This is because "[b]efore disbursal of the funds, the [agency] could decide to issue an EA and a FONSI or an EIS." *Id.* Here, no funds related to construction in Point Roberts have been disbursed. Weinstock Decl. ¶ 26. To the contrary, that funding has been—and will be—withheld until the completion of both an NEPA and NHPA review, which are ongoing. *See* Ex. 2 at 4. Because those processes are not complete, NTIA has not consummated its decision-making and there is no final agency action. Therefore, this court lacks subject matter jurisdiction over Plaintiff's claims against Commerce.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's claims against the Department of Commerce for lack of subject matter jurisdiction.

Respectfully submitted this 6th day of July, 2026.

ADAM R.F. GUSTAFON
Principal Deputy Assistant Attorney
General

/s/ DRAFT
KYLE LYONS-BURKE
Senior Trial Attorney
Natural Resources Section
Environment and Natural Resources

Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 598-3377
kyle.lyons-burke@usdoj.gov