UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LUMMI NATION, a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>WHIDBEY TELEPHONE COMPANY d/b/a WHIDBEY TELECOM; WHATCOM COUNTY; UNITED STATES DEPARTMENT OF AGRICULTURE; and UNITED STATES DEPARTMENT OF COMMERCE,<br><br>Defendants. | No. 2:26-cv-01435-KKE<br><br>**DEFENDANT WHIDBEY TELECOM'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNT VI (RCW 27.44) AS TIME-BARRED UNDER 12b(6)** |

## I. INTRODUCTION

This motion presents a straightforward question of statutory interpretation. RCW 27.44.050 provides that a civil action for an alleged violation of RCW 27.44.040 "must be brought within two years of the discovery of the violation by the plaintiff." The Complaint affirmatively alleges that Lummi Nation discovered the alleged Community Connect and ReConnect disturbances by no later than July 2023, yet this action was not commenced until April 27, 2026. Under the statute's plain language, those theories are untimely unless Plaintiff can identify a legally recognized basis for avoiding the Legislature's express two-year-from-



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

discovery limitations period. Washington law recognizes none on the facts alleged here. The statutory text, Washington's discovery-rule jurisprudence, the limited scope of the continuing-tort and continuing-violation doctrines, and the narrow availability of equitable tolling all point to the same conclusion: Plaintiff's Community Connect and ReConnect theories are barred as a matter of law and should be dismissed under Rule 12(b)(6).

Plaintiff asks the Court to adopt a series of exceptions, recasting alleged failure to reinter as exempt from the statute's limitations period, conflating the continuing tort and continuing violation doctrines, and invoking equitable tolling despite pleading discovery years before the suit was filed. None of those arguments can be reconciled with the text of RCW 27.44.050 or with settled Washington law. Because the untimeliness of Plaintiff's Community Connect and ReConnect theories appear on the face of the Complaint, the Court should dismiss those claims under Rule 12(b)(6).

### A. RCW 27.44.050 Expressly Subjects Every Civil Action for a Violation of RCW 27.44.040 to a Two-Year Discovery-Based Limitations Period

RCW 27.44.050 does two things in the same subsection: it creates the civil cause of action and prescribes the limitations period governing that cause of action. The statute authorizes suit against any person "alleged to have violated RCW 27.44.040" and immediately provides that "[t]he action must be brought within two years of the discovery of the violation by the plaintiff." RCW 27.44.050(1). The Legislature therefore created a single cause of action for violations of RCW 27.44.040 and a single discovery-based statute of limitations governing every such action. Nothing in the text distinguishes one alleged violation of RCW 27.44.040 from another or prescribes different accrual rules depending upon which subsection of RCW 27.44.040 is invoked. That statutory structure is dispositive here.



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

Plaintiff's argument overlooks the structure of the statute. Plaintiff argues that Whidbey's alleged failure to reinter remains constitutes an ongoing violation of RCW 27.44.040(1). It therefore falls squarely within RCW 27.44.050 and the requirement to bring an action within two years of discovery of an alleged violation. The statute contains no exception for alleged failures to reinter, no language creating a separate limitations period for continuing statutory duties, and no indication that different subsections of RCW 27.44.040 are governed by different accrual rules. Had the Legislature intended such a distinction, it could have said so. It did not.

Plaintiff's interpretation would also substantially undermine the limitations period the Legislature enacted. Under Plaintiff's reading, any alleged violation of RCW 27.44.040 involving an unperformed statutory obligation could remain actionable indefinitely simply because the obligation had not yet been satisfied. A plaintiff who admittedly discovered an alleged violation years, or even decades, earlier could avoid RCW 27.44.050's two-year limitations period merely by alleging that the defendant had never fully complied with a continuing statutory duty. Nothing in the statutory text suggests the Legislature intended such an open-ended limitations period, and courts should avoid interpretations that render statutory language superfluous or without practical effect. *Davis v. Dep't of Licensing,* 137 Wn.2d 957, 963, 977 P.2d 554 (1999).

