UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUMMI NATION,<br>Plaintiff,<br>vs.<br>WHIDBEY TELEPHONE COMPANY, et al.,<br>Defendants. | Case No. 2:26-cv-01435-KKE<br>**COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to the Court's June 2, 2026 Order Regarding Initial Disclosures, Chambers Procedures, Joint Status Report, and Early Settlement (Dkt. # 38), Federal Rule of Civil Procedure ("FRCP" or "Rule") 26(f), and Local Civil Rule ("LCR") 26(f), the Parties[1] conducted their Rule 26(f) conference on June 22, 2026. Plaintiff Lummi Nation and Defendants Whidbey Telephone Company d/b/a Whidbey Telecom ("Whidbey Telecom") and

[1] As used herein, "Parties" refers to all parties to this action other than Defendant United States Department of Commerce and Defendant United States Department of Agriculture ("Federal Defendants"). On June 17, 2026, counsel for Federal Defendants emailed the Court stating that Plaintiff's claims against Federal Defendants are exempt from the Rule 26(a) and 26(f) conference and disclosure requirements, because those claims are an action for review on an administrative record. *See* FRCP 26(a)(1)(B)(i). The Court responded that all parties other than Federal Defendants are to complete the Rule 26(f) Joint Status Report process.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

Whatcom County were represented by counsel. The Parties hereby submit the following Combined Joint Status Report and Discovery Plan.

## 1. STATEMENT OF THE NATURE AND COMPLEXITY OF THE CASE

This case arises from the construction of three federally funded broadband infrastructure projects in Point Roberts, Whatcom County, Washington: Community Connect, ReConnect, and Middle Mile (collectively, the "Projects"). Defendant Whidbey Telecom undertook the Projects, with encroachment permits issued by Defendant Whatcom County for Community Connect and ReConnect, and funding provided by Defendant United States Department of Agriculture, acting through its Rural Utilities Service ("RUS"), for Community Connect and ReConnect, and Defendant United States Department of Commerce, acting through its National Telecommunications and Information Administration ("NTIA"), for Middle Mile.

Plaintiff Lummi Nation (the "Nation"), a federally recognized Indian Tribe, alleges that the Projects caused significant damage to two registered archaeological sites, 45WH560 and 45WH525, located at Point Roberts, Washington, which are within the Nation's ancestral territory and contain Lummi ancestral burial grounds, human remains, and cultural resources of profound religious and cultural significance. *See* Dkt. # 1 ¶¶ 36–136. The Nation filed the Complaint on April 27, 2026.

The Complaint asserts six counts:

### *A. Counts I–III (against Federal Defendants RUS and NTIA)*

Failure to complete Section 106 consultation under the National Historic Preservation Act ("NHPA"), 54 U.S.C. §§ 302706, 306108, NHPA's implementing regulations, 36 C.F.R. Part 800, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706 (Count I); failure by RUS to ensure completion of Section 106 review before funding construction in



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

violation of the 2018 Nationwide Programmatic Agreement, NHPA, and the APA (Count II); and failure to conduct required environmental review under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*, and the APA (Count III).

*B. Counts IV–VI (against Defendants Whidbey Telecom and Whatcom County)*

Violation of Washington's Indian Graves and Records Act, RCW 27.44.040, against Whidbey Telecom (Count VI); negligence against Whatcom County (Count IV); and gross negligence against Whidbey Telecom (Count V).

Plaintiff seeks declaratory and injunctive relief against all Defendants; vacatur of the Federal Defendants' funding decisions; compensatory and punitive damages against Whidbey Telecom and Whatcom County; and attorneys' fees and costs.

This case is complex. It involves multiple defendants across federal, state, and private sectors; overlapping federal statutes (NHPA, NEPA, and the APA); Washington's state tort statute (RCW 27.44); questions of Tribal sovereignty and cultural resource protection; substantial administrative record(s) to be produced by Federal Defendants; and the need for expert testimony in the fields of archaeology, cultural resource management, and damages.

The following Motions are currently pending before the Court:

- A Motion for Preliminary Injunction filed by Plaintiff. Dkt. # 12.
- A Motion to Dismiss Count VI (RCW 27.44) as Time-Barred Under 12(b)(6) filed by Whidbey Telecom. Dkt. #  41.
- A Motion to Dismiss Claims against Department of Commerce filed by Federal Defendants. Dkt. # 51.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

**2. PROPOSED DEADLINE FOR JOINING ADDITIONAL PARTIES**

The Parties propose October 23, 2026, as the deadline for the joinder for additional parties.

