Kenneth W. Harper
Quinn N. Plant
Menke Jackson Beyer, LLP
807 N. 39th Ave.
Yakima, WA  98902
*Attorneys for Defendant*
*Whatcom County*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LUMMI NATION, a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>WHIDBEY TELEPHONE COMPANY d/b/a WHIDBEY TELECOM; WHATCOM COUNTY; UNITED STATES DEPARTMENT OF AGRICULTURE; and UNITED STATES DEPARTMENT OF COMMERCE,<br><br>Defendants. | NO.  2:26-cv-01435-KKE<br><br>DEFENDANT WHATCOM COUNTY'S MOTION TO DISMISS<br><br>NOTE ON MOTION CALENDAR:<br>September 8, 2026 |

## I.    MOTION AND INTRODUCTION

Defendant Whatcom County (the "County") moves pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of the common law negligence claim alleged by plaintiff Lummi Nation (the "Lummi Nation") against the County.  This is the sole claim alleged against the County and it is barred by the public duty doctrine.  The ordinance on which the claim rests, Whatcom County Code ("WCC") 20.72.652, governs how the County reviews development

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO.  2:26-cv-01435-KKE - 1

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

permit applications.  The duties it creates run to the public at large, not to the Lummi Nation.

The complaint pleads no facts bringing the claim within any exception to the doctrine.

## II.    BACKGROUND

For purposes of this motion, the following allegations of the First Amended

Complaint for Declaratory and Injunctive Relief and Damages; Demand for Jury Trial (Dkt.

#56) (the "complaint") are taken as true:

The Lummi Nation is a federally recognized Indian Tribe headquartered in

Washington State.  (Dkt. #56 at 3).  The County is a political subdivision of the State of

Washington.  (*Id.*, at 4).  This lawsuit arises from work performed by defendant Whidbey

Telecom on three federally funded broadband infrastructure projects referred to as the

Community Connect, ReConnect, and Middle Mile projects.  (Dkt. #56 at 10-13; *also* Dkt.

#34 at 1).

### A.    Chapter 20.72 of the Whatcom County Code.

The Lummi Nation's negligence claim against the County arises from Chapter 20.72

WCC and particularly WCC 20.72.652.  (*See* Dkt. #56 at 43-44, 56).  The Court may take

judicial notice of Ch. 20.72 WCC because "[m]unicipal ordinances are proper subjects for

judicial notice." *Tollis, Inc. v. County of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007).

WCC 20.72.652 is a zoning regulation applicable to the Point Roberts Special District

established by Ch. 20.72 WCC.  The County adopted Point Roberts-specific zoning

regulations because "Point Roberts is a unique area of Whatcom County because of its

relatively small size, its mixed development character, its relative isolation and the

constraints on normal growth patterns caused by the impact of access only via an

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO.  2:26-cv-01435-KKE - 2

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

international border crossing." WCC 20.72.010. The County adopted the Point Roberts Special District, including the regulations codified at WCC 20.72.652, in order to "protect the rural character of Point Roberts while allowing opportunities for community growth and self-reliance." WCC 20.72.010.

For its part, WCC 20.72.652 provides that "[u]pon receipt of [an] application for a development permit on properties within 500 feet of a site known to contain archeological resources, the [County] shall require an archeological site assessment." WCC 20.72.652(2)(a). If the archeological site assessment identifies the presence of significant archeological resources, "an Archeological Resource Management Plan ("ARMP") shall be prepared by a professional archeologist." WCC 20.72.652(2)(b). In preparing the ARMP, the professional archeologist "shall solicit comments from the Washington State Office of Archeology and Historic Preservation, Lummi Nation Historic Preservation Office, and Nooksack Tribe." *Id.* "Comments received shall be incorporated into the conclusions and recommended conditions of the ARMP to the maximum practicable [sic]." *Id.*

In addition, "[w]ithin 15 days of receipt of a complete development permit application in an area of known archeological resources, the county shall notify and request a recommendation from appropriate agencies such as the Whatcom Museum, Western Washington University Anthropology Department, the Office of Archeology and Historic Preservation, the Lummi Nation Historic Preservation Office, [and] the Nooksack Tribe." WCC 20.72.652(2)(c).

