UNITED STATES DISTRCIT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LUMMI NATION, a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>WHIDBEY TELEPHONE COMPANY, a Washington public utility corporation; UNITED STATES DEPARTMENT OF AGRICULTURE; and WHATCOM COUNTY,<br><br>Defendants. | No. 2:26-cv-01435-KKE<br><br>**DEFENDANT WHIDBEY TELECOM'S MOTION TO DISMISS COUNT VII (RCW 27.44) OF PLAINTIFF'S AMENDED COMPLAINT AS TIME-BARRED UNDER 12b(6)**<br><br>**NOTED FOR CONSIDERATION: September 24, 2026** |

## Introduction

Defendant Whidbey Telephone Company d/b/a Whidbey Telecom ("Whidbey"), moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Count VII of the Complaint under RCW 27.44 to the extent it is based on the Community Connect and ReConnect allegations, and to reject Plaintiff's pleaded "ongoing violation" theory in paragraph 289 as a matter of law. Because Count VII is pleaded as a single RCW 27.44 claim and expressly relies on that legally defective ongoing-violation theory, the Court should dismiss Count VII in full. At minimum, the Court should dismiss with prejudice all RCW 27.44 theories predicated on Community Connect and ReConnect and any request for RCW 27.44 relief flowing from those time-barred events.



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

**Relief Sought**

Whidbey asks the Court to enter an order:

(1) dismissing Count VII under Rule 12(b)(6), because the complaint itself pleads discovery no later than July 2023 for the Community Connect and ReConnect violations but suit was not filed until April 27, 2026;

(2) holding that paragraph 289's "ongoing violation" theory does not restart or toll RCW 27.44.050's two-year discovery period; and

(3) if Count VII is dismissed in full, awarding Whidbey its reasonable attorneys' fees under RCW 27.44.050(4), or at minimum reserving Whidbey's right to seek such fees by post-order motion.

**Factual Allegations**

Plaintiff, Lummi Nation alleges that Whidbey Telecom participated in three broadband projects in areas that contain Lummi ancestral burial grounds and cultural resources: Community Connect, ReConnect, and Middle Mile. *Compl*. ¶¶ 31–41. According to the Complaint, ReConnect received environmental approval from the Rural Utilities Service ("RUS") on January 15, 2021, and Whidbey Telecom began construction in March 2021. *Compl*. ¶ 36. Plaintiff alleges that the ReConnect project has since been fully constructed and is operational. *Id*.

The Complaint alleges that construction activities associated with these projects disturbed burial grounds, ancestral remains, and cultural materials. *Compl*. ¶¶ 42–116. According to the Complaint, Lummi thereafter engaged in communications with Whidbey and other entities concerning the alleged disturbances and sought information regarding the location, scope, and nature of the work that had been performed. *Compl*. ¶¶ 131-132, 126–132, 144-146.

Count VII of the Complaint incorporates by reference paragraphs 1 through 280 and asserts a claim against Whidbey Telecom under RCW 27.44. *Compl*. ¶ 281. In support of that



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

claim, Plaintiff alleges that Whidbey disturbed burial grounds in connection with the Community Connect, ReConnect, and Middle Mile projects. *Compl*. ¶¶ 285–289. Plaintiff further alleges that the asserted violations constitute an "ongoing violation under RCW 27.44.050" because Whidbey has not permitted reinterment of remains and has not provided complete information concerning the alleged disturbances associated with the Community Connect and ReConnect projects. *Compl*. ¶¶ 288–289.

The Complaint further alleges that Defendants have withheld information concerning the alleged damage, failed to answer questions regarding project activities, and failed to provide information sufficient for Lummi to determine the full extent of the alleged impacts. *Compl*. ¶¶ 126, 289. At the same time, Plaintiff alleges that by April through July 2023 it had discovered the basic information concerning the alleged destruction and had begun repeatedly warning Whidbey Telecom that its projects were damaging Lummi burial grounds. *Compl*. ¶ 38.

Plaintiff commenced this action on April 27, 2026, three years after its own affirmatively pled dates of discovery. *See Complaint*.

**Legal standard**

A Rule 12(b)(6) motion may be granted when a statute-of-limitations defense is apparent on the face of the complaint. See *Jablon v. Dean Witter & Co*., 614 F.2d 677, 682 (9th Cir. 1980). The Ninth Circuit has repeatedly reaffirmed that "[a] statute of limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting Jablon, 614 F.2d at 682). Dismissal is appropriate where the allegations in the complaint establish that the claim is untimely and do not permit the plaintiff to prove facts that would avoid the statute-of-limitations bar. *Jablon*, 614 F.2d at 682.

