UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUMMI NATION,<br><br>Plaintiff,<br><br>vs.<br><br>WHIDBEY TELEPHONE COMPANY, et al.,<br><br>Defendants. | Case No. 2:26-cv-01435-KKE<br><br>**PLAINTIFF LUMMI NATION'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS** |

## I. INTRODUCTION

Defendant Whatcom County's ("County") Motion to Dismiss, Dkt. #60, is procedurally improper. The County chose not to file a motion to dismiss Lummi Nation's original Complaint, filing instead a comprehensive 59-page Answer, explicitly pleading the public duty doctrine as an affirmative defense. While the Nation's First Amended Complaint (Dkt. #56) added new claims against the National Telecommunications and Information Administration ("NTIA"), the Nation changed nothing as to the negligence claim against the County. Because the County has already filed its Answer to the original Complaint, and the Amended Complaint did not alter claims against the County, the Court should deny this Rule 12(b)(6) Motion as untimely.

Beyond this procedural deficiency, the County's Motion lacks merit. At the June 18, 2026, preliminary injunction oral argument, the County conceded, "it is true that the County did not make the kind of consultation that the Code requires." Tr. Of Mot. Hr'g at 41:4–5, Dkt. #46. Counsel for the County also acknowledged that Point Roberts is "a traditional and current archaeological and tribal resource land[]" and that the County has "a particularly acute need" to be sensitive to Lummi Nation. *Id.* at 40:16–19. The County now asks this Court to hold, as a



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

matter of law, that it owed Lummi Nation no duty at all. That position cannot be reconciled with those admissions.

In alleging the public duty doctrine as a defense, the County attempts to downgrade Lummi Nation from its status as a sovereign Tribal Nation to a member of the general public, which, under the applicable statute, the Nation and its citizens are not. Contrary to the County's argument, WCC § 20.72.652 does not protect "archaeological resources" in the abstract. It protects Lummi Nation's relationship to those resources, including Lummi burial grounds, which exist as places of sacred significance only because Lummi ancestors lay at rest there and because Lummi Nation has maintained its active connection to those sites across generations. But for Lummi Nation's relationship to those burial grounds, § 20.72.652 would have no reason to name the Lummi Nation Historic Preservation Office (also known as the Nation's Tribal Historic Preservation Office ("THPO")) and to impose mandatory duties that run from the County to Lummi Nation at every stage of the permitting process. The Nation is not merely a "source of expertise" concerning those resources, as the County claims. The County's own Code affirms the Nation's status as a protected party and a sovereign people with cognizable legal rights in their ancestors' resting places. Dismissing Lummi Nation's claim against the County at this stage would allow the County to evade responsibility for failure to comply with the multiple, enumerated duties owed to Lummi Nation and detailed in Whatcom County Code ("WCC") § 20.72.652. The County failed to fulfill every single one of these requirements in its permitting of Whidbey Telecom's Community Connect and ReConnect projects.

The consequences of the County's failure include exactly the preventable, devastating harm to Lummi ancestors, cultural artifacts, and sacred sites that § 20.72.652 aims to avoid. The County's illegal permitting of Community Connect and ReConnect allowed Whidbey Telecom



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

to trench through more than 3,000 feet (about twice the height of the Empire State Building) of known Lummi burial grounds, without prior notice to the Nation or consultation to avoid or mitigate the projects' impacts. The County's Code requires both notice and consultation, including advanced sharing of detailed project information with the Nation, for projects at Point Roberts operating within 500 feet of known archaeological sites *before* the County can issue a permit. Chapter 20.72 of the Code specifically applies to zoning and development at Point Roberts, and § 20.72.652 imposes sequential duties. WCC § 20.72.652 builds in protections for the Nation to ensure it has early warning signs when a project poses a risk, and it provides additional requirements for Lummi Nation's involvement and immediate notification when a project impacts Lummi burial grounds, as both Community Connect and ReConnect did. Lummi Nation benefitted from none of these protocols, protections, or opportunities for involvement required by law, because the County failed entirely to uphold its duties to the Nation with respect to Community Connect and ReConnect.

The County's total failure created a domino effect: because the County never conducted the required archaeological site assessment upon receiving Whidbey Telecom's encroachment permit applications—the first mandatory step under § 20.72.652(2)(a)—it failed to provide every subsequent protection built into the statute. Had the County fulfilled even this first duty, the Nation would have had the opportunity to provide comments, engage in government-to-government consultation, and alert the County to the grave risks these projects posed before Whidbey Telecom dug a single trench. The County blames this neglect on its own failure to activate its permitting software, but, given the robust process mandated by § 20.72.652, this excuse provides a poor explanation for what occurred. The sites where both Community Connect and ReConnect damaged Lummi burial grounds are known, recorded archaeological



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

sites. And Lummi Nation is an essential and irreplaceable consulting party, because no technology, expert, member of the public, or other party can substitute for the Nation's stewardship of its own resources, including identifying those resources made vulnerable to damage by particular projects. For that reason alone, the Code requires the County to reach out to Lummi Nation directly at multiple points in the permitting process—outreach that cannot be automated or conducted passively. Furthermore, the County's software mistake certainly does not explain why the County, after learning directly from the Nation about Community Connect and ReConnect's disturbances of Lummi burial grounds and admitting to its failed permitting of those projects, issued more permits for Community Connect without consulting Lummi Nation. The County has also never revoked any of its illegally issued permits for these projects.

