Kenneth W. Harper
Quinn N. Plant
Menke Jackson Beyer, LLP
807 N. 39th Ave.
Yakima, WA 98902
*Attorneys for Defendant Whatcom County*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LUMMI NATION, a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>WHIDBEY TELEPHONE COMPANY d/b/a WHIDBEY TELECOM; WHATCOM COUNTY; UNITED STATES DEPARTMENT OF AGRICULTURE; and UNITED STATES DEPARTMENT OF COMMERCE,<br><br>Defendants. | NO. 2:26-cv-01435-KKE<br><br>REPLY IN SUPPORT OF DEFENDANT WHATCOM COUNTY'S MOTION TO DISMISS<br><br>NOTE ON MOTION CALENDAR:<br>September 8, 2026 |

## I. INTRODUCTION

Lummi Nation's negligence claim against the County is barred by the public duty doctrine. Lummi Nation relies on various inferences to argue that Ch. 20.72 WCC states a legislative intent to protect a circumscribed class of persons. Lummi Nation uses inferences because neither the purpose statement at WCC § 20.72.010 nor the rest of the chapter states any such thing. (*e.g.*, Dkt. #63 at 12 ("Read in its entirety, as a unified text…."); *id*. at 16 ("…it is hard to imagine the drafters of the WCC would have included the provisions of § 20.72.652 as anything other than a clear expression of intent to protect and benefit Lummi



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

Nation specifically."); *id*. at 17 ("Read as a unified framework….")). This mode of reasoning will not do. As a "stringent" inquiry, a clearly stated legislative intent—usually found in a statement of purpose—must demonstrate the source of the legislative intent exception. *Weaver v. Spokane County*, 168 Wn. App. 127, 140-141 (2012) (test is "more stringent" than failure to enforce exception). Legislative intent will not be inferred in the absence of express language. *Johnson v. State*, 77 Wn. App. 934, 938 (1995), *review denied*, 127 Wn.2d 1020 (1995).

Lummi Nation also misfires on its failure to enforce argument. The ordinances it relies upon establish consultation duties, which are obligations of the County itself and not members of the public. The WCC does not state a mandatory duty for the County to take specific action to correct a violation in the event a consultation is overlooked or an inadvertent discovery is encountered. It is irrelevant to this inquiry to argue, as Lummi Nation does, about the consequences that may flow from a failure to consult. (Dkt. #63 at 22).

Lummi Nation's other points portray the effect of the County's mistake on Lummi Nation as a sovereign Tribal Nation. Statements of the County's attorney at the June 18, 2026, preliminary injunction hearing candidly acknowledged the errors here. (Dkt. #63 at 1-2, 18 (citing Tr. of Mot. Hr'g at 40:15-41:5, Dkt. #46)). But that acknowledgement says nothing about to whom the County's obligations run as a matter of legal duty. The analytical focus of the public duty doctrine asks what an enactment does—whether it imposes a general governmental obligation owed to the public at large or a duty owed to the plaintiff individually—not who the plaintiff is.



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

## II. REPLY ARGUMENT

### A. Lummi Nation's sovereign status does not exempt it from the public duty doctrine.

Without a legally recognized duty there can be no negligence. The public duty doctrine reflects longstanding Washington law that "a governmental entity's breach of a duty owed to the general public cannot sustain a tort claim for negligence as a matter of law." *Norg v. City of Seattle*, 200 Wn.2d 749, 756-57 (2023). The County's duty when administering its development regulations, including its review of applications for encroachment permits, is an obligation of the County uniquely because it is a county, rather than a private actor, and was owed to the general public. (*See* Dkt. #60 at 6 (citing cases)).

Lummi Nation argues that the public duty doctrine should not apply because it is a sovereign Tribal Nation. (Dkt. #63 at 8-10). This argument is supported by no authority. The public duty doctrine focuses on the regulatory source of conduct by the local governmental entity and inquires into whether that conduct was "analogous, in some degree at least, to the chargeable misconduct and liability of a private person or corporation." *Norg*, 200 Wn.2d at 756-57 (citation modified); *see also* RCW 4.96.010 ("local governmental entities . . . shall be liable for damages arising out of their tortious conduct . . . to the same extent as if they were a private person or corporation."). Again, the identity of the plaintiff is irrelevant.