RCW 27.44.90 directs that IGRA be liberally construed. Whidbey does not dispute that remedial statutes should be construed to effectuate legislative intent. But liberal construction is not a license to disregard the Legislature's chosen language. Washington courts begin with the statutory text, and where that text is plain, courts "must derive the legislature's intent from the plain language of the statute itself." *Id.* Nor may a court add language the Legislature omitted. *Id*. Plaintiff's interpretation would do precisely that by replacing the Legislature's express discovery-based limitations period with an implied rule that the limitations period does not begin



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

until every statutory obligation has been satisfied. Nothing in RCW 27.44.050 supports that reading.

Washington's discovery-rule jurisprudence reinforces the statute's plain language. Under Washington law, discovery occurs when the plaintiff discovers, or in the exercise of due diligence should discover, the salient facts underlying the claim, not when the plaintiff uncovers every piece of supporting evidence or fully appreciates every consequence of the alleged wrong. *Green v. A.P.C.*, 136 Wn.2d 87, 95–96, 960 P.2d 912 (1998); *1000 Va. Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 575, 146 P.3d 423 (2006). Once a plaintiff is on notice of appreciable harm allegedly caused by another's conduct, the limitations period begins to run, even if additional information remains to be discovered. *Green*, 136 Wn.2d at 95–96.

The Complaint affirmatively pleads that event here. Plaintiff alleges that "[b]etween April and July of 2023, Lummi Nation discovered the basic information related to this destruction and began repeatedly warning Whidbey Telecom that its projects were damaging Lummi burial grounds." *Compl*. ¶ 39. Those allegations establish, on the face of the Complaint, discovery of the alleged Community Connect and ReConnect violations no later than July 2023.

RCW 27.44.050 expressly provides that the resulting civil action "must be brought within two years of the discovery of the violation." Plaintiff did not commence this action until April 27, 2026. Because the Complaint itself pleads discovery more than two years before suit was filed, Plaintiff's Community Connect and ReConnect theories are untimely under the plain language of RCW 27.44.050.

**B. Plaintiff's "Ongoing Violation" Theory Conflates Two Distinct Doctrines, Neither of Which Applies Here**

The continuing-tort doctrine and the continuing-violation doctrine developed in different contexts, serve different purposes, and apply to different types of claims. Plaintiff's response



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

repeatedly invokes an "ongoing violation" without identifying an applicable legal doctrine on which it relies. Plaintiff instead conflates the two distinct doctrines, but neither doctrine supports Plaintiff's effort to avoid RCW 27.44.050's express discovery-based statute of limitations.

The continuing-tort doctrine developed in the common law of nuisance and trespass. It applies where the defendant maintains an ongoing, abatable invasion of another's property that constitutes a continuing tort. In those circumstances, each day the intrusion continues gives rise to a new injury, permitting recovery for damages incurred within the applicable limitations period even though the condition first arose earlier. See *Woldson v. Woodhead*, 159 Wn.2d 215, 219, 149 P.3d 361 (2006); *Fradkin v. Northshore Util. Dist.*, 96 Wn. App. 118, 124–26, 977 P.2d 1265 (1999); see also *Doran v. City of Seattle*, 24 Wash. 182, 188–89, 64 P. 230 (1901). Those cases do not announce a generally applicable statute-of-limitations rule. Rather, they address a narrow category of common-law property torts in which the tortious invasion itself continues over time.

Plaintiff's reliance on *M.R.* does not actually help its position. Rather than adopting a broad rule that any unremedied statutory obligation constitutes a continuing tort, the Washington Supreme Court emphasized that the doctrine applies only in limited circumstances where "no single incident in a chain of tortious activity can fairly or realistically be identified as the cause of significant harm." *M.R. v. State*, 4 Wn.3d 702, 721, 561 P.3d 307 (2025). The Court identified classic examples including continuous medical treatment, *Samuelson v. Freeman*, 75 Wn.2d 894, 900, 454 P.2d 406 (1969), and then held that repeated childhood sexual abuse by the same perpetrator likewise constituted a continuous course of tortious conduct because the abuse was continuous, closely related, and arose from an ongoing relationship of trust and power. *M.R.*, 4 Wn.3d at 721–22.