**3. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

No.

**4. DISCOVERY PLAN**

*A. Prompt Case Resolution*

The Parties are committed to the prompt and efficient resolution of this case. Given the complexity of the claims, the number of parties, and the pendency of the Motion for Preliminary Injunction, the Parties propose the schedule set forth in this Report. For the APA claims against Federal Defendants (Counts I through III), the Parties anticipate those claims will be resolved on cross-motions for summary judgment following production of administrative records, on a separate briefing schedule to be proposed to the Court following resolution of Federal Defendants' Motion to Dismiss, Dkt. # 51. For the damages and injunctive relief claims against Whidbey Telecom and Whatcom County (Counts IV through VI), the Parties propose the discovery schedule and trial date set forth below.

*B. Alternative Dispute Resolution*

Plaintiff is amenable to mediation under LCR 39.1(c).

Defendant Whidbey Telecom agrees to participate in alternative dispute resolution through private mediation only, at a mutually agreeable time.

In the interest of resolving the matter in a just, timely, and cost-effective manner, Defendant Whatcom County will consider resolution by private mediators and/or in the alternative a Magistrate.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

*C. Related Cases*

The Parties are not aware of any related cases pending before this Court or any other court.

*D. Initial Disclosures*

Pursuant to the Court's Order, initial disclosures under FRCP 26(a)(1) were made on July 7, 2026, and will be supplemented as necessary pursuant to FRCP 26(e).

As to Federal Defendants, the Parties recognize that the scope of initial disclosures may be limited by the nature of APA administrative record review. However, Plaintiff reserves the right to file a Motion to Complete or Supplement the Administrative Record. Federal Defendants have indicated they intend to produce and file administrative record(s) with the Court. Dkt. # 29 at 2.

*E. Subjects, Timing, and Potential Phasing of Discovery*

The Parties anticipate that discovery will be needed on the following subjects for the non-APA claims (Counts IV through VI):

- The nature, scope, timing, and impacts of ground-disturbing construction activities conducted by Whidbey Telecom in connection with Community Connect, ReConnect, and Middle Mile. The knowledge of each Defendant regarding the presence or potential presence of archaeological resources, human remains, and cultural materials prior to and during construction.
- Actions taken (or not taken) by Defendants upon discovery of archaeological materials, including compliance with inadvertent discovery protocols, stop-work requirements, and notification obligations.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

- Whatcom County's review and issuance of encroachment permits for the Projects and any associated environmental and archaeological review.
- Internal and external communications, including those within and among the Parties, Defendants' contractors and subcontractors, and between the Parties and municipal, state, and federal regulatory agencies, regarding the Projects' permitting, construction activities, funding, change orders, Section 106 consultation, and NHPA and NEPA review. The nature, extent, and valuation of the alleged damages to Lummi burial grounds, human remains, cultural resources, and the Nation's rights and interests.
    - As to Plaintiff's APA claims against Federal Defendants: the contents of the administrative record(s) compiled by RUS and NTIA regarding the Projects, including the completeness and adequacy of any Section 106 consultation, and NHPA and NEPA review undertaken.

As to the APA claims (Counts I through III), Federal Defendants have indicated their view that these claims should be resolved on cross-motions for summary judgment after production of administrative record(s). The Parties anticipate that merits discovery on the APA claims will generally be limited to the contents of the administrative record(s) compiled by RUS and NTIA subject to completion or supplementation pursuant to an order from the Court, with any extra-record discovery subject to the limitations applicable to APA review. The Parties will confer regarding a proposed briefing schedule for the APA claims following resolution of Federal Defendants' Motion to Dismiss, Dkt. # 51, and production of administrative record(s).