**B.      The Lummi Nation's allegations against the County.**

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO.  2:26-cv-01435-KKE - 3

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

The Lummi Nation alleges that the County issued two encroachment permits for work by defendant Whidbey Telecom on the Community Connect and ReConnect projects in areas of archeological significance.  (*See* Dkt. #56 at 11-12).  According to the Lummi Nation, the County "failed to provide Lummi Nation with notice of either Community Connect or ReConnect prior to issuing permits or prior to construction" and "failed to conduct consultations with Lummi Nation before issuing encroachment permits for Community Connect and ReConnect."  (Dkt. #56 at 14).

With respect to its negligence claim, the Lummi Nation alleges that the County "had a duty to review Community Connect and ReConnect project permits for impacts on Lummi cultural resources and to consult with the Nation before issuing permits for all projects at Point Roberts."  (Dkt. #56 at 64 (citing WCC 20.72.652)).  The Lummi Nation alleges that the County "breached these duties to properly permit and oversee construction at Point Roberts" by "issu[ing] the permits unlawfully and fail[ing] to monitor or enforce protocols for handling of inadvertent discoveries."  (*Id.*).

### III.    <u>LEGAL ARGUMENT</u>

**A.    Standard of review.**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO.  2:26-cv-01435-KKE - 4

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

**B.     The Lummi Nation's negligence claim against the County is barred by the public duty doctrine.**

The public duty doctrine acknowledges that governmental entities have responsibilities that are unique to government, to include the adoption and administration of development regulations.  *See Taylor v. Stevens County*, 111 Wn.2d 159, 164-65, 759 P.2d 447 (1988).  In order to ensure that these obligations do not subject governmental entities to "unlimited liability," *see Taylor*, 111 Wn.2d at 170, the legislature has provided that governmental entities "shall be liable for damages arising out of their tortious conduct … to the same extent as if they were a private person or corporation."  RCW 4.96.010(1).

In order to be held liable in tort, therefore, a governmental agency "must engage in tortious conduct that is analogous, in some degree at least, to the chargeable misconduct and liability of a private person or corporation."  *Norg v. City of Seattle*, 200 Wn.2d 749, 756-57, 522 P.3d 580 (2023) (internal quotation marks and citation omitted).  To determine whether a governmental entity may be liable in tort in any given case, the public duty doctrine focuses on whether the ordinance or statute at issue reflects general obligations owed to the public or, in contrast, a duty owed to a particular category of individual.  *Id*., at 757.  "If the duty that the government allegedly breached was owed to the public at large, the public duty doctrine applies," and a tort claim "must be dismissed unless there is an applicable exception."  *Id*., at 758.

The Lummi Nation's negligence claim—which focuses entirely on the manner in which the County processed development permit applications—falls within the class of tort claims the public duty doctrine proscribes.  The County is required by state law to adopt an ordinance governing the review of project permit applications.  Ch. 36.70B RCW.  The

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO.  2:26-cv-01435-KKE - 5

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

County is also charged by state law to process project permit applications submitted by developers. *See* RCW 36.70B.050 and .120. These obligations are unique to local government and cannot be avoided by it. *See* RCW 36.70B.060. They are not duties shared with private persons or corporations. *See* RCW 4.96.010(1). They are instead precisely the type of "general governmental obligation[s] . . . imposed by statute" and for which the public duty doctrine was established. *See Norg*, 200 Wn.2d at 757. The County's duty when administering its development regulations, including its review of applications for encroachment permits, was owed to the general public, and not to the plaintiff. *Meaney v. Dodd*, 111 Wn.2d 174, 178, 759 P.2d 455 (1988) ("Traditionally state and municipal laws impose duties owed to the public as a whole and not to particular individuals."); *Mull v. City of Bellevue*, 64 Wn. App. 245, 251, 823 P.2d 1152 (1992) (tort claims arising from misapplication of local zoning ordinance barred by the public duty doctrine).