**Argument**



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

**A. RCW 27.44.050 and RCW 27.44.040 create a two-year-from-discovery limitations period.**

The statutory text is straightforward. RCW 27.44.050(1) creates a civil action for an Indian tribe or enrolled tribal member against a person alleged to have violated RCW 27.44.040, and then immediately provides: "The action must be brought within two years of the discovery of the violation by the plaintiff." RCW 27.44.040 reaches both knowing injury to Native Indian graves and inadvertent disturbance through activities such as construction, in which case the actor "shall reinter the human remains under the supervision of the appropriate Indian tribe."

**B. Under Washington accrual law, discovery occurs when the plaintiff knows the factual basis of the claim; full evidentiary detail and full legal consequences are unnecessary.**

Washington's discovery rule delays accrual only until the plaintiff discovers, or through due diligence should discover, the salient facts underlying the claim. As the Washington Supreme Court explained, a cause of action accrues when the plaintiff discovers "the salient facts underlying the elements of the cause of action," not when the plaintiff learns every detail supporting the claim. *1000 Va. Ltd. P'ship v. Vertecs Corp*., 158 Wn.2d 566, 575, 146 P.3d 423 (2006) (citing *Green v. A.P.C*., 136 Wn.2d 87, 95, 960 P.2d 912 (1998)).

*Green* is particularly instructive. There, the Supreme Court held that once a plaintiff is placed on notice of appreciable harm caused by another's conduct, the plaintiff must undertake diligent inquiry, and the statute is not postponed merely because additional information remains to be discovered. The Court explained that "the statute of limitations is not postponed by the fact that further, more serious harm may flow from the wrongful conduct" and that the limitations period begins even though the plaintiff does not yet know the full extent of the damages. *Green*, 136 Wn.2d at 96.

Similarly, Washington courts have rejected the notion that accrual awaits conclusive proof. A plaintiff need not possess complete evidence or every fact supporting the claim before



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

the statute begins to run. Rather, once the plaintiff knows of the injury and its causal connection to the defendant's conduct, the plaintiff has the obligation to investigate and pursue available remedies. *Green*, 136 Wn.2d at 95–96; *1000 Virginia*, 158 Wn.2d at 575.

Accordingly, allegations that a defendant withheld documents, delayed responses, or failed to provide complete information do not postpone accrual where the plaintiff already knew the essential facts giving rise to the claim. The discovery rule concerns discovery of the claim itself, not discovery of every fact the plaintiff would prefer to possess before filing suit. *Green*, 136 Wn.2d at 95–96; *1000 Virginia*, 158 Wn.2d at 575.

**C. The complaint pleads discovery by April–July 2023, but the action was not filed until April 27, 2026.**

The Complaint's own chronology establishes that any RCW 27.44 claim arising from Community Connect or ReConnect is untimely. Plaintiff alleges that ReConnect received environmental approval from RUS on January 15, 2021, that construction began in March 2021, and that the project is now fully constructed and operational. *Compl.* ¶ 36. Plaintiff further alleges that, "[b]etween April and July of 2023, Lummi Nation discovered the basic information related to this destruction and began repeatedly warning Whidbey Telecom that its projects were damaging Lummi burial grounds." *Compl.* ¶ 38. The Complaint was not filed until April 27, 2026. *See* Dkt. 1.

Thus, by Plaintiff's own allegations, it had discovered the factual basis for its claims relating to Community Connect and ReConnect no later than July 2023. Even using July 2023 as the accrual date, the two-year limitations period expired no later than July 2025. Plaintiff did not sue until approximately nine months later. Count VII is therefore untimely on its face insofar as it is based on Community Connect or ReConnect. *Compl.* ¶¶ 36, 38, 281-290.



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

The Complaint's allegations regarding subsequent communications confirm rather than undermine that conclusion. Plaintiff alleges that it repeatedly warned Whidbey Telecom beginning in 2023, sought project maps and information, and continued pursuing additional details regarding the alleged disturbances. *Compl*. ¶¶ 126-128. Plaintiff further alleges that RUS ceased formal communications concerning Community Connect in September 2025 after Lummi had been engaged in good-faith resolution efforts "for nearly three years." *Compl*. ¶ 149. Far from supporting delayed discovery, those allegations confirm that Plaintiff had already identified the alleged injury and attributed it to Whidbey's projects years before filing suit. They show continued investigation and negotiation after discovery of the claim, not discovery itself.

Count VII separately references an alleged Middle Mile disturbance occurring in late 2025. *Compl*. ¶ 287. If that allegation is treated as a distinct alleged violation, then at minimum all RCW 27.44 theories arising from Community Connect and ReConnect, and Plaintiff's effort to revive them through an "ongoing violation" theory, should be dismissed with prejudice as time-barred. If, however, Count VII is construed *as Plaintiff pleaded it*, as a single RCW 27.44 claim based on an alleged course of conduct involving Community Connect, ReConnect, and Middle Mile, then the claim rises or falls on Plaintiff's pleaded discovery date and should be dismissed in its entirety.