This Court should therefore deny the Motion both because it is untimely and because the public duty doctrine does not shield the County from liability.

## II. STANDARD OF REVIEW

A motion to dismiss filed after an answer is untimely. *SEC v. Sandifur*, No. C05-1631C, 2006 U.S. Dist. LEXIS 12243, at *31 (W.D. Wash. Mar. 2, 2006). Dismissal under Rule 12(b)(6) is appropriate only where the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint survives dismissal if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All reasonable inferences must be drawn in the plaintiff's favor. *Twombly*, 550 U.S. at 555–56.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

## III. ARGUMENT

**A. Whatcom County's Rule 12(b)(6) Motion Is Untimely.**

This Court should deny the County's Rule 12(b)(6) Motion, because it is untimely. Rule 12(b) requires that a motion to dismiss "must be made before pleading if a responsive pleading is allowed[,]" Fed. R. Civ. P. 12(b). Therefore, "a motion to dismiss on a 12(b) basis is untimely if it is made after an answer has been filed." *Sandifur*, 2006 U.S. Dist. LEXIS 12243, at *31. *See also Brooks v. Harlon Rip Caswell*, No. 3:14-cv-01232-AC, 2016 U.S. Dist. LEXIS 26832, at *5–6, 11 (D. Or. Mar. 2, 2016) (quoting *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004), which also states: "the Ninth Circuit has held post-answer 12(b) motions on original complaints are untimely where there is no mention or reference to whether or not the defense on which the motion was based was asserted in the original answer"). As courts in this Circuit have recognized, "this general principle is complicated if the original complaint is amended." *Brooks*, 2016 U.S. Dist. LEXIS 26832, at *6. But the filing of an amended complaint "does not automatically revive defenses and objections a defendant has waived in response to the original complaint." *Id.* In other words, the filing of an amended complaint does not give a defendant carte blanche to file a post-answer 12(b)(6) motion to dismiss. Instead, a defendant "may attack only new allegations or claims not contained in the original complaint." *Id.* Courts in this Circuit agree that "allow[ing] a defendant a fresh opportunity to bring a 12(b)(6) motion to dismiss as to claims raised by a prior—answered—complaint would undermine the requirements of the Federal Rule." *Power Probe Grp., Inc. v. Innova Elecs. Corp.*, 670 F. Supp. 3d 1143, 1146–47 (D. Nev. 2023) (collecting cases). Thus, a defendant may not file a post-answer Rule 12(b)(6) motion seeking dismissal of a claim identical to that set forth in the original complaint.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

Yet, that is precisely what the County seeks to do here. The County answered Lummi Nation's original Complaint instead of moving for dismissal pursuant to Rule 12(b)(6). *See* Dkt. #27. While the Nation later amended its Complaint, the sole claim against the County remained unaltered. With this Motion, the County tries to leverage the Nation's First Amended Complaint to get a second bite at the 12(b)(6) apple. The Rule forbids it. Lummi Nation's original Complaint included one claim against the County: negligence under WCC § 20.72.652. Dkt. #1 ¶¶ 232–36. The County then filed an Answer, averring *inter alia* that the public duty doctrine bars that claim. Dkt. #27 at 56. Lummi Nation later amended its Complaint as of right for the sole purpose of adding a claim against a different defendant: Federal Defendant NTIA. Dkt. #56. The negligence claim against the County in the First Amended Complaint remains substantively identical to that in the original Complaint; the Nation made only one change, moving it from Count IV to Count V to account for the addition of the claim against NTIA. *Id.* ¶¶ 266–70. Thus, with respect to the County, the First Amended Complaint contains no "new allegations or claims not contained in the original complaint" that could serve to revive the County's right to file a 12(b)(6) motion. *Brooks*, 2016 U.S. Dist. LEXIS 26832, at *6. The County's Motion impermissibly attacks a claim "raised by a prior—answered—complaint." *Power Probe*, 670 F. Supp. 3d at 1146–47. When the County chose to address the negligence claim by answering the original Complaint, it waived its "right to present by motion" a defense—failure to state a claim—"that [was] available but [was] not asserted in a timely fashion prior to the amendment of the pleading[.]" *Brooks*, 2016 U.S. Dist. LEXIS 26832, at *7 (quoting CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1388 (3d ed. 2004)). This Court should therefore deny the County's Rule 12(b)(6) motion as



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

untimely. *See* 2016 U.S. Dist. LEXIS 26832, at *14; *see also Sandifur*, 2006 U.S. Dist. LEXIS 12243, at *31.

Nor should the Court convert the County's 12(b)(6) Motion to a 12(c) motion for judgment on the pleadings. A party may move for judgment on the pleadings only "[a]fter the pleadings are closed[.]" Fed. R. Civ. P. 12(c). Here, the County did not answer the First Amended Complaint; thus, the pleadings are not closed, rendering conversion of the County's 12(b)(6) Motion to a 12(c) motion improper. *Brooks*, 2016 U.S. Dist. LEXIS 26832, at *12 (explaining that judgment on the pleadings under Rule 12(c) is not available when a defendant has not filed an answer to an amended complaint).