The plaintiff's status bears on the analysis only through the recognized exceptions to the doctrine. Whether "a court is evaluating the public duty doctrine generally or one of its exceptions specifically, the fundamental question remains the same: Does the government owe a duty to the plaintiff individually or merely to the public as a whole?" *Ehrhart v. King*



MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

*County*, 195 Wn.2d 388, 400 (2020). Lummi Nation instead asks the Court to exempt a category of plaintiff from the doctrine at the threshold, without regard to those exceptions. Aside from the lack of Washington authority, this argument fundamentally alters the purpose of the doctrine. The Lummi Nation theory would exempt all Lummi Nation members from the effect of the public duty doctrine. No principled reason indicates the effect should stop with claims relating to Lummi Nation sacred sites. Why not also the Nooksack Tribe? And why only for the type of conduct at issue here? The scope of the Lummi Nation argument is not limited by Ch. 20.72 WCC, but posits that all members of any Tribal Nation are entitled to bring tort claims in any context that would otherwise be barred by the public duty doctrine. (Dkt. #63 at 10-11). This cannot be squared with the doctrine as codified by the Washington State Legislature at RCW 4.96.010 or as developed by the courts.

Lummi Nation suggests that the novelty of this theory is good reason why it should not be resolved on the pleadings. (Dkt. #63 at 10-11). Lummi Nation's argument is not so much novel as unsubstantiated. The response never attempts to show what additional facts could convert an obligation owed to the public at large into a duty owed to Lummi Nation. Lummi Nation does not seek leave to further allege anything.

On this point, it is helpful to turn to the allegations of the County's negligence as stated in the first amended complaint. (Dkt. #56 ¶¶ 266-270). Despite the County's arguments regarding the public duty doctrine raised in response to Lummi Nation's request for injunctive relief, Lummi Nation acknowledges that the first amended answer "changed nothing as to the negligence claim against the County." (Dkt. #31 at 5-10; Dkt. #63 at 1). Those allegations do not raise any point corresponding to the public duty doctrine. There is



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

no factual allegation that any relevant section of the WCC evinces a clear legislative intent to protect a particular and circumscribed class of persons, or that the Lummi Nation is such a class of persons. *Honcoop v. State*, 111 Wn.2d 182, 188 (1988). There is also no factual allegation that the County had knowledge of its mapping error in a way linked to breach of duty and damages, or that any WCC section imposes a mandatory duty to take specific action upon learning of this error. *Fishburn v. Pierce County Planning and Land Servs. Dep't*, 161 Wn. App. 452, 469 (2011). The County recognizes that the Court will take a liberal, expansive view of the amended complaint. But the point remains that Lummi Nation has put forth the strongest factual allegations it can and those allegations do not correspond to the applicable legal standards. There is no purpose served by deferring a ruling now.

Parenthetically, Lummi Nation has abandoned two of the four recognized exceptions to the public duty doctrine. The County's motion addressed each of them. (Dkt. #60 at 12-14). Lummi Nation's response argues only the legislative intent and failure to enforce exceptions, (Dkt. #63 at 11), and says nothing of the rescue doctrine or the special relationship exception. Those exceptions are waived.

**B. Nothing in Chapter 20.72 WCC states a clear legislative intent to protect tribal members of Lummi Nation.**

Lummi Nation sidesteps caselaw holding that the legislative intent exception depends on a legislative statement of purpose. *Washburn v. City of Federal Way*, 178 Wn.2d 732, 754-55 (2013). Lummi Nation makes policy-based and results-oriented arguments to urge that selected procedural requirements of WCC § 20.72.652 should be stitched together to equate to a legal duty owed to Lummi Nation. (Dkt. #63 at 13, 16-18). Much of Lummi



MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

Nation's argument recites the procedural requirements of WCC § 20.72.652. (*See* Dkt. #63 at 13-17).

Lummi Nation criticizes the County for arguing that the legislative intent exception turns on the purpose statement codified at WCC § 20.72.010, which Lummi Nation discounts as a "cramped interpretation" that "defies the plain meaning of the statute." (Dkt. #63 at 12). The County focused on the legislative purpose statement at WCC § 20.72.010 because it is the law that legislative intent is determined by reference to legislative purpose statements. *Washburn*, 178 Wn.2d at 754-55 ("Typically, we look to the legislature's statement of purpose to discover its intent."); *Baerlein v. State*, 92 Wn.2d 229, 234 (1979) (legislative intent exception did not apply where statute "contains no declaration of purpose to protect individual investors."); *Yonker v. Dept. of Social and Health Servs.*, 85 Wn. App. 71, 79-80 (1997) (analyzing statute's "declaration of purpose" to ascertain legislative intent); *U.S. Oil Trading, LLC v. State Office of Financial Management*, 159 Wn. App. 357, 362 (2011) ("The statutory language must clearly express the intent to protect the identified class."); *Perillo v. Island County*, 15 Wn. App. 2d 618, 632 (2020) (analyzing statement of purpose to ascertain legislative intent).