Those circumstances bear no resemblance to the allegations here. The Complaint alleges discrete construction projects performed during identifiable time periods, after which Plaintiff



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

admittedly discovered the alleged disturbances by April through July 2023. *Compl.* ¶ 39. The subsequent allegations concern Plaintiff's requests for information, reinterment, and remediation, not additional Community Connect or ReConnect disturbances occurring after discovery. Unlike *M.R.,* this case does not present a chain of tortious acts for which "no single incident … can fairly or realistically be identified as the cause of significant harm." *M.R.*, 4 Wn.3d at 721. Plaintiff's own Complaint identifies precisely when the alleged harm was discovered and attributed to Whidbey's projects.

More importantly, *M.R.* reinforces that the continuing-tort doctrine depends on the governing statute. The Supreme Court did not apply the doctrine as a matter of general equity. Instead, it repeatedly relied on the language of RCW 4.16.340, explaining that subsection (2) "accounts for claims of sexual abuse that are of a continuous nature" and therefore "suggest[s] the legislature intended to account for the continuing tort doctrine in the statute's application." *Id*. at 722. That reasoning undermines Plaintiff's position here. Unlike RCW 4.16.340, RCW 27.44.050 contains no language accounting for continuing torts. To the contrary, it expressly provides that an action "must be brought within two years of the discovery of the violation by the plaintiff." RCW 27.44.050(1). Where the Legislature expressly selected discovery of the violation as the triggering event, courts are not free to replace that textual command with a continuing-tort accrual rule the Legislature did not include.

The continuing-violation doctrine is different. It addresses claims that are cumulative by their nature. In *Antonius*, the Washington Supreme Court adopted the distinction recognized in *National Railroad Passenger Corp. v. Morgan*, holding that discrete acts accrue when they occur, while hostile-work-environment claims may encompass related conduct outside the limitations period because the unlawful practice is inherently cumulative. *Antonius v. King County*, 153 Wn.2d 256, 264–69, 103 P.3d 729 (2004). The Washington Court of Appeals subsequently



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

refused to extend that doctrine beyond its recognized context, explaining that Washington courts had not adopted the continuing-violation doctrine for ordinary negligence claims. *Cox v. Oasis Physical Therapy, PLLC*, 153 Wn. App. 176, 192, 222 P.3d 119 (2009). Thus, Washington law treats the continuing-violation doctrine as a narrow exception rather than a generally applicable accrual principle.

The Ninth Circuit has likewise emphasized the doctrine's limited reach. In *Bird v. Department of Human Services*, the court explained that, after *Morgan*, "little remains" of the continuing-violation doctrine outside the hostile-work-environment context and reaffirmed that a "continuing effect is insufficient to constitute a continuing violation." 935 F.3d 738, 746–48 (9th Cir. 2019). Similarly, *Knox v. Davis* held that later decisions implementing an earlier action did not restart the statute of limitations because they were merely "the continuing effect of the original suspension." 260 F.3d 1009, 1013 (9th Cir. 2001). Conversely, where later conduct constitutes new, independently actionable wrongdoing, the Ninth Circuit has treated those acts as separate violations with their own accrual dates, not as one perpetual violation. *Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 24 F.4th 1262, 1276–78 (9th Cir. 2022).

Plaintiff does not allege the type of continuous course of tortious conduct Washington courts have recognized as constituting a continuing tort. Unlike the uninterrupted medical treatment in *Samuelson*, the repeated childhood sexual abuse by the same perpetrator in *M.R.*, or the continuing invasions of property in *Woldson* and *Fradkin*, the Complaint alleges discrete construction projects occurring during identifiable periods of time. Plaintiff further alleges that it discovered the alleged disturbances no later than July 2023 and immediately began warning Whidbey that its projects were damaging burial grounds. Compl. ¶ 39. The subsequent allegations concern requests for reinterment, project information, damage assessments, and remediation, not additional Community Connect or ReConnect disturbances. Thus, unlike the



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

authorities on which Plaintiff relies, the Complaint identifies both the allegedly tortious conduct and the point at which Plaintiff discovered it.