The Parties propose the following schedule for non-APA discovery:



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

- Discovery motions deadline: March 19, 2027
- Fact discovery cutoff: March 19, 2027
- Plaintiff's expert disclosures under FRCP 26(a)(2): April 7, 2027
- Defendants' expert disclosures under FRCP 26(a)(2): May 7, 2027
- Rebuttal expert disclosures: May 21, 2027
- Expert discovery cutoff: May 21, 2027

*F. Electronically Stored Information*

The Parties anticipate that electronically stored information ("ESI") will be a significant source of relevant evidence, including, but not limited to, emails, electronic project files, permit applications, agency correspondence, databases, and digital records relating to the Projects and any Section 106 consultation and NHPA and NEPA review processes. Consistent with the Court's expectation that the Parties work cooperatively on ESI search terms and protocols, and disclose to each other the search terms and protocols used in responding to discovery, the Parties agree to meet and confer promptly regarding a proposed ESI protocol addressing format of production, search terms, custodians, and deduplication procedures. The Parties will submit a proposed ESI Protocol or Stipulated Order to the Court on a date to be determined after the Court's ruling on Defendant Whidbey Telecom's Motion to Dismiss (Dkt. # 41).

*G. Privilege Issues*

The Parties anticipate that claims of attorney-client privilege and work product protection may arise in discovery. The Parties will address privilege issues in accordance with FRCP 26(b)(5). The Parties will include privilege log procedures in the proposed ESI Protocol.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

As to Federal Defendants, the Parties recognize that deliberative process privilege and other governmental privileges may be implicated in connection with the administrative record and any extra-record discovery. Plaintiff reserves the right to challenge the applicability of any governmental privileges asserted by Federal Defendants.

### *H. Proposed Limitations on Discovery*

The Parties do not currently propose modifications to the presumptive limits on discovery set by the Federal Rules of Civil Procedure, but reserve the right to seek modifications as discovery proceeds. The Parties will confer in good faith before seeking Court intervention on any discovery disputes.

As to the APA claims against Federal Defendants (Counts I through III), the Parties anticipate that discovery will be limited to the administrative record(s) as potentially modified by a motion from Plaintiff and related Court order, with any extra-record discovery subject to the limitations applicable to APA review. The Parties will confer regarding any disputes as to the scope or completeness of the administrative record(s).

### *I. Need for Discovery-Related Orders*

The Parties anticipate the need for the following discovery-related orders: (1) The Parties will submit a proposed ESI Protocol or Stipulated Order on a date to be determined after the Court's ruling on Defendant Whidbey Telecom's Motion to Dismiss (Dkt. # 41); (2) Following Federal Defendants' response to the Complaint and production of administrative record(s), the Parties will propose a separate briefing schedule for the APA claims (Counts I through III) for the Court's approval; and (3) Plaintiff reserves the right to request protective relief from the Court regarding sensitive information, including, but not limited to, the location of burial sites and culturally sensitive Tribal practices.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

*J. Phasing of Dispositive Motions*

The Parties propose that dispositive motions on the non-APA claims (Counts IV through VI) be filed no later than June 7, 2027, which is 120 days before the proposed trial date of October 5, 2027, consistent with the Court's standard scheduling template. Responses shall be filed within the time provided under LCR 7(d).

The APA claims (Counts I through III) are expected to be resolved on cross-motions for summary judgment on a separate briefing schedule, to be proposed to the Court following resolution of Federal Defendants' Motion to Dismiss, Dkt. # 51, and production of administrative record(s). Consistent with the Court's procedures for cross-motions, the Parties will endeavor to agree on a four-brief schedule.

**5. Date by Which Discovery Can Be Completed**

The Parties propose that fact discovery on the non-APA claims (Counts IV through VI) be completed by March 19, 2027, and that expert discovery be completed by May 21, 2027. Discovery on the APA claims (Counts I through III) will proceed on a separate track as described above, with the scope of discovery limited to administrative record(s) and any permissible extra-record materials.

**6. Bifurcation**

Plaintiff opposes formal bifurcation of trial. The factual record underlying both tracks is substantially intertwined, as Federal Defendants' failure to conduct Section 106 consultation and NHPA and NEPA review is directly relevant to the knowledge and conduct of Whidbey Telecom and Whatcom County. Plaintiff reserves the right to address bifurcation further after resolution of Federal Defendants' Motion to Dismiss, Dkt. # 51, and the scope of the administrative record(s) becomes clear.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

Defendant Whidbey Telecom does not believe bifurcation is necessary and believes that the issues can be efficiently addressed in a single proceeding.

Defendant Whatcom County does not anticipate a request for bifurcation.

**7. Pretrial Statements and Pretrial Order**

The Parties do not propose to dispense with the pretrial statements and pretrial order called for by LCR 16(e), (h), (i), and (k), and 16.1. Given the complexity of this case, the number of Parties, and the anticipated volume of exhibits and witnesses, the Parties believe the standard pretrial order process should be retained in full.