**C.     No exception to the public duty doctrine applies.**

"There are four exceptions to the public duty doctrine in which the governmental agency acquires a special duty of care owed to a particular plaintiff or a limited class of potential plaintiffs." *Babcock v. Mason County Fire Dist. No. 6*, 144 Wn.2d 774, 785-86, 30 P.3d 1261 (2001). "These exceptions include (1) legislative intent; (2) failure to enforce; (3) the rescue doctrine; and (4) a special relationship." *Id.* In order to survive a motion to dismiss, the Lummi Nation must plead factual content that would allow the Court to draw a reasonable inference that one of these exceptions applies. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO.  2:26-cv-01435-KKE - 6

misconduct alleged.").  The complaint alleges no facts that, taken as true, suggest the possibility that any exception to the public duty doctrine applies.

> **1.    The complaint is devoid of factual content permitting an inference that the legislative intent exception to the public duty doctrine applies.**

The legislative intent exception allows a plaintiff to claim that a governmental entity owes the plaintiff a legal duty where a legislative enactment "evidences a clear legislative intent to identify and protect a particular and circumscribed class of persons."  *Honcoop v. State*, 111 Wn.2d 182, 188, 759 P.2d 1188 (1988).  Courts typically look to a legislative statement of purpose to discover its intent.  *Washburn v. City of Federal Way*, 178 Wn.2d 732, 754-55, 310 P.3d 1275 (2013).  "Legislative intent will not be inferred absent express language."  *Ravenscroft v. Wash. Water Power Co.*, 87 Wn. App. 402, 414, 942 P.2d 991 (1997), *reversed in part on other grounds*, 136 Wn.2d 911, 929, 969 P.2d 75 (1998).

For example, the plaintiff in *Yonker v. Dept. of Social and Health Servs.*, 85 Wn. App. 71, 79-80, 930 P.2d 958 (1997), alleged that the state breached a statutory duty arising from RCW 26.44.050, which requires the state to investigate reports of possible child abuse or neglect.  To determine whether the legislative intent exception applied, the court looked to the "declaration of purpose" codified at RCW 26.44.010, which described a legislative intent to protect children and adult dependents who may be abused or neglected.  *Id.*, at 80.  Because the statute identified a particular and circumscribed group it sought to protect, the public duty doctrine did not shield the state.  *Id.*, at 81-82.

The plaintiff in *Perillo v. Island County*, 15 Wn. App. 2d 618, 476 P.3d 606 (2020), alleged that Island County breached a statutory duty arising from RCW 64.44.020 to inspect her residence for potential chemical contamination.  The court looked to a "legislative

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO.  2:26-cv-01435-KKE - 7

finding" codified at RCW 64.44.005 to determine whether the legislature intended RCW 64.44.020 to protect a particular and circumscribed class of people.  The statute expressed a legislative intent to protect members of the public who rented or purchased contaminated properties.  *Id.*, at 630-32.  The public duty doctrine therefore did not bar the claim.

In contrast, the plaintiff in *Ravenscroft* was injured when a speed boat in which he was a passenger hit a submerged tree stump.  The plaintiff alleged a statutory duty arising from statutes and ordinances referring to "recreational boaters."  *Ravenscroft*, 87 Wn. App. at 415.  The appellate court ruled that the legislative intent exception did not apply because "[r]ecreational boaters are not a particular and circumscribed class, but instead are the public."  *Id.*

More recently, the plaintiff in *Ehrhart v. King County*, 195 Wn.2d 388, 460 P.3d 612 (2020), alleged that King County breached a statutory duty arising from public health regulations which, she alleged, required the county to issue a public health advisory after learning of a hantavirus case in November 2016.  *Id.*, at 394.  To determine whether the legislative intent exception applied, the Court looked to the regulation that "explain[ed] the purpose of reporting notifiable conditions, to determine whether [the plaintiff] is within the class of individuals [the regulation] is meant to protect."  *Id.*, at 408.  The Court ruled that the legislative intent exception did not apply because "[t]he plain language of this section makes clear that the class of persons to be protected by [the regulation] is the public as a whole."  *Id.*

Here, the plaintiff alleges that the County breached a statutory duty owed to the plaintiff arising from WCC 20.72.652.  (Dkt. #56 at 28-29).  The Court's determination of

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO.  2:26-cv-01435-KKE - 8

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

whether this ordinance gives rise to a duty owed to the plaintiff as opposed to the general public is governed by the legislative intent expressed in the purpose statement of Ch. 20.72 WCC. This does not supply the clear statement the exception demands. *Washburn*, 178 Wn.2d at 754-55; *accord Perillo*, 15 Wn. App. 2d at 632.