**D. Plaintiff's continuing-violation theory fails as a matter of law.**

The Ninth Circuit applies the continuing-violation doctrine narrowly. In *Bird v. Department of Human Services*, the court explained that the doctrine is an "exception" that permits suit on otherwise time-barred conduct only in limited circumstances. 935 F.3d 738, 746 (9th Cir. 2019). Bird identified two recognized applications of the doctrine: a series of related acts and a systematic policy or practice. *Id*. But the court emphasized that both theories require



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

more than the lingering consequences of an earlier act. A "continuing effect is insufficient" to establish a continuing violation. *Id*. at 748. Instead, the doctrine applies only where the alleged wrong consists of repeated conduct that *collectively* forms the actionable violation. *Id*. at 746–48.

Washington law is to the same effect. In *Antonius*, the Washington Supreme Court adopted the distinction between discrete acts and cumulative claims, holding that discrete acts accrue when they occur while hostile-work-environment claims are treated differently because the wrong itself is cumulative. 153 Wn.2d at 264–69. The Washington Court of Appeals subsequently refused to extend the doctrine to negligence claims in *Cox v. Oasis Physical Therapy, PLLC*, explaining that Washington courts had not recognized such an expansion. 153 Wn. App. 176, 192, 222 P.3d 119 (2009). The doctrine therefore remains a narrow exception rather than a general mechanism for avoiding ordinary accrual principles.

Lummi alleges that Whidbey disturbed burial grounds during the Community Connect and ReConnect and between April and July of 2023, Lummi Nation discovered this. *Compl*. ¶ 38. If those allegations establish an RCW 27.44 violation, then the violation was complete and actionable no later than the date Plaintiff admittedly discovered it. The claim did not depend on future conduct, repeated acts, or an accumulating course of behavior before becoming actionable.

Paragraph 289 nevertheless attempts to characterize the claim as "ongoing" because Whidbey allegedly has not permitted reinterment and has not provided complete information regarding Community Connect and ReConnect. *Compl*. ¶ 289. Those allegations do not identify new disturbances, new discoveries of human remains, or new violations of RCW 27.44. Instead, they identify alleged consequences of previously discovered conduct and continuing disagreements regarding remediation and information-sharing. Under *Bird*, that is not enough. A



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

continuing violation requires continuing unlawful acts; continuing consequences are insufficient. 935 F.3d at 748.

RCW 27.44.050 itself confirms the point. The statute measures time from "discovery of the violation." It does not measure time from reinterment, from completion of remediation efforts, from cessation of alleged harm, or from disclosure of every project record. Plaintiff alleges that it discovered the destruction and attributed it to Whidbey's projects by July 2023 at the latest. Compl. ¶ 38. Once that discovery occurred, the limitations period began to run.

Plaintiff cannot revive otherwise untimely Community Connect and ReConnect claims by relabeling continuing consequences as continuing violations. Under *Bird, Garcia, Antonius*, and *Cox*, Paragraph 289's ongoing-violation theory fails as a matter of law.

**E. Tolling does not save the stale RCW 27.44 theories.**

Washington applies equitable tolling sparingly. The doctrine is available only when justice requires and generally requires bad faith, deception, or false assurances by the defendant, together with diligence by the plaintiff. *Millay v. Cam,* 135 Wn.2d 193, 206, 955 P.2d 791 (1998); *Fowler v. Guerin*, 200 Wn.2d 110, 119, 515 P.3d 502 (2022).

The Complaint does not plead facts supporting tolling. Plaintiff alleges that Defendants delayed responses, withheld maps and project information, refused to answer questions, and failed to provide information sufficient to permit a complete assessment of the alleged damage. Compl.. But Plaintiff simultaneously alleges that "[b]etween April and July of 2023, Lummi Nation discovered the basic information related to this destruction and began repeatedly warning Whidbey Telecom that its projects were damaging Lummi burial grounds." Compl. ¶ 38. Those allegations foreclose any contention that Defendants prevented discovery of the alleged violations. By Plaintiff's own pleading, discovery had already occurred.



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

Nor does the Complaint allege the type of affirmative misconduct Washington courts require for equitable tolling. Plaintiff does not allege that Whidbey made false representations concerning the existence of the alleged disturbances, provided assurances that induced Plaintiff to delay suit, or otherwise concealed the facts giving rise to the claim before discovery occurred. Instead, Plaintiff alleges only that, after discovering the alleged destruction, it sought additional information concerning the scope of the damage and the details of the projects. *Compl*. ¶¶ 126–132. Allegations of incomplete disclosure after discovery are not allegations that prevented discovery.