Although the First Amended Complaint did not alter or add claims against the County, "the Court cannot have multiple versions of the complaint operative against different defendants." *Hyatt v. Experian Info. Sols., Inc.*, No. CV-23-02659-PHX-DLR, 2024 U.S. Dist. LEXIS 74425, at *6 n.1 (D. Ariz. Apr. 24, 2024) (quoting *Termini v. Frontier Commc'ns. of Am., Inc.*, No. CV 08-8042-PCT-JAT, 2008 U.S. Dist. LEXIS 111363, at *7 n.4 (D. Ariz. July 16, 2008)). Here, the First Amended Complaint is the "sole controlling pleading," *id.*, and if the County wanted to pursue its requested relief under Rule 12(c), it was required first to have answered the First Amended Complaint, "even though the changes [in the amended complaint] do not apply to them[,]" *Hyatt*, 2024 U.S. Dist. LEXIS 74425, at *6 n.1. Now, it is too late for the County to remedy its procedural misstep; the deadline for filing an answer to the First Amended Complaint was August 10, 2026. Fed. R. Civ. P. 15(a)(3). Because the County did not timely answer, any relief under Rule 12(c) is foreclosed. The Court should deny the Motion as untimely.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

**B. The Court Should Deny the County's Motion on the Merits.**

Even if the Court were to reach the merits of the County's argument, the Motion fails for two reasons. The public duty doctrine, upon which the County relies, does not apply in the first instance, because this case involves an allegation of negligence from a federally recognized Indian Tribe, not from a member of the general public. Second, even if this Court were to apply the public duty doctrine, both the legislative intent and failure to enforce exceptions apply. "If any one of the exceptions applies, the government is held as a matter of law to owe a duty to the plaintiff." *Munich v. Skagit Emergency Commc'ns Ctr.*, 175 Wn.2d 871, 879 (2012).

1. The public duty doctrine does not apply.

If the Court determines, as a threshold matter, that the County owed a duty to a sovereign Tribal Nation—the Lummi Nation—individually, rather than to the general public, the public duty doctrine does not apply. Here, the County breached duties owed expressly and specifically to the Nation's Historic Preservation Office, not duties owed to any member of the general public, rendering the doctrine inapplicable.

Governmental entities are liable for damages arising from their tortious conduct to the same extent as private persons or corporations. RCW 4.96.010. To be held liable in tort, a governmental entity "must engage in tortious conduct that is analogous, in some degree at least, to the chargeable misconduct and liability of a private person or corporation." *Norg v. City of Seattle*, 200 Wn.2d 749, 756–57 (2023) (citation modified). The public duty doctrine arose to protect governmental entities from negligence liability, *Ehrhart v. King Cnty.*, 195 Wn.2d 388, 398–99 (2020), but only where there are "special government obligations [] imposed by statute or ordinance" owed to "the public in general[.]" *See Norg*, 200 Wn.2d at 758; *see also Honcoop v. State*, 111 Wn.2d 182, 188 (1988) ("The public duty doctrine provides that regulatory statutes



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

impose a duty on public officials which is owed to the public as a whole, and that such a statute does not impose any actionable duty that is owed to a particular individual."). Indeed, Washington courts have affirmed that ultimately, "whether a court is evaluating the public duty doctrine generally or one of its exceptions specifically, the fundamental question remains the same: Does the government owe a duty to the plaintiff individually or merely to the public as a whole?" *Ehrhart*, 195 Wn.2d at 400.

WCC § 20.72.652 does not impose duties that the County owes to the general public; rather, § 20.72.652 creates duties it owes to specific, discrete parties. The statute identifies two, and only two, federally recognized Tribes whose ancestral remains rest at Point Roberts. WCC § 20.72.652 mandates specific duties that the County must complete prior to and during the permitting process to protect Lummi Nation and the Nooksack Tribe from the degradation and destruction of their historic archaeological resources, including ancestral burial grounds.

These discrete, mandatory duties are owed only to, at most: "the Washington State Office of Archaeology and Historic Preservation, Lummi Nation Historic Preservation, and Nooksack Tribe" under §§ 20.72.652(2)(b), (d), and (3)(b). Under § 20.72.652(2)(c), the County "is required to notify and request a recommendation from appropriate agencies such as the Whatcom Museum, Western Washington University Anthropology Department, the Office of Archaeology and Historic Preservation, Lummi Nation Historic Preservation, and Nooksack Tribe." The notification requirement to the non-Tribal parties does not dilute the specific, enumerated duties owed to Lummi Nation as a sovereign Tribal Nation. And although the statute lists together certain parties owed certain duties, these parties do not comprise the general public. They constitute individual parties with separate rights, as defined by statute, to



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

participate in the County's permitting process. Therefore, the public duty doctrine does not apply to the facts of this case, and this Court should deny the Motion.