Lummi Nation argues that the Court should construe a legislative purpose from the procedural requirements of WCC § 20.72.652. (Dkt. #63 at 13-17). In doing so, Lummi Nation advocates for exactly the approach that the Washington Supreme Court rejected in *Ravenscroft v. Wash. Water Power Co.*, 136 Wn.2d 911, 930 (1998) (legislative intent "must be clearly expressed within the provision—it will not be implied"); *accord Ravenscroft v. Wash. Water Power Co.*, 87 Wn. App. 402, 414 (1997), *reversed in part on other grounds*,



MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

136 Wn.2d 911 (1998) ("Legislative intent will not be inferred in the absence of express language."). Lummi Nation's argument is comparable to the failed argument in *Ravenscroft*, in which the court was urged to infer legislative intent from various "statutes and regulations" governing recreational boaters. *Ravenscroft*, 136 Wn.2d at 929. The Washington Supreme Court rejected this argument because the statutes and regulations lacked an "express intent to protect the particular and circumscribed class of recreational boaters." *Id.*, at 930. Lummi Nation asks the Court to attribute to the Whatcom County Council an intent found nowhere in Ch. 20.72 WCC and in doing so tacitly acknowledges the missing key component—an express statement of purpose—to make the exception applicable.

Lummi Nation's reliance on *U.S. Oil Trading* is also misplaced. (Dkt. #63 at 13). The court in *U.S. Oil Trading* found that the legislative intent exception did not apply because the legislation at issue contained no "specific statement of intent" to protect the plaintiff. *U.S. Oil Trading*, 159 Wn. App. at 363-64. Both *Ravenscroft* and *U.S. Oil Trading* confirm that reading a regulatory scheme as a whole does not permit a court to supply an intent not otherwise expressed. Taken directly from its purpose statement, Ch. 20.72 WCC is a zoning chapter designed to "protect the rural character of Point Roberts," WCC § 20.72.010. For its part, WCC § 20.72.652 protects archeological resources through a consultation process.

Neither source declares an intent to protect the entities the County must consult. Nor would this be a sensible inference, even if inferences were a permissible way to proceed, because there is no necessary or even plausible equivalence between a consulted party and a



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

party to whom a duty is intended. The Washington State Office of Archaeology and Historic Preservation, the Whatcom Museum, and the Western Washington Anthropology Department are all identified as having a special role in the review process for development permits near known archaeological resources. WCC § 20.72.652(2)(c). Even where a slightly narrower set of consulted agencies is listed, as at WCC § 20.72.652(2)(a) and (b), including (b)(ii), the terms used in the code identify organizations or entities because of their expertise, not because of an expressed desire to establish a distinct class of persons as beneficiaries of a legal duty enforceable in tort law. The inclusion of the relevant Washington State archaeological agency cuts strongly against the inference raised by Lummi Nation. A state agency can hardly also be a circumscribed class of persons, but instead stands for the public as a whole, which is the antithesis of the public duty doctrine. The legislative intent exception to the public duty doctrine does not apply as a matter of law.

### C. WCC § 20.72.652(3) establishes the County's own obligations rather than any requirements of public conduct.

In its motion to dismiss, the County argued that the failure to enforce exception cannot apply because WCC § 20.72.652 imposes obligations on the County itself. (Dkt. #60 at 11). An agency's failure to comply with its own regulations does not implicate the failure to enforce exception. *Ehrhart v. King County*, 195 Wn.2d at 402; *Woods View II, LLC v. Kitsap County*, 188 Wn. App. 1, 27 (2015); *Smith v. City of Kelso*, 112 Wn. App. 277, 284 (2002).

Lummi Nation alleges in the first amended complaint that the County "had a duty to review Community Connect and ReConnect project permits for impacts on Lummi Nation cultural resources and to consult with the Nation before issuing permits for all projects at



MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

Point Roberts." (Dkt. #56 ¶ 268). In its response brief, Lummi Nation modifies this assertion and argues that the County was negligent in the manner it administered the permits after they were issued. (Dkt. #63 at 19-20). Lummi Nation argues that the County failed to undertake various "mandatory processes" set by WCC § 20.72.652(3) upon the discovery by Whidbey Telecom of ancestral remains. (*Id.*).