Nor does Plaintiff state a coherent continuing-violation claim. The continuing-violation doctrine has been applied only in narrow circumstances where the unlawful practice is inherently cumulative, such as a hostile work environment, or where later acts are themselves independently actionable. *Antonius*, 153 Wn.2d at 264-69; *Bird*, 935 F.3d at 746-48; *Ellis*, 24 F.4th at 1276-78. The Complaint alleges neither. It does not plead a cumulative statutory violation requiring repeated acts before liability arises, nor does it allege new Community Connect or ReConnect violations occurring within the limitations period. Instead, Plaintiff attempts to transform the alleged consequences of conduct admittedly discovered in 2023 into an "ongoing violation." But as the Ninth Circuit has repeatedly explained, "continuing effect is insufficient to constitute a continuing violation." *Bird*, 935 F.3d at 748; see also *Knox*, 260 F.3d at 1013.

Neither doctrine authorizes a court to disregard an express statutory command that a civil action "must be brought within two years of the discovery of the violation by the plaintiff." RCW 27.44.050(1). Plaintiff's attempt to merge these distinct doctrines into a general rule that any unremedied statutory obligation remains perpetually actionable finds no support in Washington law or Ninth Circuit precedent.

**C. Plaintiff Has Not Pleaded Facts Supporting Equitable Tolling**

Plaintiff alternatively invokes equitable tolling, but the doctrine cannot save its untimely Community Connect and ReConnect claims. RCW 27.44.050 contains the Legislature's chosen accrual rule. Unlike statutes that begin running at the time of the defendant's conduct, RCW 27.44.050 already affords plaintiffs the benefit of a discovery rule. Plaintiff therefore does not seek tolling to avoid an unjust result before discovery occurred; instead, it seeks a judicial



WATHEN | LEID | HALL | RIDER, P.C.
222 Etruria Street
Seattle, Washington 98109
(206) 622-0494/Fax (206) 587-2476

extension after the very discovery event the Legislature selected to commence the limitations period. Washington permits such relief only in extraordinary circumstances.

The Washington Supreme Court has consistently held that equitable tolling is to be applied sparingly. *Fowler v. Guerin*, 200 Wn.2d 110, 119. In *Fowler,* the Court reaffirmed that a plaintiff seeking equitable tolling must establish diligence, bad faith, false assurances, or deception by the defendant that interfered with timely filing, consistency with the purposes of both the substantive statutes and the statute of limitations, and that justice requires tolling. *Id.*

Those requirements preserve the Legislature's chosen limitations period. Equitable tolling does not authorize courts to extend statutory deadlines merely because Plaintiffs delayed filing when they also affirmatively state that the "basic information related to this destruction" became known to them. *Compl.* 39. Those allegations foreclose any contention that Plaintiff remained unaware of the alleged violations or was prevented from discovering them. Washington law distinguishes between discovery of a claim and acquisition of additional evidence supporting that claim. Once a plaintiff knows the salient facts giving rise to the cause of action, the statute begins to run. *Green v. A.P.C.*, 136 Wn.2d 87, 95-96, 960 P.2d 912 (1998); *1000 Va. Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 575, 146 P.3d 423 (2006).

The complaint alleges ongoing communications, meetings with government agencies, and efforts to obtain voluntary remediation. Those allegations demonstrate continued investigation and attemps to resolve the dispute outside of litigation. Absent allegations of bad faith, deception, or false assurances that actually interfered with Plaintiff's ability to file suit, equitable tolling is unavailable. *Fowler v. Guerin,* 200 Wn.2d 110, 122 *(*citing *Douchette,* 117 Wn.2d at 812).

Plaintiff's theory would substantially expand equitable tolling beyond anything recognized in Washington law. Under Plaintiff's approach, any plaintiff who elects to pursue



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

discussions with a defendant, seeks additional information, or hopes for voluntary compliance could postpone an express statutory deadline indefinitely if negotiations ultimately proved unsuccessful. Washington encourages parties to resolve disputes without litigation, but absent the narrow circumstances recognized in Washington law, voluntary negotiations do not suspend a statute of limitations.