**8. Individualized Trial Program and ADR Options**

The Parties do not intend to utilize the Individualized Trial Program set forth in LCR 39.2. As to ADR options under LCR 39.1, the Parties' positions are set forth in Section 4(B) above. The Parties' positions on whether to request a formal mediation referral under LCR 39.1 will be further addressed following resolution of Federal Defendants' Motion to Dismiss, Dkt. # 51.

**9. Suggestions on Shortening or Simplifying the Case**

The Parties propose the following measures to promote efficiency:

- Resolving the APA claims (Counts I through III) on cross-motions for summary judgment based on the administrative record, without a full trial on those claims, which will substantially narrow the issues for trial.
- Entering a stipulated ESI Protocol and Protective Order at the outset of discovery to avoid disputes over production format and the handling of culturally sensitive materials.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

- Utilizing the Court's pre-filing discovery conference procedure to resolve discovery disputes informally before motion practice is necessary, consistent with the Court's chambers procedures.

**10. Trial Readiness Date**

The Parties propose that this case will be ready for trial on the non-APA claims (Counts IV through VI) by October 5, 2027. The Parties acknowledge the Court's expectation that most civil cases will be ready for trial within one year of filing the Joint Status Report and Discovery Plan. This case presents unusual complexity that warrants a modest extension of that timeline, including: four defendants spanning federal, state, and private sectors; overlapping federal and state statutory frameworks; the need for substantial administrative record(s) to be compiled and produced by two federal agencies; ESI discovery anticipated to be voluminous; and the need for expert witnesses in specialized fields including archaeology and cultural resource management. The Parties respectfully submit that the proposed October 5, 2027, trial date reflects the minimum time necessary to prepare this case adequately for trial and represents the most efficient schedule given these factors.

**11. Jury or Non-Jury Trial**

Plaintiff has demanded a jury trial on Counts IV, V, and VI pursuant to the Seventh Amendment and FRCP 38. The APA claims (Counts I through III) are equitable claims to be resolved by the Court on the administrative record and do not require a jury.

**12. Number of Trial Days Required**

The Parties estimate that trial on Counts IV through VI will require approximately two to four weeks.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

**13. Trial Counsel**

The following individuals are expected to serve as trial counsel for the Parties in this matter:

*A. Trial Counsel for Plaintiff Lummi Nation*

Gabriel N. Cantu
gabrielc@lummi-nsn.gov
(360) 384-7110

Katherine Sorrell
katherine@culturalheritagepartners.com
(713) 876-0014

Lydia Dexter
lydia@culturalheritgepartners.com
(804) 987-3973

Charles N. Curlett, Jr.
charles@culturalheritagepartners.com
(917) 667-0861

Jessie Barrington
jessie@culturalheritagepartners.com
(503) 422-1080

*B. Trial Counsel for Defendant Whidbey Telecom*

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
Steven Wraith
steven.wraith@wilsonelser.com
206.709.5909

Corinna Pilat
corinna.pilat@wilsonelser.com
206.508.5662

WATHEN LEID HALL RIDER, P.C.

Rory W. Leid
rleid@wlhr.legal
206.622.0494



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

Kimberly Larsen Rider
krider@wlhr.legal
206.622.0494

*C. Trial Counsel for Defendant Whatcom County*

Kenneth W. Harper
kharper@mjbe.com
509.575.0313

Quinn N. Plant
qplant@mjbe.com
509.575.0313

**14. Dates on Which Trial Counsel May Have Conflicts**

The Parties are available for trial in October 2027.

**15. Service of Process**

All Defendants have been served with process and have appeared through counsel of record.

**16. Issues for Scheduling Conference**

The Parties do not currently identify issues requiring a scheduling conference in advance of the Court issuing a case schedule. However, the Parties note that the sequencing of the APA administrative record review track and the non-APA damages track may benefit from a brief scheduling conference with the Court after resolution of Federal Defendants' Motion to Dismiss, Dkt. # 51, if the Court is inclined to address that coordination at that time.