Chapter 20.72 WCC establishes the "Point Roberts Special District." The legislative intent behind the ordinance is stated in WCC 20.72.010, Purpose, which codifies the legislature's determination that "Point Roberts is a unique area of Whatcom County because of its relatively small size, its mixed development character, its relative isolation and the constraints on normal growth patterns caused by the impact of access only via an international border crossing." WCC 20.72.010. The chapter is "designed to protect the rural character of Point Roberts while allowing opportunities for community growth and self-reliance." WCC 20.72.010. This expansive language does not reflect a legislative intent to protect a particular and circumscribed class of individuals distinct from the general public.

WCC 20.72.652 governs the manner in which the County processes development permit applications in areas of known archeological significance. This section of code is a procedural requirement, not a statement of purpose, and it is not where the legislative intent behind Ch. 20.72 WCC is found. The Lummi Nation's theory *infers* a legislative intent that is not found in the plain language of the purpose statement of Ch. 20.72 WCC, or even in the cited code section itself. This approach is improper. *Baerlein v. State*, 92 Wn.2d 229, 232, 595 P.2d 930 (1979) (a "clear statement of legislative intent" is required); *Ravenscroft v. Wash. Water Power Co.*, 136 Wn.2d 911, 929, 969 P.2d 75 (1998) (legislative intent "must be clearly expressed within the provision—it will not be implied.").

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO. 2:26-cv-01435-KKE - 9

WCC 20.72.652 requires the County to consult various stakeholders, including the Lummi Nation, when processing development permits near locations of known archeological significance.  Other entities, including but not limited to "the Whatcom Museum, Western Washington University Anthropology Department, the Office of Archeology and Historic Preservation, the Lummi Nation Historic Preservation Office, and Nooksack Tribe," are identified as stakeholders with a shared interest in preserving archeological resources.  *See* WCC 20.72.652(c).  But being named on a consultation list is not the same as being the object of legislative protection.  That roster—a county museum, a university academic department, a state historic preservation office, and two tribal governments—is not a "particular and circumscribed class of persons"; it is a procedural mechanism for gathering expertise.  Nor does the ordinance purport to protect the entities it lists.  What it protects is archeological resources.  A regulation that safeguards a resource does not thereby create a tort duty to every entity the County must ask about it—any more than statutes serving the safety of "recreational boaters" created a duty to the boater in *Ravenscroft*.  *See Ravenscroft*, 87 Wn. App. at 415.  The reference to the Lummi Nation in WCC 20.72.652 identifies the tribe as a source of expertise the County must consult, not as a protected class to whom the County owes a duty in tort.

The complaint therefore contains no factual content from which the Court could infer that WCC 20.72.010 evidences a clear legislative intent to protect the Lummi Nation as a member of a particular and circumscribed class.  The legislative intent exception does not apply.

> **2.**      **The complaint is devoid of factual content permitting an inference that the failure to enforce exception to the public duty doctrine applies.**

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO.  2:26-cv-01435-KKE - 10

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

A party seeking to invoke the failure to enforce exception to the public duty doctrine must plead, and ultimately demonstrate, that an agency responsible for enforcing particular statutory requirements possessed actual knowledge of a violation of those requirements. *Ehrhart v. King County*, 195 Wn.2d 388, 402-03, 460 P.3d 612 (2020).  The failure to enforce exception has no application here.  WCC 20.72.652 imposes obligations on the County itself; it regulates no public conduct, and so creates nothing the County could fail to enforce.  Two independent defects in the complaint confirm as much.

First, the Lummi Nation has not alleged that the County had actual knowledge that the encroachment permits issued to Whidbey Telecom authorized work within an area of known archeological significance so as to require consultation with stakeholders.  *See* WCC 20.72.652(c).  To the contrary, the Lummi Nation alleges that the County was unaware that the encroachment permits authorized work in the vicinity of archeological resources due to "a failure of its software used to indicate the presence of cultural resources in project areas." (Dkt. #56 at 27).  Put differently, the Lummi Nation has not pled that the County had actual knowledge that the encroachment permit applications submitted by Whidbey Telecom implicated the site assessment and consultation requirements of WCC 20.72.652.