**F. The stale RCW 27.44 theories should be dismissed with prejudice, and RCW 27.44.050(4) authorizes Whidbey's fee request if it prevails on Count VII.**

Dismissal should be with prejudice as to the Community Connect and ReConnect RCW 27.44 theories, and as to paragraph 289's ongoing-violation theory. The defect is not a missing factual allegation that plaintiff could cure through repleading; it is plaintiff's own affirmative pleading of discovery in 2023. Jablon permits dismissal when the limitations bar is apparent on the face of the complaint and the complaint would not permit plaintiff to prove tolling. 614 F.2d at 682. Because Rule 15(c) would relate any amendment only to the same April 27, 2026 filing date, amendment would be futile as to those stale theories.

If the Court agrees that Count VII falls in full, RCW 27.44.050(4) expressly authorizes an award of reasonable attorneys' fees to a prevailing defendant. If the Court instead narrows Count VII but leaves some timely Middle Mile-only theory in place, the Court should reserve the fee issue until final resolution of the count. Either way, Whidbey should preserve the statutory fee request now.

**Prayer for Relief**

For these reasons, Whidbey respectfully asks the Court to:



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

(1) dismiss Count VII with prejudice under Rule 12(b)(6);

(2) at minimum, dismiss with prejudice all RCW 27.44 theories in Count VII predicated on Community Connect and ReConnect and dismiss paragraph 289's ongoing-violation theory as legally defective;

(3) deny leave to amend those stale theories as futile; and

(4) if Count VII is dismissed in full, award Whidbey its reasonable attorneys' fees under RCW 27.44.050(4), or set a schedule for Whidbey to move for fees.

**WATHEN | LEID | HALL | RIDER, P.C.**

*s/ Alexander M. Walton*
Rory W. Leid, III, WSBA #25075
Kimberly Larsen Rider, WSBA #42736
Ashley J. Stephens, WSBA #62939
Alexander M. Walton, WSBA #63150
*Attorneys for Defendant Whidbey Telecom*
222 Etruria Street
Seattle, WA 98109
Tel: (206) 622-0494 | Fax: (206) 587-2476
rleid@wlhr.legal | krider@wlhr.legal
astephens@wlhr.legal | awalton@wlhr.legal

**CERTIFICATE OF SERVICE**

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I hereby certify that I caused the foregoing to be filed using the United States District Court for Western District of Washington – Document Filing System (CM/ECF) and a true and correct copy to be served on the following parties in the manner indicated:

| | |
|---|---|
| **Counsel for Plaintiff:**<br>Gregory Alan Werkheiser, Virginia Bar No. 45986<br>Marion Forsyth Werkheiser, Virginia Bar No. 65454<br>Katherine Lee Sorrell, Texas Bar No. 24129460<br>Lydia Dexter, Oregon Bar No. 233151<br>CULTURAL HERITAGE PARTNERS<br>1811 E. Grace Street, Ste. A<br>Richmond, VA 23223<br>info@culturalheritagepartners.com<br>greg@culturalheritagepartners.com<br>marion@culturalheritgepartners.com<br>katherine@culturalheritagepartners.com<br>lydia@culturalheritagepartners.com<br><br>AND<br><br>Gabriel D. Cantu, WSBA No. 52733<br>OFFICE OF THE RESERVATION ATTORNEY,<br>LUMMI NATION<br>2665 Kwina Road<br>Bellingham, WA 98226<br>Tel: (360) 384-7110<br>Email: GabrielC@lummi-nsn.gov | **Via E-mail/E-Service** |
| **Co-Counsel for Defendant Whidbey-Telephone Company d/b/a Whidbey Telecom:**<br>Steven G. Wraith, WSBA #17364<br>Corinna Pilat, WSBA #54431<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP<br>520 Pike Street, Suite 2350<br>Seattle, WA 98101<br>Steven.wraith@wilsonelser.com<br>Corinna.pilat@wilsonelser.com | **Via E-mail/E-Service** |
| **Counsel for Defendant Whatcom County:**<br>Kenneth W. Harper, WSBA #25578<br>Quinn N. Plant, WSBA #31339 | **Via E-mail/E-Service** |

| | |
|---|---|
| MENKE JACKSON BEYER, LLP<br>807 North 39th Avenue<br>Yakima, WA 98902<br>(509) 575-0313<br>kharper@mjbe.com<br>qplant@mjbe.com | |
| **<u>Counsel for defendant The United States Department of Agriculture and United States Department of Commerce:</u>**<br>**<u>Klye Lyons-Burke, D.C. Bar 1655452</u>**<br>U.S. Department of Justice<br>ENRD/NRS<br>150 M Street NE<br>Washington D.C. 20002<br>kyle.lyons-burke@usdoj.gov<br>202) 598-3377 | **Via E-mail/E-Service** |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 27th day of August 2026, at Seattle, Washington.

*s/ Sierra Blair*
Sierra Blair, Legal Assistant
sblair@wlhr.legal



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476