2. <u>No Washington court has resolved the question of the public duty doctrine in the Tribal context, making dismissal at the pleading stage unwarranted.</u>

Because no Washington court has resolved the question of the application of the public duty doctrine where the defendant breached a duty owed to a Tribal Nation, it is premature and unjustified to dismiss Lummi Nation's claim against the County at this stage. It is well established in the Ninth Circuit that Rule 12(b)(6) dismissals "are especially disfavored in cases where the complaint sets forth a novel legal theory that can best be assessed after factual development." *McGary v. City of Portland*, 386 F.3d 1259, 1270 (9th Cir. 2004); *see also Elec. Constr. & Maint. Co. v. Maeda Pac. Corp.*, 764 F.2d 619, 623 (9th Cir. 1985) ("The court should be especially reluctant to dismiss on the basis of the pleadings when the asserted theory of liability is novel or extreme, since it is important that new legal theories be explored and assayed in the light of actual facts rather than a pleader's suppositions."). Courts within this Circuit have extended this principle to cases involving Tribal Nations, as federal Indian law often involves unsettled and complex issues, and Tribal Nations are uniquely positioned as sovereign nations. *See Bishop Pauite Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1151–54 (9th Cir. 2017) (finding that the Tribe's claims regarding inherent Tribal authority were novel and contested and should have survived dismissal at the pleadings stage); *Consumer Fin. Prot. Bureau v. Think Fin., LLC*, No. CV-17-127-GF-BMM, 2018 WL 3707911, at *6–9 (D. Mont. Aug. 3, 2018) (applying standard enumerated in *McGary* to case involving Tribal lending businesses).

Here, Lummi Nation's claim against the County presents a question before the Court that Washington courts have not yet considered: whether to apply the public duty doctrine to



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

negligence claims made by Tribal Nations. The County asserts that the public duty doctrine protects it from liability for any duties related to development, zoning, and permitting—including consultation duties owed to sovereign federally recognized Tribes for the purposes of protecting sacred sites in specific geographic locations. Dkt. #60 at 5–6 (citing *Meaney v. Dodd*, 111 Wn.2d 174, 178 (1988) and *Mull v. City of Bellevue*, 64 Wn. App. 245, 251 (1992)). Yet, the cases it cites examine broad, all-encompassing permitting and zoning requirements enacted to benefit anyone, like noise levels and building heights. 111 Wn.2d at 75–76; 64 Wn. App. at 246–47. Courts have recognized, however, that applying the public duty doctrine too "broadly would inappropriately … [carve] out an exception to ordinary tort liability for governmental entities … [and] undermine the value of tort liability to protect victims, deter dangerous conduct and provide a fair distribution of risk of loss." *Beltran-Serrano v. City of Tacoma*, 193 Wn.2d 537, 550 (2019). To dismiss Lummi Nation's claim at the pleadings stage would run this exact risk, releasing the County from liability when there exists no precedent for applying the public duty doctrine to a duty owed to a sovereign Tribal Nation.

3. Even if the public duty doctrine were to apply here, two exceptions to that doctrine defeat the County's Motion.

The public duty doctrine enumerates four exceptions to its limitation on governmental liability: "(1) legislative intent, (2) failure to enforce, (3) the rescue doctrine, and (4) a special relationship." *Norg*, 200 Wn.2d at 758 (citing *Munich*, 175 Wn.2d at 879). Here, the County can be held liable as a matter of law under both the legislative intent exception and the failure to enforce exception.

*a. The legislative intent exception applies, and the complaint plausibly alleges WCC § 20.72.652 was enacted to protect Lummi Nation as a particular and circumscribed class.*



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

WCC creates specific duties that run from the County to Lummi Nation throughout the permitting process. Therefore, the legislative intent exception negates the application of the public duty doctrine with respect to Lummi Nation, as a specific protected class in the Code. The legislative intent exception applies when "a governmental agency acquires a special duty of care owed to a particular plaintiff or a limited class of potential plaintiffs" and "when the terms of a legislative enactment evidence an intent to identify and protect a particular and circumscribed class of persons[.]" *Bailey v. Town of Forks*, 108 Wn.2d 262, 268 (1987). Indeed, "[i]f a statute evidences an intent to protect a particular class of individuals, a member of that class may bring a tort action against a governmental entity for its violation of the statute." *Honcoop*, 111 Wn.2d at 192. Read in its entirety, as a unified text, Chapter § 20.72—including § 20.72.652, which specifically names Lummi Nation five separate times—clearly evidences the legislature's intent to protect Lummi Nation from exactly the loss of sacred cultural resources that the County's negligence has caused.

The County contends that the legislative intent exception turns exclusively on the chapter purpose statement at WCC § 20.72.010, which speaks of protecting the rural character of Point Roberts. Because that purpose statement does not explicitly name Lummi Nation, the County contends the ordinance creates no duty to the Nation. Yet, this cramped interpretation defies the plain meaning of the statute. Lummi Nation's absence from the purpose statement does not negate the specific duties owed to the Nation and enumerated in WCC § 20.72.652. In fact, the role that the Nation's THPO plays as a consulting party in permitting review for projects at Point Roberts, as required in § 20.72.652, remains entirely consistent with the purpose of the statute more broadly. Lummi Nation has occupied, buried Lummi ancestors, fished, and stewarded the land at Point Roberts—and its rural character—for generations. The



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

Nation's ongoing interest in protecting Point Roberts derives, in part, from the sacred Lummi burial grounds located there, as well as the density of cultural resources that could be damaged by development projects at Point Roberts.