Lummi Nation claims that WCC § 20.72.652(3)(a) directs a developer to stop work upon discovering archeological resources and that the County failed to enforce this provision against Whidbey Telecom.[1] (Dkt. #63 at 22). However, nothing in WCC § 20.72.652(3) states that *the County* is charged with a duty to stop work, as opposed to the party that is conducting the development activity and that actually makes the inadvertent discovery. The text of the regulations does not support Lummi Nation's attempt to thrust the stop work obligation onto the County, because it states, first, that the work "shall be stopped immediately" and *subsequently* the occurrence must be "reported as soon as possible to the county." WCC § 20.72.652(3)(a). Following such a report, the County administrator is to provide notice to various agencies and request a site assessment. WCC § 20.72.652(3)(b). Ultimately, WCC § 20.72.652(3) only supports the County's main point: the duties that Lummi Nation alleges were breached arise from the County's own obligations under WCC § 20.72.652(2)—assessment, notification, and consultation in the course of permit review,

[1] Lummi Nation also argues that the Count failed to enforce the terms of its own permits, but cites no law that a permit, rather than a statutory or ordinance requirement, can form the basis of this exception. (Dkt. #63 at 19).



MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

along with notification and assessment in the event of an inadvertent discovery under WCC § 20.72.652(3). (Dkt. #56 ¶¶ 268-69).

In summary, Lummi Nation's argument fails for two reasons. _First_, the amended complaint does not allege that the County possessed actual knowledge of a violation of WCC § 20.72.652 by Whidbey Telecom at a point where the County's failure to enforce its own ordinances was the proximate cause of any damages. The amended complaint alleges that the State Historic Preservation Officer—not the County—determined that a disturbance had occurred within site 45WH560 (associated with the Community Connect project) and issued a stop work order. (Dkt. #56 ¶ 118). The stop work order was issued on May 1, 2023. (Dkt. # 36 at 11). The amended complaint also alleges that the County issued an encroachment permit for Community Connect as late as September 9, 2024, or after the County acknowledged a failure to complete its site assessment and notification process for prior permits. (Dkt. # 56 ¶ 34). This shows neither knowledge of a violation specific to the September 9, 2024, permit issuance, nor does it show knowledge of a violation relevant to that permit caused by Whidbey Telecom, whose work on Community Connect had already been stopped. (Dkt. #56 ¶ 34).

_Second_, the County's awareness by August 2024 of its errors, even if coupled with violation of an *ordinance regulating Whidbey Telecom*, would still be insufficient to state a claim because an actionable failure to enforce theory must also show a non-discretionary mandatory duty to take specific action on the government's part. *Forest v. State*, 62 Wn. App. 363, 369, 370 (1991). The amended complaint does not allege anything on this point. To reiterate, USDA had already issued a stop work order on Community Connect (the project



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

associated with the September 9, 2024, County encroachment permit) on May 1, 2023. (Dkt. # 36 at 11; Dkt. #32-1 at 15). At bottom, Lummi Nation confuses the issue because WCC § 20.72.652(3) states notification obligations of the County, as well as stop work obligations of the party making an inadvertent discovery, but does not prescribe a mandatory corrective duty on the County if any of these are not met. Whether Whidbey Telecom did or did not fulfill its own inadvertent discovery duties, including for the encroachment permit of September 9, 2024, at a time when work had been stopped anyway, is an unrelated matter.

The rule is that allegations that a governmental agency has failed to comply with its own regulations do not implicate the failure to enforce exception. This exception is to be narrowly construed. *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 531 (1990). Lummi Nation's narrative of consequences for the failure to consult cannot supply the justification for the exception.

**D. Lummi Nation's timeliness objection is in error.**

Lummi Nation's timeliness objection elevates form over substance. (Dkt. #63 at 5-7). Federal courts routinely consider arguments under a Rule 12(b)(6) motion that otherwise could be brought in a later Rule 12(c) motion. *See Western Digital Tech., Inc. v. Viasat, Inc.*, No. 22-cv-04376-HSG, 2023 WL 7739816, at *2 (N.D. Cal. Nov. 15, 2023); *Jensen v. Knowles*, 821 F. Supp. 2d 621, 625-26 (E.D. Cal. 2008); *Patrick v. Rivera-Lopez*, 708 F.3d 15, 18 (1st Cir. 2013).