## II. CONCLUSION

With RCW 27.44.050, the Legislature created a civil action for alleged violations of RCW 27.44.040 requiring actions to be brought within two years. Plaintiff's Complaint affirmatively alleges discovery of incidents relating to Community Connect and ReConnect by July 2023 but did not commence this action until April 27, 2026. Neither Plaintiff's reinterment theory, its conflation of continuing-tort and continuing-violation doctrines, nor its request for equitable tolling alters that result. The Court should therefore grant Whidbey's Motion to Dismiss and dismiss with prejudice all RCW 27.44 theories predicated on the Community Connect and ReConnect projects, reject Plaintiff's ongoing-violation theory as a matter of law, and award such further relief as the Court deems just and proper.

DATED this 9th day of July 2026.

**WATHEN | LEID | HALL | RIDER, P.C.**

*s/ Alexander M. Walton*
Rory W. Leid, III, WSBA #25075
Kimberly Larsen Rider, WSBA #42736
Ashley J. Stephens, WSBA #62939
Alexander M. Walton, WSBA #63150
*Attorneys for Defendant Whidbey Telecom*
222 Etruria Street
Seattle, WA 98109
Tel: (206) 622-0494 | Fax: (206) 587-2476
rleid@wlhr.legal | krider@wlhr.legal
astephens@wlhr.legal | awalton@wlhr.legal

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: s/ *Steven G. Wraith*
Steven G. Wraith, WSBA #17364
Corinna P. Pilat, WSBA #54431
520 Pike Street, Suite 2350
Seattle, WA 98101
(206) 709-5909 (Steve direct)
(206) 709-5900 (main)
(206) 709-5901 (fax)
Steven.wraith@wilsonelser.com
Corinna.pilat@wilsonelser.com

*Attorneys for Defendant Whidbey Telephone Company d/b/a Whidbey Telecom*

**CERTIFICATE OF SERVICE**

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I hereby certify that I caused a true and correct copy of the foregoing to be filed and served on the attorneys of record listed below using the United States District Court for Western District of Washington – Document Filing System (CM/ECF). The same was also sent via e-mail to the listed parties below.

| | |
|---|---|
| **Counsel for Plaintiff:**<br>Gregory Alan Werkheiser, Virginia Bar No. 45986<br>Marion Forsyth Werkheiser, Virginia Bar No. 65454<br>Katherine Lee Sorrell, Texas Bar No. 24129460<br>Lydia Dexter, Oregon Bar No. 233151<br>CULTURAL HERITAGE PARTNERS<br>1811 E. Grace Street, Ste. A<br>Richmond, VA 23223<br>info@culturalheritagepartners.com<br>greg@culturalheritagepartners.com<br>marion@culturalheritgepartners.com<br>katherine@culturalheritagepartners.com<br>lydia@culturalheritagepartners.com<br><br>AND<br><br>Gabriel D. Cantu, WSBA No. 52733<br>OFFICE OF THE RESERVATION ATTORNEY, LUMMI NATION<br>2665 Kwina Road<br>Bellingham, WA 98226<br>Tel: (360) 384-7110<br>Email: GabrielC@lummi-nsn.gov | **Via E-mail/E-Service** |
| **Counsel for Defendant Whatcom County:**<br>Kenneth W. Harper, WSBA #25578<br>Quinn N. Plant, wsba #31339<br>MENKE JACKSON BEYER, LLP<br>807 N. 39th Avenue<br>Yakima, WA 98902<br>kharper@mjbe.com<br>qplant@mjbe.com<br>cindy@mjbe.com | **Via E-mail/E-Service** |

| | |
|---|---|
| **Counsel for Defendants United States Department of Agriculture and United States Department of Commerce:**<br>Kyle Lyons-Burke, DC Bar No. 1655452<br>U.S. Department of Justice<br>ENRD/NRS<br>150 M Street NE<br>Washington D.C. 20002<br>kyle.lyons-burke@usdoj.gov | **Via E-mail/E-Service** |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 9th day of July 2026, at Seattle, Washington.

*s/ Sonia Chakalo*
Sonia Chakalo, Legal Assistant
schakalo@wlhr.legal