**17. Corporate Disclosure Statements Pursuant to FRCP 7.1 and LCR 7.1**

Defendant Whidbey Telephone Company d/b/a Whidbey Telecom is a nongovernmental corporate party. As of the date of this Report, Whidbey Telecom has not filed a corporate disclosure statement pursuant to FRCP 7.1 and LCR 7.1. All other Defendants are governmental entities not subject to this requirement.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

**18. Certification Regarding Review of Applicable Rules**

All counsel certify that they have reviewed the Civil Rules, the Local Rules, the applicable Electronic Filing Procedures for Civil and Criminal Cases, and Judge Evanson's Chambers Procedures for Civil Cases, as required by the Court's Order Regarding Initial Disclosures, Chambers Procedures, Joint Status Report, and Early Settlement (Dkt. # 38).

**19. Certification Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b)**

All counsel certify that they have reviewed and complied with Judge Evanson's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.

**20. Summary of Proposed Schedule**

| Event | Proposed Deadline |
|---|---|
| Proposed ESI Protocol Submitted to Court | To be determined after the Court's ruling on Defendant Whidbey Telecom's Motion to Dismiss |
| Amend Pleadings | October 23, 2026 |
| APA Briefing Schedule Proposed to Court | To be determined upon resolution of Federal Defendants' Motion to Dismiss |
| Fact Discovery Cutoff | March 19, 2027 |
| Discovery Motions Deadline (non-APA) | March 19 2027 |
| Plaintiff's Expert Disclosures (non-APA) | April 7, 2027 |
| Defendants Expert Disclosures (non-APA) | May 7, 2027 |
| Rebuttal Expert Disclosures/Expert Discovery Cutoff | May 21, 2027 |
| Dispositive Motions Deadline (non-APA) | June 7, 2027 |
| Motions in Limine (Joint Brief) | August 31, 2027 |
| Pretrial Conference | September 25, 2027 |
| Trial | October 5, 2027 |

#

#

Respectfully Submitted,

Dated: July 14, 2026



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

/s/ Gabriel D. Cantu, Bar No. 52733
Office of the Reservation Attorney,
Lummi Nation
2665 Kwina Road
Bellingham, WA 98226
Tel: (360) 384-7110
GabrielC@lummi-nsn.gov

/s/ Gregory Alan Werkheiser, VA Bar No. 45986
Marion Forsyth Werkheiser, VA Bar No. 65454
Katherine Lee Sorrell, TX Bar No. 24129460
Lydia Dexter, OR Bar No. 233151
Jessie Barrington, VA Bar No. 100685
Cultural Heritage Partners, PLLC
1811 East Grace Street, Suite A
Richmond, Virginia 23223
Tel: (202) 567-7594
greg@culturalheritagepartners.com
marion@culturalheritgepartners.com
katherine@culturalheritagepartners.com
lydia@culturalheritagepartners.com
jessie@culturalheritagepartners.com
*Pro Hac Vice*

/s/ Charles N. Curlett Jr., D.C. Bar No. 497920
Cultural Heritage Partners, PLLC
1717 Pennsylvania Avenue NW, Suite 1025
Washington, D.C. 20006
Tel: (202) 567-7594
charles@culturalheritagepartners.com
*Pro Hac Vice*

*Counsel for Plaintiff*

WATHEN | LEID | HALL | RIDER, P.C.
/s/ Alexander M. Walton
Rory W. Leid, III, WSBA #25075
Kimberly Larsen Rider, WSBA #42736
Ashley J. Stephens, WSBA #62939
Alexander M. Walton, WSBA #63150
222 Etruria Street
Seattle, WA 98109
Tel: (206) 622-0494 | Fax: (206) 587-2476
rleid@wlhr.legal
krider@wlhr.legal
astephens@wlhr.legal
awalton@wlhr.legal

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
/s/ Steven G. Wraith
Steven G. Wraith, WSBA #17364
Corinna P. Pilat, WSBA #54431
520 Pike Street, Suite 2350
Seattle, WA 98101
(206) 709-5909 (Steve direct)
(206) 709-5900 (main)
(206) 709-5901 (fax)
Steven.wraith@wilsonelser.com
Corinna.pilat@wilsonelser.com

*Attorneys for Defendant*
*Whidbey Telephone Company*
*d/b/a Whidbey Telecom*

MENKE JACKSON BEYER, LLP

/s/ Kenneth W. Harper, WSBA #25578
Quinn N. Plant
8007 North Yakima, WA 98902
(509) 575-0313
kharper@mjbe.com
qplant@mjbe.com

*Attorneys for Defendant*
*Whatcom County*