Second, and independent of any pleading defect, it is settled law that the failure by a governmental agency to comply with a regulation does not implicate the failure to enforce exception as a matter of law.  *See Ehrhart*, 195 Wn.2d at 403.  The plaintiff in *Ehrhart* alleged that King County's public health department failed to comply with Washington Administrative Code (WAC) 246-101-505, which required the department to "[r]eview and take appropriate action" whenever it receives reports of serious conditions.  WAC 246-101-

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO.  2:26-cv-01435-KKE - 11

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

505(1)(a).  The Court rejected an argument from the plaintiff that the failure to enforce exception should apply because "a requirement to comply with regulations is different from a requirement to enforce those regulations."  *Id.*; *see also Woods View II, LLC v. Kitsap County*, 188 Wn. App. 1, 27, 352 P.3d 807 (2015) (rejecting the "unusual theory that the statutory requirement that the County failed to enforce was its *own* mandate to issue a timely permit" and observing "no Washington case . . . has applied the failure-to-enforce exception where the government entity fails to take corrective action against *itself*."); *Smith v. City of Kelso*, 112 Wn. App. 277, 284, 48 P.3d 372 (2002) (holding "the City cannot fail to enforce anything" where the ordinance at issue "does not regulate public conduct" and therefore "sets no requirements that the City can enforce").

The complaint thus pleads no facts from which the Court could infer either that the County possessed actual knowledge of a violation or that WCC 20.72.652 imposed on the County an enforcement obligation it failed to discharge.  The failure to enforce exception does not apply.

### 3.   The complaint is devoid of factual content permitting an inference that the rescue doctrine exception to the public duty doctrine applies.

The rescue doctrine exception applies where a governmental entity or its agent: (1) undertakes a duty to aid or warn a person in danger; (2) fails to exercise reasonable care; and (3) offers to render aid and, as a result of the offer of aid, either the person to whom the aid is to be rendered or another acting on that person's behalf, relies on this governmental offer and consequently refrains from acting on the victim's behalf.  *Chambers-Castanes v. King County*, 100 Wn.2d 275, 285 n.3, 669 P.2d 451 (1983).  A negligence claim "does not fit within the rescue doctrine" if the plaintiff cannot establish that he or she was in danger.  *See*

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO.  2:26-cv-01435-KKE - 12

*Vergeson v. Kitsap County*, 145 Wn. App. 526, 539, 186 P.3d 1140 (2008) ("Vergeson's claim does not fit within the rescue doctrine because she fails to identify a government entity, or its agent, that undertook a duty to warn or aid her while she was in danger.").

The complaint pleads no facts satisfying any element. The rescue doctrine is directed at a government agent's undertaking to aid or warn a person in peril. It has no application to a claim that a county erroneously processed a development permit application. *See Chambers-Castanes*, 100 Wn.2d at 285 n.3; *Vergeson*, 145 Wn. App. at 539. The Lummi Nation does not allege that it was in danger, and the interest it asserts in the archeological resources of Point Roberts is not the sort of peril the doctrine contemplates. Nor does the complaint identify any offer of aid. The Lummi Nation's theory is that the County issued the encroachment permits without ever contacting it. A party that received no communication cannot have relied on an offer of aid and, in reliance, refrained from acting on its own behalf. The rescue doctrine exception does not apply.

### 4. The complaint is devoid of factual content permitting an inference that the special relationship exception to the public duty doctrine applies.

The special relationship exception to the public duty doctrine arises where "(1) there is direct contact or privity between the public official and the injured plaintiff which sets the latter apart from the general public, and (2) there are express assurances given by a public official, which (3) give rise to justifiable reliance on the part of the plaintiff." *Taylor*, 111 Wn.2d at 166.