The County now asks the Court to rely solely on the purpose statement in WCC § 20.72.010 while turning a blind eye to the operative provisions of § 20.72.652. The Washington Supreme Court has held, however, that the relevant inquiry is whether there is a "clear expression" of intent to protect a specific class in applicable statutes and regulations, reading the broader provisions of those laws for consistency with purpose statements, but refusing to do so in a vacuum. *Ravenscroft v. Washington Water Power Company*, 136 Wn.2d 911, 929–31 (1998) (interpreting the purpose of an agreement between the County and the State Parks and Recreation Commission in light of the body of applicable regulations and statutes and the entirety of the agreement itself). *See also U.S. Oil Trading, LLC v. State Office of Financial Management,* 159 Wn. App. 357, 363–64 (2011) (finding the Court had to look beyond the purpose section of a statute to determine the intent of a specific subsection of the statute). Indeed, courts construe statutes as a whole rather than reading certain provisions in isolation. Yet, in focusing solely on Chapter 20.72's purpose statement, the County asks this Court to apply a truncated analysis that subverts the principles of statutory interpretation and the approach Washington courts have taken in construing legislative intent.

WCC § 20.72.652, in fact, specifically imposes distinct mandatory requirements, tied to different stages of the permitting review process, at each mention of Lummi Nation's THPO in the statute's language. First, the Code requires a professional archaeologist to conduct an archaeological resources site assessment every time the County receives an "application for a development permit on properties within 500 feet of a site known to contain archaeological



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

resources[.]" WCC § 20.72.652(2)(a). Here, when Whidbey Telecom submitted its applications for encroachment permits for both Community Connect and ReConnect, both of which operated at known recorded archaeological sites and known Lummi burial grounds, the County should have initiated the site assessment and then continued to follow the Code's subsequent cascading requirements.

If the site assessment—which the County never conducted before permitting Community Connect or ReConnect—confirms "the presence of significant archaeological resources," *id.* § 20.72.652(2)(b), the statute then enumerates specific duties owed to Lummi Nation and their triggers as follows: 1) the County's professional archaeologist must prepare an Archaeological Resource Management Plan ("ARMP") and "shall solicit comments" from Lummi Nation's THPO to inform this plan, *id.* § 20.72.652(2)(b); 2) the County must incorporate these solicited comments "into the conclusions and recommended conditions of the ARMP to the maximum practicable[,]" as these "recommendations and conclusions … assist the [County] administrator in making final administrative decisions concerning the presence and extent of archaeological resources and appropriate mitigation measures," *id.* § 20.72.652(2)(b); and 3) the statute then requires that County administrator to "consult with" the Nation's THPO "prior to approval of the ARMP," *id.* § 20.72.652(2)(b)(ii). The ARMP itself *must* include certain critical elements that enable the Nation to conduct this consultation. These elements include descriptions of the project's purpose, design alternatives, reasons why the proposed activities intersect with known archaeological resources, an assessment of the project's impacts on those resources, and proposals to avoid, mitigate, or minimize the impacts. *Id.* § 20.72.652(2)(b)(i). The statute specifies that these mitigation measures can include "[r]einterment in the case of grave sites" and "monitoring of construction excavation." *Id.* The County completed none of these required steps



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

before issuing permits for Community Connect and ReConnect; as a result, the Nation had no opportunity to alert the County to the significant impacts these projects posed to its burial grounds or even consider mitigation measures that could have prevented the extensive damage and loss that has occurred from these projects. In short, the Nation had no opportunity to exercise its statutory right to consult with the County before it issued the permits for Community Connect or ReConnect, because the County failed to fulfill these duties.

To reinforce the importance of consultation under this statutory scheme, § 20.72.652(2)(d) grants the County discretion to "attach reasonable conditions to provide sufficient time and/or conditions for consultation" with Lummi Nation's THPO, specifying once again that "[p]rovision for the protection and preservation of archaeological sites shall be incorporated to the maximum extent possible." Finally, the statute defines a duty owed to Lummi Nation in the event that a permitted project disturbs archaeological resources, including Tribal burial grounds. *Id.* § 20.72.652(3). When the County learns of such disturbance, the law requires it to notify the Nation's THPO, initiate a site assessment, and, if that assessment confirms the site as significant, initiate an ARMP. Therefore, under this detailed statutory scheme, a disturbance provides yet another trigger to initiate the consultation requirements enumerated under § 20.72.652(2). Instead of complying, even when the County learned of the disturbances to Lummi remains, it did not enforce § 20.72.652(3)'s stop work provision, conduct a site assessment, initiate an ARMP, or require consultation with the Nation. This failure deprived the Nation of an opportunity to quickly respond to the disturbance, prevent additional damage, and avoid delays in reinterring Lummi ancestors. Instead, the County continued issuing encroachment permits for Community Connect and ReConnect even after the disturbances



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

became known. Ultimately, the County failed to fulfill any of the duties specifically owed to Lummi Nation under § 20.72.652.