Lummi Nation twice cites *SEC v. Sandifur*, No. C05-1631C, 2006 WL 538210, (W.D. Wash. March 2, 2006), to argue that a "motion to dismiss filed after an answer is untimely" (Dkt. #63 at 4, 5), but in the next sentence of *Sandifur* Judge Coughenour also



MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

noted that "12(h) and 12(c) together preserve a party's ability to make the 12(b)(6) defense at any time." *Sandifur*, at *10. Also overlooked by Lummi Nation is the fact that the Rule 12(b)(6) motion joinder in *Sandifur* was allowed to proceed, not barred as untimely. *Id*.

Should the Court perceive some benefit to its review process, the County will certainly answer the first amended complaint within fourteen days as required by Rule 12(a)(4)(A) and then file a "functionally identical" motion under Rule 12(c). *See Google LLC v. EcoFactor, Inc.*, 602 F. Supp. 3d 1265, 1268 (N.D. Cal. 2022). Under similar circumstances, the Ninth Circuit has recognized that this result "can produce unnecessary and costly delays[.]" *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017).

## III. CONCLUSION

The Lummi Nation's negligence claim—the sole claim it asserts against the County—should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

I certify that this memorandum contains 3,173 words, in compliance with the Local Civil Rules.

DATED this 8th day of September, 2026.

MENKE JACKSON BEYER, LLP

*s/Kenneth W. Harper*
Kenneth W. Harper, WSBA #25578

*s/Quinn N. Plant*
Quinn N. Plant, WSBA #31339
807 North 39th Avenue
Yakima, WA 98902
(509) 575-0313
kharper@mjbe.com
qplant@mjbe.com
*Attorneys for Defendant Whatcom County*



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that on this day I caused the foregoing document to be filed in the United States District Court for the Western District of Washington via CM/ECF, and served a true and correct copy of the document as follows:

| | |
|---|---|
| ***Counsel for Plaintiffs:***<br>Gregory A. Werkheiser<br>Marion Forsyth Werkheiser<br>Lydia Dexter<br>Katherine Sorrell<br>Jessie Barrington<br>Charles N. Curlett, Jr.<br>Cultural Heritage Partners, PLLC<br>1811 E. Grace St., Suite A<br>Richmond, VA 23223 | greg@culturalheritagepartners.com<br>marion@culturalheritagepartners.com<br>lydia@culturalheritagepartners.com<br>katherine@culturalheritagepartners.com<br>jessie@culturalheritagepartners.com<br>charles@culturalheritagepartners.com<br>hannah@culturalheritagepartners.com |
| ***Counsel for Plaintiff:***<br>Gabriel David Cantu<br>Lummi Nation Indian Nation<br>2665 Kwina Road, Suite 2600<br>Bellingham, WA 98226 | gabrielc@Lummi Nation-nsn.gov |
| ***Counsel for Defendant Whidbey Telephone Company/Whidbey Telecom:***<br>Rory W. Leid, III<br>Kimberly Larsen Rider<br>Ashley J. Stephens<br>Alexander Walton<br>Wathen Leid Hall Rider, P.C.<br>222 Etruria Street<br>Seattle, WA 98109-1959 | rleid@wlhr.legal<br>krider@wlhr.legal<br>astephens@wlhr.legal<br>awalton@wlhr.legal<br>schakalo@wlhr.legal |



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

| | |
|---|---|
| ***Counsel for Defendant Whidbey Telephone Company/Whidbey Telecom:***<br>Steven G. Wraith<br>Corinna Pilat<br>Wilson, Elser, Moskowitz, Edelman & Dicker, LLP<br>520 Pike Street, Suite 2350<br>Seattle, WA 98101 | Steven.wraith@wilsonelser.com<br>Corinna.pilat@wilsonelser.com<br>Marie.sharpe@wilsonelser.com<br>Freida.mason@wilsonelser.com |
| ***Counsel for Defendant United States Department of Agriculture and United States Department of Commerce:***<br>Kyle Lyons-Burke<br>Gabriel Lopez<br>U.S. Department of Justice<br>ENRD/NRS<br>150 M Street NE<br>Washington D.C. 20002 | Kyle.lyons-burke@usdoj.gov<br>Gabriel.lopez2@usdoj.gov |

Dated at Yakima, Washington, this 8th day of September, 2026.

*s/Cindy Maley*
Cindy Maley, Legal Assistant



**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351