All three elements must be present, and the absence of any one defeats the exception. Here, the complaint actually negates the first element. The Lummi Nation's theory is that the County issued the encroachment permits without ever contacting it—that the County "failed

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO. 2:26-cv-01435-KKE - 13

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

to provide Lummi Nation with notice" of the projects and "failed to conduct consultations with Lummi Nation before issuing encroachment permits for Community Connect and ReConnect." (Dkt. #56 at 14). A claim premised on the absence of any communication cannot establish the direct contact or privity that sets a plaintiff apart from the general public. The complaint likewise identifies no statement by any County official to anyone concerning the Community Connect or ReConnect permits. Absent an assurance, there is nothing on which the Lummi Nation could have justifiably relied. The complaint alleges no reliance. The complaint therefore lacks factual content permitting an inference that the special relationship exception applies.

## IV.    CONCLUSION

The Lummi Nation's negligence claim—the sole claim it asserts against the County—should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The key problem is not a pleading defect only. Rather, no additional allegation can convert an obligation owed to the public at large into a duty owed to the Lummi Nation. Dismissal should therefore be with prejudice.

DATED this 10th day of August, 2026.

MENKE JACKSON BEYER, LLP


*s/Kenneth W. Harper*
Kenneth W. Harper, WSBA #25578


*s/Quinn N. Plant*
Quinn N. Plant, WSBA #31339

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO. 2:26-cv-01435-KKE - 14

807 North 39th Avenue
Yakima, WA  98902
(509) 575-0313
kharper@mjbe.com
qplant@mjbe.com
*Attorneys for Defendant*
*Whatcom County*

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO.  2:26-cv-01435-KKE - 15

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that on this day I caused the foregoing document to be filed in the United States District Court for the Western District of Washington via CM/ECF, and served a true and correct copy of the document as follows:

| | |
|---|---|
| ***Counsel for Plaintiffs:***<br>Gregory A. Werkheiser<br>Marion Forsyth Werkeiser<br>Lydia Dexter<br>Katherine Sorrell<br>Jessie Barrington<br>Charles N. Curlett, Jr.<br>Cultural Heritage Partners, PLLC<br>1811 E. Grace St., Suite A<br>Richmond, VA  23223 | greg@culturalheritagepartners.com<br>marion@culturalheritagepartners.com<br>lydia@culturalheritagepartners.com<br>katherine@culturalheritagepartners.com<br>jessie@culturalheritagepartners.com<br>charles@culturalheritagepartners.com<br>hannah@culturalheritagepartners.com |
| ***Counsel for Plaintiff:***<br>Gabriel David Cantu<br>Lummi Indian Nation<br>2665 Kwina Road, Suite 2600<br>Bellingham, WA  98226 | gabrielc@lummi-nsn.gov |
| ***Counsel for Defendant Whidbey Telephone Company/Whidbey Telecom:***<br>Rory W. Leid, III<br>Kimberly Larsen Rider<br>Ashley J. Stephens<br>Alexander Walton<br>Wathen Leid Hall Rider, P.C.<br>222 Etruria Street<br>Seattle, WA  98109-1959 | rleid@wlhr.legal<br>krider@wlhr.legal<br>astephens@wlhr.legal<br>awalton@wlhr.legal<br>schakalo@wlhr.legal |

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO.  2:26-cv-01435-KKE - 16

| | |
|---|---|
| ***Counsel for Defendant Whidbey Telephone Company/Whidbey Telecom:*** Steven G. Wraith Corinna Pilat Wilson, Elser, Moskowitz, Edelman & Dicker, LLP 520 Pike Street, Suite 2350 Seattle, WA  98101 | Steven.wraith@wilsonelser.com Corinna.pilat@wilsonelser.com Marie.sharpe@wilsonelser.com Freida.mason@wilsonelser.com |
| ***Counsel for Defendant United States Department of Agriculture and United States Department of Commerce:*** Kyle Lyons-Burke Gabriel Lopez U.S. Department of Justice ENRD/NRS 150 M Street NE Washington D.C.  20002 | Kyle.lyons-burke@usdoj.gov Gabriel.lopez2@usdoj.gov |

Dated at Yakima, Washington, this 10th day of August, 2026.

*s/Cindy Maley*
Cindy Maley, Legal Assistant

DEFENDANT WHATCOM COUNTY'S
MOTION TO DISMISS
NO.  2:26-cv-01435-KKE - 17

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351