Given the level of painstaking detail in the description of Lummi Nation's role as a consulting party, the specific duties owed to Lummi Nation throughout this process, and the triggers for the application of those duties, it is hard to imagine the drafters of the WCC would have included the provisions of § 20.72.652 as anything other than a clear expression of intent to protect and benefit Lummi Nation specifically. In this case, the statutory language anticipates exactly what is at risk when this process fails, breaks down, or becomes curtailed through shortcuts—including an over-reliance on software for identifying known archaeological sites. But for the County's failure to fulfill its duties to the Nation and comply with its own Code, the County would not have permitted Community Connect and ReConnect without notice, knowledge, consultation, or input from the Nation's THPO, and Whidbey Telecom would not have received the County's sanction to disturb Lummi burial grounds at two separate recorded archaeological sites.

Furthermore, the plain language of the statute "evidence[s] an intent to identify and protect" Lummi Nation's Historic Preservation Office as particular and circumscribed by definition. *Bailey*, 108 Wn.2d at 268. When examining legislative intent to impose a duty that runs to a particular and circumscribed class of individuals, the Washington Court of Appeals has looked to the dictionary, which defines "particular" as "involving, affecting, or belonging to a part rather than the whole" and "circumscribed" as "to set limits or bounds to, to define, mark off or demarcate carefully." *Yonker v. Dep't of Social & Health Servs.*, 85 Wn. App. 71, 79–80 (1997) (citation modified). The Lummi Nation Historic Preservation Office fits both of these definitions. It is a singular institution involving and belonging only to Lummi Nation and not to



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

the broader public. Lummi Nation's Historic Preservation Office exists to preserve Lummi resources and no one else's, and its officers derive their legitimacy and authority from the oversight of Lummi Nation's sovereign Tribal government, a specific governing body with demarcated jurisdiction over a distinct group of people. In short, there is only one Lummi Nation Historic Preservation Office, and it serves a defined role with a specific purpose, to benefit a particular sovereign Tribal Nation and its citizens.

Lummi Nation's status as a particular and circumscribed class is not diluted by the overlapping of certain County duties owed both to the Nation and the Nooksack Tribe, Washington's State Historic Preservation Office ("SHPO"), or by requirements to notify a County museum and university about permit applications. WCC § 20.72.652 only mentions the museum and university once for their archaeological expertise. WCC § 20.72.652(2)(c). Lummi Nation's THPO also has particular expertise pertaining to archaeological resources at Point Roberts, but the statute names Lummi Nation's THPO as a required consulting party in other provisions of § 20.72.652, because, unlike the museum and university, the Nation has a sovereign, legally cognizable interest in the burial grounds and archaeological resources these projects could impact. Point Roberts, to which § 20.72.652 specifically applies, is Lummi ancestral territory. The burial grounds located at Point Roberts contain Lummi ancestors. Read as a unified framework, the statute requires the County to consult with Lummi Nation about projects at Point Roberts, because the Nation has a right—recognized by Treaty, federal law, and § 20.72.652 itself—to participate in decisions about its own ancestors' resting places. The Nooksack Tribe's inclusion in § 20.72.652 as another required consulting party reflects the same recognition of Tribal sovereignty and the ancestral ties of another Tribal Nation to this specific geographic location. The museum and university have no such interests at stake, and for that



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

reason, § 20.72.652 does not recognize them as required consulting parties. While § 20.72.652 does recognize Washington's SHPO as a required consulting party, alongside Lummi Nation and Nooksack Tribe, again, the SHPO's presence in this role does not dilute the particular duties owed by the County to Lummi Nation's Historic Preservation Office—or the statute's recognition of Lummi Nation as a particular and circumscribed class. SHPOs frequently serve alongside federally recognized tribes in government-to-government consultation processes, including those conducted with federal agencies for purposes of compliance with the National Historic Preservation Act. *See, e.g.,* CFR § 800.2(c). Yet, consultation with the SHPO cannot substitute for consultation with Lummi Nation, just as consultation with Nooksack Tribe does not substitute for consultation with Lummi Nation. Each named party remains essential to the consultation process—irreplaceable and indispensable precisely because each named party has its own interests to protect.

Finally, the County's argument that the statute protects archeological resources rather than a sovereign Tribal Nation's interests, or those of its citizens, distorts the statute's purpose. The County must consult Lummi Nation's THPO precisely *because* Lummi Nation has a legally cognizable interest in those resources. And the source of the significance of the burial grounds, village sites, grave goods, and other archaeological resources about which Lummi Nation has a right to consult is the historical, cultural, and religious meaning of those places and resources to Lummi Nation and its people. In this sense, the County's own admission at oral argument—that Point Roberts is "a traditional and current archaeological and tribal resource land" and that the County has "a particularly acute need" to be sensitive to Lummi Nation—confirms the devastating loss this level of destruction creates for the Lummi people. Tr. Of Mot. Hr'g at 40:15–41:2, Dkt. #46. For this reason, the County's legislators enshrined protections for Lummi



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

Nation's right to consultation in the County's own Code, making this intent clear in the plain language of the statute.

*b. Lummi Nation plausibly pleads the failure to enforce exception of the public duty doctrine.*

The failure to enforce exception applies, because the County failed to (1) enforce the terms of WCC § 20.72.652(3) and (2) failed to enforce the terms of its own permits. "The failure to enforce exception to the public duty doctrine recognizes that some statutes impose on the government a duty owed to a particular class or category of individuals, such that a failure to enforce those statutes breaches a duty that can sustain an action in tort." *Ehrhart*, 195 Wn.2d at 402. This exception applies where: (1) the government's agents responsible for enforcing statutory requirements possess actual knowledge of a statutory violation; (2) those agents fail to take corrective action despite having a statutory duty to do so; and (3) the plaintiff is within the class of persons the statute is intended to protect. *Bailey*, 108 Wn.2d at 268. Where the law regulates public conduct and imposes a specific duty to enforce against third parties—rather than merely creating an internal administrative obligation—failure to enforce that law breaches a statutorily imposed duty. *See Woods View II, LLC v. Kitsap County*, 188 Wn. App. 1, 26–28 (2015); *Smith v. City of Kelso*, 112 Wn. App. 277, 284 (2002).

Here, the County's Code creates mandatory processes and duties to protect Lummi Nation's role in stewarding its sacred resources at Point Roberts, including specific obligations for developers once granted a permit from the County, and specific enforcement obligations on the County. WCC § 20.72.652(3)(a) states that where archaeological resources are "discovered in the process of development, work on that portion of the development site shall be stopped immediately and the find reported as soon as possible to the county." The County must then (1)



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

notify the Lummi Nation Historic Preservation Office, (2) request an immediate site assessment, and (3) develop an ARMP for significant resources, which is subject to subsection (2)(a)'s requirements. WCC § 20.72.652(3)(b). Under this provision, neither the developer nor the County have any discretion; only after contacting Lummi Nation, completing a site assessment, and determining the significance of the disturbed resources may any work resume. *Id.* Similarly, the encroachment permits the County issued to Whidbey Telecom state that work shall stop if the developer encounters archaeological materials, and the developer shall immediately contact the County's State Environmental Policy Act ("SEPA") Administrator, who must then notify affected Tribes. Dkt. #56 ¶ 88, 98.

Whatcom County failed to enforce those mandatory processes. Both the Community Connect and ReConnect projects are located within known archaeological sites, 45WH560 and 45WH525. Yet, the County never completed an initial determination of significance before granting a series of encroachment permits for each project, instead allowing Whidbey Telecom to move forward with project construction. Soon after beginning that construction, Whidbey Telecom disturbed Lummi ancestral remains on both projects—yet it did not halt construction. For Community Connect alone, Whidbey Telecom dug a trench at least 1,000 feet long, carried out at least 300 feet of directional boring, and created at least five exploratory "handhole" or "pot hole" trenches. Dkt. #56 ¶ 35. It then disturbed human remains in four of the exploratory trenches and disbursed additional human remains in all removed soil piles. *Id.* Similarly, Whidbey Telecom began construction for ReConnect in March 2021, and that project is now fully constructed, with no sanction imposed by the County for its approximately 2,100 feet of trenching through known Lummi burial grounds. *Id.* ¶¶ 36–37. In undertaking this construction



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

and ignoring the presence of archaeological deposits, Whidbey Telecom violated both the terms of its County-issued permits and WCC § 20.72.652(3)(a).

The alleged "software failure" does not shield Whatcom County from actual awareness of Whidbey Telecom's violations. *See* Dkt. #60 at 11. Even if the County could disclaim actual knowledge of the archaeological sites impacted by the Community Connect and ReConnect projects when initially granting encroachment permits, the County *continued* to issue encroachment permits for Community Connect in July and September of 2024, more than one year *after* Whidbey Telecom had disturbed ancestral remains and violated stop work orders. *See* Dkt. #56 ¶¶ 34, 38, 118–19; Tso Decl., Dkt. #12-2 ¶ 4. *Compare Honcoop*, 111 Wn.2d at 190–91. The Nation alerted the County as soon as it received notice about the construction near a known Lummi burial site, and the Nation's THPO, Lena Tso, followed up via email, asking the County's tribal liaison whether it had permitted Whidbey Telecom's projects. *See* Tso Decl., Dkt. #12-2 ¶¶ 4, 18; Dkt. #12-10, Ex. 7. Worse yet, in August 2024, the County sent a letter to the Nation acknowledging its failure to properly permit Community Connect and ReConnect, but, even after sending this letter, the County issued the final encroachment permit for Community Connect on September 9, 2024. *See* Dkt. #56 ¶¶ 34, 133; Tso Decl., Dkt. #12-2 ¶ 18; Dkt. #12-10, Ex. 7. "*Knowledge of facts constituting the statutory violation,* rather than knowledge of the statutory violation itself, is all that is required." *Coffel v. Clallam County*, 58 Wn. App. 517, 534 (1990). The County cannot receive an alert from the Nation about disturbances from these projects, issue a letter acknowledging improper review of the projects, then issue another project permit while failing to consult the Nation, and now ask the Court to believe it had no knowledge.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

The County also failed to enforce the stop work requirement imposed by WCC § 20.72.652(3)(a), and at no time did the County notify the Lummi Nation Historic Preservation Office, ensure that a site assessment took place, or initiate the consultation with Lummi Nation required when an inadvertent discovery occurs. *See id.* § 20.72.652(3)(b)–(c). Failing to do each one of these actions constitutes a breach of duty owed to Lummi Nation. The County asserts that WCC § 20.72.652 "imposes obligations on the County itself; it regulates no public conduct, and so creates nothing the County could fail to enforce." Dkt. #60 at 11. This assertion is patently false. WCC § 20.72.652(3)(a) explicitly states that upon disturbing archaeological resources, "work on that portion of the development site shall be stopped immediately[.]" Thus, § 20.72.652(3)(a) imposes a stop-work requirement directly upon the developer, Whidbey Telecom, and the accompanying enforcement obligation upon the County, who must "notify" the "Lummi Nation Historic Preservation Office" and "request that an immediate site assessment be conducted by a professional archaeologist[.]" *Id.* § 20.72.652(3)(b). Finally, as described above when discussing the legislative intent exception, Lummi Nation is within the class WCC § 20.72.652 is intended to protect. The County failed to enforce § 20.72.652 both before issuing permits to Whidbey Telecom and after the disturbances from Community Connect and ReConnect occurred. Therefore, the failure to enforce exception applies, and the County can be held accountable for its negligence.

## **IV. CONCLUSION**

Lummi Nation respectfully requests that this Court deny Whatcom County's Motion to Dismiss in its entirety. As a threshold matter, the Court should deny the 12(b)(6) Motion as untimely and decline to permit the County to convert it to a Rule 12(c) motion, because the pleadings are not closed. The County has not answered the First Amended Complaint.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

On the merits, the Motion fails, because the public duty doctrine does not apply to Lummi Nation's claim against the County, and even if the Court were to find it applies, at least one of the public duty doctrine's exceptions pertain to the specific claim alleged by Lummi Nation. The County breached duties owed expressly and specifically to the Nation. As enumerated in WCC § 20.72.652, the duties the County owes Lummi Nation exist precisely because the Nation attaches particular significance to certain cultural resources and archaeological sites located at Point Roberts—meaning rooted only in the history, practices, culture, tradition, and beliefs of Lummi Nation, its citizens, and their ancestors.

Indeed, the Nation occupies a unique status as a consulting party in the permitting process, because there is no substitute or stand-in for the Nation's role as protector, steward, and culture-keeper for the sacred sites, burial grounds, and treaty-protected lands and waters potentially threatened by development projects at Point Roberts. A member of the general public, member of another tribe, or even the SHPO cannot fulfill this role, and § 20.72.652 enshrines certain duties that run from the County to Lummi Nation to ensure their irreplaceable contribution to preventing irreparable harm to these resources.

The plain language of the statute—which provides detailed instruction for involving Lummi Nation's THPO in multiple components of the permitting process, includes multiple triggers mandating consultation with Lummi Nation, and instructs County officials multiple times to allow Lummi Nation enough opportunity to comment and make recommendations concerning project plans—recognizes what the County now refuses to acknowledge: that these enshrined duties allow Lummi Nation to exercise its sovereignty, protect its ancestral homelands, and maintain a working government-to-government relationship with the County. Any downgrade of the Nation's status or role in that process risks exactly the type of harm



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

wrought by Community Connect and ReConnect. The County's abdication of its clear duties to consult the Nation in advance of issuing permits for both projects—and its failure to enforce the terms of those permits and its own Code in the aftermath of the projects' damage to Lummi burial grounds—allowed ongoing, preventable harm to occur and obstructed the Nation from fulfilling its own sacred duties to protect Lummi ancestors.

Respectfully submitted,

Dated: August 31, 2026

/s/ Gabriel D. Cantu, Bar No. 52733
OFFICE OF THE RESERVATION ATTORNEY,
LUMMI NATION
2665 Kwina Road
Bellingham, WA 98226
Tel: (360) 384-7110
Email: GabrielC@lummi-nsn.gov

/s/ Gregory Alan Werkheiser, Virginia Bar No. 45986
Marion Forsyth Werkheiser, Virginia Bar No. 65454
Katherine Lee Sorrell, Texas Bar No. 24129460
Lydia Dexter, Oregon Bar No. 233151
Jessie Barrington, Virginia Bar No. 100685
CULTURAL HERITAGE PARTNERS, PLLC
1811 East Grace Street, Suite A
Richmond, Virginia 23223
Tel: (202) 567-7594
Emails: greg@culturalheritagepartners.com
marion@culturalheritgepartners.com
katherine@culturalheritagepartners.com
lydia@culturalheritagepartners.com
jessie@culturalheritagepartners.com
*Pro Hac Vice*

/s/ Charles N. Curlett, Jr., D.C. Bar No. 497920
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025
Washington, D.C. 20006
Tel: (202) 567-7594
Email: charles@culturalheritagepartners.com
*Pro Hac Vice*

*Counsel for Plaintiff*

I certify that this memorandum contains 7,094 words, in compliance with the Local Civil Rules.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on Defendants via CM/ECF electronic notice.

s/ Gabriel D. Cantu
Counsel for the Lummi Nation
GabrielC@lummi-nsn.gov

*Counsel for Plaintiff*



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110