UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUMMI NATION,

Plaintiff,

vs.

WHIDBEY TELEPHONE COMPANY, et al.,

Defendants.

Case No. 2:26-cv-01435-KKE

**PLAINTIFF LUMMI NATION'S RESPONSE IN OPPOSITION TO DEFENDANT WHIDBEY TELECOM'S MOTION TO DISMISS**

**NOTE ON MOTION CALENDAR: September 24, 2026**

## I. INTRODUCTION

Defendant Whidbey Telecom's Motion to Dismiss, Dkt. #62, rests on a fundamental mischaracterization of both the Washington Indian Graves and Records Act ("IGRA"), RCW 27.44, and the allegations in the Amended Complaint, Dkt. #56. Whidbey Telecom wrongly asserts that only an initial disturbance of a burial ground violates IGRA and misconstrues the Amended Complaint as failing to establish Whidbey Telecom's breach of continuing obligations under IGRA.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

First, IGRA imposes an ongoing statutory obligation: persons "disturbing" native Indian graves "shall reinter the human remains under the supervision of the appropriate Indian tribe." RCW 27.44.040(1). Whidbey Telecom has failed to fulfill that mandatory duty. As Plaintiff Lummi Nation ("the Nation") alleges in the Amended Complaint, Whidbey Telecom has not reinterred the Nation's ancestral remains, despite the Nation's repeated requests that Whidbey Telecom coordinate with the Nation to carry out the reinterment as required by law. The mandatory reinterment duty under RCW 27.44.040(1) is an affirmative, ongoing statutory command that Whidbey Telecom violates today, and each day of non-performance constitutes a new breach. Whidbey Telecom's ongoing breach of that duty is not merely a lingering consequence of a completed act.

Second, Whidbey Telecom ignores—and refuses to assess—Lummi ancestral remains subject to ongoing exposure, dispersal, and vulnerability to further damage from Community Connect and ReConnect's approximately 3,100 feet of collective trenching through known Lummi burial grounds. Whidbey Telecom has prevented archaeologists and the Nation from fully evaluating the disturbance resulting from its trenching of the burial grounds, and the scope of damage from these projects remains unknown. This ongoing exposure at two separate Lummi burial grounds on Point Roberts constitutes an ongoing, knowing disturbance perpetuated by Whidbey Telecom, and it is a separate, continuing violation of IGRA. RCW 27.44.040(1).

In addition to the ongoing violations from Community Connect and ReConnect, less than one year ago, Whidbey Telecom knowingly disturbed a cranial fragment during project activities for its Middle Mile project. Operating in close proximity to ReConnect, where Whidbey Telecom knew it would likely encounter Lummi ancestral remains, Whidbey Telecom began project activities that led to the permanent loss of the cranial fragment, which now can



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

never be recovered or reinterred. The Middle Mile disturbance occurred in November 2025, well within even a narrow interpretation of the limitations period. Whidbey Telecom's IGRA violation at Middle Mile independently sustains Count VII as alleged and is timely beyond dispute. Whidbey Telecom's own Motion acknowledges the Middle Mile disturbance occurred squarely within the limitations period, which is why it attempts to characterize Count VII as a single claim that must rise or fall together. Unsurprisingly, Whidbey Telecom provides no authority for its assertion that Count VII should be dismissed in its entirety, notwithstanding its admission that the facts related to Middle Mile are sufficient to support the claim. Dkt. #62 at 6. From the moment Lummi Nation learned that Whidbey Telecom had disturbed its ancestral burial grounds, the Nation made clear demands that Whidbey Telecom honor its statutory obligations, demands that Whidbey Telecom still has not fulfilled, including: taking measures to prevent additional and ongoing damage to Lummi ancestors; conducting comprehensive damage assessments to understand the scope of damage; and undertaking prompt reinterment under Tribal supervision. The Nation made its demands in every form available to it, including repeated written requests to Defendants and in meetings with Whidbey Telecom, United States Department of Agriculture - Rural Utilities Service ("RUS"), and the Washington State Historic Preservation Office ("SHPO"). Declaration of Lena Tso in Support of Plaintiff's Motion for Preliminary Injunction ("Tso Decl."), Dkt. #12-2, ¶¶ 7–25. Whidbey Telecom responded with delay, stonewalling, and active concealment of additional violations that directly prevented Lummi Nation from knowing the full scope of its injuries and impaired its ability to evaluate its options for redress. Whidbey Telecom has not authorized or completed a damage assessment for any of the three projects. Not a single ancestral remain has been reinterred under Tribal supervision. And Whidbey Telecom has not reasonably secured or ensured protection of the



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

Lummi ancestors damaged, dispersed, and exposed by the projects' thousands of feet of trenching, as required by IGRA. Accordingly, this case concerns, and the Nation has squarely alleged, ongoing statutory violations—not simply a historical disturbance that ended years ago. The violations the statute defines are not discrete completed acts confined to a single moment in time. A limitations clock tethered to discovery of the violation cannot run to completion while the violation itself continues unabated and the mandatory duty has never been performed. Accepting the Amended Complaint's well-pleaded allegations as true, Plaintiff has plausibly alleged ongoing violations of IGRA, and the Motion to Dismiss should therefore be denied.

## II. LEGAL STANDARD

A motion to dismiss must be denied if the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A court must accept all well-pled factual allegations in a complaint as true and must draw all reasonable inferences in the plaintiff's favor. *Id.* A statute of limitations defense is an affirmative defense, which means the defendant bears the burden of proving that the action is time barred. *Payan v. Aramark Mgmt. Servs. L.P.*, 495 F.3d 1119, 1122 (9th Cir. 2007). Indeed, dismissal under Federal Rule of Civil Procedure ("FRCP" or "Rule") 12(b)(6) on statute of limitations grounds is proper only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citation modified).



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

Whidbey Telecom argues that the untimeliness is apparent on the face of the Amended Complaint (Dkt. #62 at 6); however, all factual inferences belong to the Nation, and the facts alleged in the Amended Complaint support a finding of a continuous disturbance under IGRA for the Community Connect and ReConnect projects. The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," resolving every ambiguity in Lummi Nation's favor. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). IGRA also requires liberal construction. RCW 27.44.901 provides: "This act is to be liberally construed to achieve the legislature's intent." That intent—stated in RCW 27.44.030—is to protect Native burial grounds from both "deliberate desecration" and "careless indifference." The statute should be construed to allow the merits to be reached in this case.

## III. ARGUMENT

**A. Lummi Nation plausibly alleges facts that establish the timeliness of its IGRA claims and the Court should therefore deny the Rule 12(b)(6) Motion.**

The Court should deny Whidbey Telecom's Rule 12(b)(6) Motion. Whidbey Telecom's Motion to Dismiss asserts only a statute-of-limitations defense, which is rebutted by the facts as alleged in the Amended Complaint. The facts demonstrate Whidbey Telecom's ongoing IGRA violations from its activities for Community Connect and ReConnect, as well as its IGRA violations from Middle Mile, including a disturbance that occurred in November 2025, less than six months before the Nation initiated this litigation. A "Rule 12(b)(6) motion may be granted when a statute-of-limitations defense is apparent on the face of the complaint." Dkt. #62 at 3; *Seven Arts Filmed Ent. Ltd. v. Content Media Corp., PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013). Yet, courts should not grant a motion to dismiss if a party can prove a set of facts establishing



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

that the statute was tolled. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995). Such a complaint cannot be dismissed unless "it appears *beyond doubt that the plaintiff can prove no set of facts* that would establish the timeliness of the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Supermail Cargo*, 68 F.3d at 1206) (emphasis added). Because all factual inferences must be drawn in favor of the Nation, and the Nation plausibly alleges continuous disturbance, the Nation has pled a set of facts that establish the timeliness of the claim. *Iqbal*, 556 U.S. at 678. Thus, the Court should deny Whidbey Telecom's Motion to Dismiss. *See Von Saher*, 592 F.3d at 969.

**B. Whidbey Telecom's IGRA violation at Middle Mile occurred five months before Lummi Nation filed suit and independently sustains the Nation's IGRA claim.**

Count VII alleges IGRA violations arising from three separate projects: Community Connect, ReConnect, and Middle Mile. The Middle Mile disturbance occurred on November 6, 2025. Lummi Nation filed its Complaint on April 27, 2026—less than six months later, and unambiguously within the limitations period under RCW 27.44.050(1) as interpreted by Whidbey Telecom.[1] Whidbey Telecom does not, indeed cannot, contend that the Middle Mile theory of Count VI is untimely. Count VII survives based on the violations from Middle Mile alone.

Through its work for Middle Mile, Whidbey Telecom independently violated IGRA, because it knowingly conducted project activities in close proximity to the same archaeological

[1] The Nation then amended the Complaint on July 27, 2026, Dkt. #56, adding an additional claim for only Federal Defendant National Telecommunications and Information ("NTIA"), which mooted Whidbey Telecom's first Motion to Dismiss, Dkt. #41.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

site ("45WH525") and known Lummi burial ground disturbed by ReConnect. Indeed, long before the survey for Middle Mile began, the Nation repeatedly warned Whidbey Telecom of the potential for impacts to Lummi ancestors at 45WH525 and its surrounding area at Point Roberts. Instead of heeding these warnings, Whidbey Telecom once again chose to operate in a known sensitive area, this time providing only three days' advance notice to the Nation's Tribal Historic Preservation Officer ("THPO") (the typical minimum notice period for Tribal consultation is thirty days). 36 C.F.R. §§ 800.3(c)(4), 800.4(d)(1); Tso Decl., Dkt. #12-2 ¶¶ 22–24. As a direct result of project operations, Whidbey Telecom disturbed a cranial fragment on November 6, 2025, which is now permanently lost. Whidbey Telecom attempts to minimize its role in the disturbance and ultimate loss of this cranial fragment by stating that the cranial fragment lay on the surface of the ground when Whidbey Telecom's project activities began. Dkt. #33 at 8–9. Yet, IGRA applies to "any person engaged in ground disturbing activity and who encounters or discovers skeletal human remains in *or on the ground*." RCW 27.44.055(2) (emphasis added). Whidbey Telecom's project activities for Middle Mile constitute knowing disturbance in violation of IGRA, RCW 27.44.040(1), and they further exhibit Whidbey Telecom's callous recklessness in continuing to operate at known sensitive sites at Point Roberts likely to contain Lummi burial grounds. This violation independently establishes that Count VII is not time barred.

Whidbey Telecom's structural argument—that Count VII must "rise or fall" as a single claim, because the Nation pleaded it as a single count—is wrong. Under FRCP 8(d)(2), a pleading may contain alternative factual predicates within a single count, and "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Courts dismiss only time barred predicates, not the entire count, when timely predicates remain. *See,*



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

*e.g.*, *Doe v. Hilton Domestic Operating Co. Inc.*, No. 3:24-cv-00289-SLG, 2025 WL 3251441, at *4 (D. Alaska Nov. 21, 2025) ("If it is apparent from the face of the complaint that some aspect of a claim should be dismissed for untimeliness, … dismissal of the untimely portion is appropriate under Rule 12(b)(6)."); *Tripati v. Corizon Inc.*, No. 16-CV-00282, 2017 WL 11482284, at *14 (D. Ariz. Mar. 7, 2017) ("Plaintiff's allegations in Count IV will be dismissed to the extent that they are time-barred."); *Begley v. Cnty. of Kauai*, No. 16-CV-00350, 2018 WL 3638083, at *5 (D. Haw. July 31, 2018) ("The portions of Count IV based on time-barred incidents are therefore dismissed."). If the Court determines some predicates untimely, the remedy is to limit those predicates—not to dismiss the count in its entirety. Because Whidbey Telecom concedes that allegations concerning Middle Mile are not time barred, Count VII must survive, at least in part, the Motion to Dismiss.

**C. Washington courts routinely apply the continuing violation doctrine in cases where, as here, defendants fail to terminate or remediate an ongoing wrong.**

Count VI alleges that Whidbey Telecom has violated multiple, overlapping provisions of IGRA, all of which involve ongoing, mandatory duties that Whidbey Telecom has failed to complete. Specifically, as detailed above, the primary duties Whidbey Telecom violates on an ongoing basis, to this day, for both Community Connect and ReConnect, are: 1) the duty to reinter Lummi ancestors; and 2) the duty to prevent ongoing disturbance and damage to Lummi remains. Because of the plain language of IGRA, the nature of the alleged violations, and equitable principles, the continuing violation doctrine applies.

Where wrongful actions or statutory violations are ongoing, Washington courts apply the continuing violation doctrine (also called the continuing tort doctrine) as an equitable—and in some contexts, like here, textually grounded—exception to otherwise narrowly construed



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

limitations periods. *See, e.g.*, *Doran v. City of Seattle*, 24 Wn. 182, 188 (1901) (plaintiff may bring successive actions "until the wrong or nuisance shall be terminated or abated"); *M.R. v. State*, 4 Wn.3d 702, 721–23 (2025); *Antonius v. King County*, 153 Wn.2d 256, 262 (2004). "[T]he continuing tort doctrine is applied for statute of limitations purposes when no single incident in a chain of tortious activity can fairly or realistically be identified as the cause of significant harm." *M.R.*, 4 Wn.3d at 721. Where the continuing violation doctrine applies, "the statute of limitations runs from the date each successive cause of action accrues as manifested by actual and substantial damages." *Fradkin v. Northshore Util. Dist.*, 96 Wn.App. 118, 123 (1999).

To determine whether to apply the continuing violation doctrine, Washington courts begin by looking at the plain meaning of the applicable limitations statute and then examine the legislative intent and purpose of that statute. "The 'fundamental objective' of statutory interpretation is to 'ascertain and carry out the Legislature's intent.'" *M.R.*, 4 Wn.3d at 712 (internal citations omitted). Where a statute accounts for violations that are of a "continuous nature," courts have interpreted statutes to "account for the continuing tort doctrine in the statute's application." *Id.* at 722.

Here, reading the plain language of IGRA shows the legislature's intent to account for continuing violations. RCW 27.44.050 states that "an Indian tribe [] shall have a civil action" against "any person who is alleged to have violated RCW 27.44.040" "within two years of the discovery of the violation by the plaintiff." RCW 27.44.040(1) mandates reinterment of human remains "under the supervision of the appropriate Indian tribe." Failure to reinter under Tribal supervision is a violation of RCW 27.44.040. RCW 27.44.040(4) calls for "reasonable efforts" to "preserve the remains." Failure to do so is a violation of RCW 27.44.040 and leaves the



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

person who disturbs Indian graves without a complete defense to criminal liability under the provision. *See also* RCW 27.44.055(2) (requiring persons who disturb human remains to "[i]mmediately cease any activity which may cause further disturbance;" "[m]ake a reasonable effort to protect the area from further disturbance;" and be "otherwise in compliance with applicable law" as a condition for release from "criminal and civil liability").

Additionally, IGRA is broadly written, and a plain reading of the "expansive scope" of the entire statute takes into account "the legislature's intent to provide" affected Tribes with "broad protections." *See M.R.*, 4 Wn.3d at 713, 718. RCW 27.44.901 explicitly states that IGRA "is to be liberally construed to achieve the legislature's intent." And RCW 27.44.030(3)–(4) acknowledge the "careless indifference in cases of accidental disturbance of sites, graves, and burial grounds[,]" stating that "Indian burial sites… are to be protected[.]" As demonstrated by *Swinomish Indian Tribal Community v. Island County*, 87 Wn. App. 552, 558–59 (1997), Washington courts have interpreted IGRA by erring on the side of liberal construal to effectuate the legislature's broad purpose in enacting the statute, rather than imposing limitations on the statute's application. Viewing IGRA as a whole, it is clear that the legislature intended for the statute to apply to ongoing disturbances, failures to reinter, and other violations of public and Tribal notice and site protection.

Washington courts have primarily applied the continuing violation doctrine in two contexts: (1) property torts, *see, e.g.*, *Doran*, 24 Wn. at 185 (nuisance); *Fradkin*, 96 Wn.App. at 118 (continuing trespass); *Woldson v. Woodhead*, 159 Wn.2d 215, 221–23 (2006) (continuing trespass); *Bradley v. Am. Smelting & Ref. Co.*, 104 Wn.2d 677, 695 (1985) (pollution); and (2)



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

employment discrimination, *see, e.g.*, *Antonius*, 153 Wn.2d at 262.[2] In both of these contexts, courts take particular note of the nature of the violations, and their analyses in those scenarios provide helpful guidance to apply to the facts of this case.

In employment discrimination cases, the continuing violation doctrine applies to a pattern or practice of unlawful conduct, because a string of individual, discrete acts "collectively constitute one unlawful employment practice." *Antonius*, 153 Wn.2d at 265–66 (relying on *Nat'l R.R Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002)). In property torts cases, the continuing violation doctrine applies to "continuing offending intrusion[s]" where "[e]very moment, arguably, is a new tort." *Woldson*, 159 Wn.2d at 219.

The nature of the violations Count VII alleges are of a similar continuing, ongoing nature as those in employment discrimination and property torts contexts. Here, the continued presence of displaced, disinterred remains—removed from their burial context without Tribal supervision and denied reinterment constitute continuing violations. Whidbey Telecom's archaeologists recovered human remains from at least three individuals, as well as funerary items, during the limited Community Connect assessment—from only four pothole trenches in a 2.8-mile construction corridor. Additional remains may lie along approximately 3,100 feet of unassessed trench dug for Community Connect and ReConnect. In addition, the cranial fragment disturbed by Middle Mile is permanently lost. Whidbey Telecom has not reinterred

---

[2] Washington courts have declined to extend the continuing violation doctrine to negligence claims. *See Cox v. Oasis Physical Therapy, PLLC*, 153 Wn.App. 176, 192 (2009); *Carter v. MultiCare Health System*, 31 Wn.App.2d 755 (2024). But subsequent to these decisions, Washington courts have indeed applied the doctrine "beyond cases involving damage to real property," 31 Wn.App.2d at 779, using the doctrine where there is a "continuing course of conduct." *See, e.g.*, *Vuth v. Tavakoli*, No. 60445-1-II, 2026 WL 1799215, --- P.3d ---, at *12 (Ct. App. Wash. June 23, 2026) (applying the doctrine to claim of intentional infliction of emotional distress); *M.R.*, 4 Wn.3d at 722 (applying the doctrine to claim of childhood sexual abuse).



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

even the known disturbed remains under Lummi supervision, RCW 27.44.040(1), nor has it made reasonable efforts to protect the disturbed areas from ongoing disturbance through exposure, additional damage, and dispersal. RCW 27.44.040(4), 27.44.055(2).

Whidbey Telecom mischaracterizes its ongoing violations as a "continuing effect" of a completed act, which courts have declined to treat as a continuing violation. *Antonius*, 153 Wn.2d at 265–66; *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746, 748 (9th Cir. 2019). By focusing solely on the initial disturbances themselves—and when the Nation learned of those disturbances—Whidbey Telecom attempts to compartmentalize its violations into discrete acts, with a set end point. Dkt. #62 at 7–8. Yet, IGRA specifically addresses the imperative to cooperate with Tribes to reinter—not as a consequence of the original disturbance, but as a separate, affirmative duty imposed by the statute. RCW 27.44.040(1). Each day Whidbey Telecom fails to perform that command is a new breach of a present statutory obligation—a new act of non-performance, not a lingering effect. Washington courts have recognized exactly this distinction between discrete completed acts and ongoing practices and still apply the continuing violation doctrine to ongoing unlawful practices. *See Antonius*, 153 Wn.2d at 265–66. Whidbey Telecom's daily failure to reinter is a continuing unlawful practice, not the aftermath of a completed act.

Indeed, the cultural and spiritual harm to the Nation from the inability to reinter Lummi ancestors and from the ongoing disturbance, exposure, and displacement of ancestral remains constitutes precisely the kind of actual and substantial damage That harm compounds every day remains sit disinterred.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

**D. Whidbey Telecom continues to prevent Lummi Nation from reinterring ancestral remains disturbed by its projects.**

Whidbey Telecom has continually failed to reinter Lummi ancestors it disturbed for Community Connect, ReConnect, and Middle Mile. RCW 27.44.040(1). The cranial fragment disturbed by Middle Mile is permanently lost and cannot be reinterred. The remains recovered from Community Connect's partial damage assessment—seventeen fragments from three individuals—sit in Whidbey Telecom's storage facility to this day, no closer to repossession by the Nation or reburial than the day Whidbey Telecom disturbed them. Tso Decl., Dkt. #12-2 ¶ 12; Declaration of Robert Whitlam in Support of Plaintiff's Motion for Preliminary Injunction ("Whitlam Decl."), Dkt. #12-3 ¶ 9. And because Whidbey Telecom did not allow a comprehensive damage assessment[3] for the additional trenching for Community Connect or any of the work done for ReConnect, Lummi Nation remained unable to accurately assess the damage from approximately 3,100 feet of trenching running through known Lummi burial grounds for these two projects. The Nation, therefore, also remained unable to recover and rebury the many additional ancestors likely disturbed by Whidbey Telecom's construction. Not a single disturbed ancestral remain from any of the three projects has been reinterred under Tribal supervision.

RCW 27.44.040(1) provides that persons disturbing graves through inadvertence "shall reinter the human remains under the supervision of the appropriate Indian tribe." This obligation is absolute. It does not depend on Tribal request, permit negotiations, completion of

---

[3] This Court granted Lummi Nation's Motion for a Preliminary Injunction, in part, allowing the Nation to begin the damage assessment process and begin planning for reinterment of Lummi ancestors. Dkt. # 54. It is only through the intervention of the Court that the Nation has been able to begin this process.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

administrative processes, or court order. It attaches the moment disturbance occurs and remains unfulfilled until complete under Tribal supervision. Yet, Whidbey Telecom has failed to comply with this legal obligation for each of the three disturbances that occurred at Point Roberts from Whidbey Telecom's three separate projects operating at known Lummi burial grounds. Whidbey Telecom violates this mandatory duty every day that Lummi ancestors remain disinterred.

Other provisions of IGRA reenforce failure to reinter as an independent violation of the statute. RCW 27.44.050 allows Tribes to pursue civil action for violations of 27.44.040, including the failure to reinter, and 27.44.050(3)(b) provides "injunctive or such other equitable relief" as an avenue for courts to "order…the reinterment of human remains" when the person who disturbs the remains fails to do so themselves. More broadly, IGRA's purpose, as stated in RCW 27.44.030 clearly articulates the legislature's intent to remedy not only "deliberate interference" with Indian graves, but also "careless indifference in cases of accidental disturbance." RCW 27.44.901 then requires courts to liberally construe IGRA to effectuate that legislative intent. *Swinomish*, 87 Wn.App. at 557. *See also State v. Hansen*, 122 Wn.2d 712, 717 (1993) (affirming that to determine legislative intent, a court considers the statute as a whole rather than placing undue emphasis on any individual section). Accordingly, in *Swinomish*, one of the few cases directly interpreting IGRA, the Washington Court of Appeals refused to limit IGRA's application where no limit exists in the statute. *See* 87 Wn.App. at 558. The court found, in fact, that "[w]hile RCW 27.44.050 clearly contemplates that a person who violates the criminal statute also be subject to civil liability, it does not state that a civil action may be brought *only* in that circumstance." *Id.* The court rejected a limited interpretation of the legislature's intent in imposing IGRA's civil liability in the first place, stating that the



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

legislature's purpose extended beyond simply encouraging voluntary reporting and respectful handling of remains, "to address situations where '[t]here has been careless indifference in cases of accidental disturbance of sites, graves, and burial grounds.'" *Id.* at 559 (quoting RCW 27.44.030). Just as the court in *Swinomish* liberally construed the application of civil liability under IGRA, this Court should similarly construe IGRA to include failure to reinter as a violation of RCW 27.44.040. The statute establishes this violation as ongoing and continuous when, as here, Whidbey Telecom has taken no action to fulfill its duty to reinter. Worse yet, Whidbey Telecom has actively prevented Lummi Nation from reburying its ancestors by refusing to cooperate with the Nation, provide information to the Nation, or allow a comprehensive damage assessment of its projects.

**E. Whidbey Telecom disturbed—and continues to disturb—Lummi graves.**

Whidbey Telecom failed to comply with IGRA's requirements—including RCW 27.44.055's mandate to cease further ground disturbing activities, notify appropriate officials, and secure the disturbed site—when the initial disturbances from Community Connect and ReConnect occurred. Beyond this initial failure, Whidbey Telecom continues to disturb Lummi graves to this day, because it has taken no curative action to protect ancestral remains damaged and dispersed by Community Connect and ReConnect's approximately 3,100 feet of trenching from further exposure, destruction, dispersal, and loss. Dkt. #56 ¶¶ 35, 37, 152. In addition to the duty to reinter, IGRA's built-in protections recognize that halting construction alone does not cease burial ground disturbance. *See, e.g.*, RCW 27.44.055(2) (requiring "[a]ny person engaged in ground disturbing activity and who encounters or discovers skeletal human remains in or on the ground [to]: (a) [i]mmediately cease any activity which may cause further disturbance; (b) [m]ake a reasonable effort to protect the area from further disturbance; [and] (c)



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

[r]eport the [disturbance to local authorities] in the most expeditious manner possible"); RCW 27.44.040(4). The disturbance continues so long as remains are displaced, exposed, and unprotected, absent the curative reinterment and site protection the statute commands. IGRA, in fact, only releases the person who conducts the ground disturbing activity from criminal or civil liability if that person complies with protective measures meant to prevent ongoing damage and disturbance to the site. RCW 27.44.055(2)(d); RCW 27.44.040(4). Curative action includes not only immediately ceasing construction upon encountering human remains, which Whidbey Telecom failed to do for both Community Connect and ReConnect. RCW 27.44.040(4) also requires "reasonable efforts…to preserve the remains…or artifacts" and proper reporting of the disturbance; without taking these actions, the statute states that a defendant does not have a complete defense to criminal liability under IGRA.

Whidbey Telecom claims it has adequately secured the disturbed sites, but it left trenches and spoil piles containing human remains and artifacts exposed from Community Connect, protected by nothing more than tarps and plywood, for a period of nearly two years. Dkt. #56 ¶¶ 109–10. And the partial damage assessment for Community Connect only assessed four pothole trenches and five spoil piles from a 2.8-mile construction corridor, recovering exposed remains at only a fraction of the disturbed site. *Id.* ¶ 123; Tso Decl., Dkt. #12-2 ¶ 14. This partial damage assessment left at least 1,000 feet of trenching unassessed, with potential ongoing exposure of displaced and disinterred remains from this ground-disturbing activity throughout the remainder of the construction corridor. Whitlam Decl., Dkt. #12-3 ¶ 8. In spite of repeated requests from Lummi Nation and the recommendations of Whidbey Telecom's own archaeologists, as well as the State Archaeologist, Whidbey Telecom continues to refuse to assess the entirety of the Community Connect project route, which runs through known Lummi



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

burial grounds, for damage. No one, therefore, knows the full extent of disturbance at the archaeological site where Whidbey Telecom dug trenches for Community Connect ("45WH560").

For ReConnect, Whidbey Telecom has also left 45WH525 exposed since construction began in March 2021—more than five years—without protective measures or curative action of any kind. Tso Decl., Dkt. #12-2 ¶ 27. This condition continues to this day, and, in the face of repeated requests and stated concern from the Nation, Whidbey Telecom has not provided any substantive information about this project. Instead, Whidbey Telecom denies the possibility that any damage occurred, even when the project involved at least 2,100 feet of trenching straight through a known Lummi burial ground. Dkt. #33 at 16. The Nation only learned that RUS imposed a stop work order on ReConnect through Whidbey Telecom's own exhibit submitted as part of its opposition to the Nation's Motion for Preliminary Injunction. This stop work order indicates the federal agency's concern that the same type of damage that Community Connect inflicted on Lummi burial grounds also occurred as a result of ReConnect. Dkt. #36-B. Indeed, Whidbey Telecom has also refused to conduct a damage assessment for ReConnect preventing expert evaluation to determine the scope of damage.

Finally, Whidbey Telecom claims it has secured the sites by backfilling trenches, but if archaeologists never assessed those areas for damage before Whidbey Telecom filled the trenches, the condition of any Lummi ancestors dug up, broken, and then subsumed under the fill remains entirely unknown. Indeed, covering already damaged remains with fill does not secure those remains; without proper recovery and care, it subjects them to the likelihood of more destruction. Disturbed soil fill can cause compression damage and introduce chemicals that accelerate degradation, as well as hard materials that can crush and abrade bone and



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

artifacts even more. To this day, the Nation does not even know what type of fill Whidbey Telecom used to close construction trenches, including whether it used the soil originally removed to dig the trenches. The ongoing failure to properly secure and protect human remains at these sites from further damage, exposure, and dispersal constitutes yet another continuing violation of IGRA.

**F. Equitable tolling bars dismissal.**

In the alternative, if the Court concludes the claims related to Whidbey Telecom's actions for Community Connect or ReConnect have accrued outside the applicable limitations period, the doctrine of equitable tolling applies, and the Court should still deny the Motion to Dismiss. Washington courts apply equitable tolling when "(1) the plaintiff has exercised diligence, (2) the defendant's bad faith, false assurances, or deception has interfered with the plaintiff's diligent efforts, (3) tolling is consistent with (a) the purpose of the underlying statute and (b) the purpose of the statute of limitations, and (4) justice requires tolling the statute of limitations." *Fowler v. Guerin*, 200 Wn.2d 110, 113 (2022) (en banc); *Millay v. Cam*, 135 Wn.2d 193, 206 (1998) (en banc). While the Nation bears the burden of establishing equitable tolling, it readily meets that burden here. *See Price v. Gonzalez*, 4 Wn.App.2d 67, 75 (2018).

First, the Nation exercised diligence throughout this process. Rather than immediately resorting to litigation, the Nation undertook its own investigation into the disturbance of its ancestral burial grounds, repeatedly sought project information from Whidbey Telecom, and consistently solicited comprehensive damage assessments, maps of project routes, and proper consultation to determine the full scope of the damage and the status of its ancestors' remains. The Nation did not sit on its rights; it actively pursued them through investigation, correspondence, and sustained engagement with Whidbey Telecom.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

Second, Whidbey Telecom's conduct prevented the Nation from timely pursuing litigation. For nearly three years, Whidbey Telecom represented its willingness to work toward a comprehensive resolution, sending two of its officials to attend regular meetings with RUS, the SHPO, and the Nation to discuss the damage done by Community Connect. Meetings between federal agencies, developers, and Tribes are typical in the post-disturbance context when it becomes apparent that parties have failed to comply with the National Historic Preservation Act's Section 106 process. The Nation participated in those discussions in good faith, reasonably believing that Whidbey Telecom intended to fulfill its obligations and meaningfully address the harm it had caused. It also reasonably believed RUS would compel Whidbey Telecom to bring its projects into compliance with the terms of its permits. Yet, throughout this period, even as it continued to participate in discussions and signaled that cooperative resolution remained possible, Whidbey Telecom perpetuated delays, refused to answer substantive questions about ReConnect and Middle Mile, and only authorized a partial damage assessment for the disturbance from Community Connect. Nonetheless, Lummi Nation persisted in meeting with the parties, making consistent demands of each of the Defendants, including Whidbey Telecom, throughout the course of the discussions. Only after RUS and Whidbey Telecom became entirely unresponsive to further inquiry about the projects, and regular meetings between the parties ended after September 2025, did it become apparent that Whidbey Telecom would neither complete the promised work nor facilitate the respectful reinterment of Lummi ancestors. Only then was the Nation forced to conclude that judicial intervention offered the sole remaining path to resolution. The Court should not allow Whidbey Telecom to punish the Nation now with its narrow interpretation of IGRA's statute of



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

limitations when its own false assurances prolonged the Nation's efforts to resolve the matter short of litigation.

Third, equitable tolling advances, rather than frustrates, the purposes of IGRA. The legislature enacted IGRA to protect Indian burial grounds, encourage the voluntary reporting of accidental disturbances, ensure respectful treatment of human remains, and impose enhanced consequences for desecration. RCW 27.44.030. The legislature further directed that the Act "be liberally construed to achieve the legislature's intent." RCW 27.44.901. Applying equitable tolling here is entirely consistent with those purposes. Refusing to toll the limitations period would reward a party that obstructed all paths to resolution while ancestors remain disturbed and disinterred, discouraging the very cooperation the statute compels. RCW 27.44.040(1).

Finally, justice plainly requires equitable tolling. The Nation delayed filing suit not because it abandoned its rights, but because it sought in good faith to resolve this matter cooperatively and secure the respectful treatment and reinterment of its ancestors. Denying equitable tolling would create precisely the wrong incentive: a party responsible for disturbing Indian graves could indefinitely prolong discussions, delay meaningful action, and then invoke the passage of time as a complete defense. Additionally, dismissing the case would result in Tribes filing suit immediately upon notification of a disturbance, discouraging cooperative resolution and potentially delaying and complicating the reinterment process. Such a result would undermine both the remedial purposes of IGRA and the fundamental principles of equity. Equitable tolling exists to prevent exactly this type of injustice, and the Court should apply the doctrine here.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

**G. The Court should grant Plaintiff leave to amend its Amended Complaint if it grants the Motion to Dismiss in part or in full, and Whidbey Telecom's request for attorney fees is premature and meritless.**

If the Court grants Whidbey Telecom's Motion to Dismiss in part or in full, the Court should also grant Plaintiff Lummi Nation the opportunity to amend its Amended Complaint to modify its claims against Whidbey Telecom. Ninth Circuit courts have affirmed that "[i]f a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Or. Clinic, PC v. Fireman's Fund Ins. Co.*, 75 F.4th 1064, 1073 (9th Cir. 2023). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave should be freely given absent undue delay, bad faith, or futility).

Finally, Whidbey Telecom's request for attorneys' fees under RCW 27.44.050(4) is both premature and meritless. That provision authorizes fees only to a "prevailing defendant" at final judgment on the entire claim. Because Count VII independently survives through the timely Middle Mile theory at minimum, and Whidbey Telecom continues to violate IGRA on an ongoing basis, Whidbey Telecom cannot prevail, and no fee award is available at any stage. The Court should deny this request.

## IV. CONCLUSION

Whidbey Telecom's Motion to Dismiss Count VII should be denied. Middle Mile is timely and sustains the count on its own. The violations IGRA defines—disturbing burial grounds and failing to reinter under Tribal supervision—are ongoing obligations breached daily, not discrete completed acts. For the foregoing reasons, the Court should deny Defendant Whidbey Telecom's Motion to Dismiss, its fee request, and its request for dismissal with prejudice.



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110

Respectfully submitted,

Dated: September 17, 2026

/s/ Gabriel D. Cantu, Bar No. 52733
OFFICE OF THE RESERVATION ATTORNEY,
LUMMI NATION
2665 Kwina Road
Bellingham, WA 98226
Tel: (360) 384-7110
Email: GabrielC@lummi-nsn.gov
/s/ Gregory Alan Werkheiser, Virginia Bar No. 45986
Marion Forsyth Werkheiser, Virginia Bar No. 65454
Katherine Lee Sorrell, Texas Bar No. 24129460
Lydia Dexter, Oregon Bar No. 233151
Jessie Barrington, Virginia Bar No. 100685
CULTURAL HERITAGE PARTNERS, PLLC
1811 East Grace Street, Suite A
Richmond, Virginia 23223
Tel: (202) 567-7594
Emails: greg@culturalheritagepartners.com
marion@culturalheritgepartners.com
katherine@culturalheritagepartners.com
lydia@culturalheritagepartners.com
jessie@culturalheritagepartners.com
*Pro Hac Vice*

/s/ Charles N. Curlett, Jr., D.C. Bar No. 497920
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025
Washington, D.C. 20006
Tel: (202) 567-7594
Email: charles@culturalheritagepartners.com
*Pro Hac Vice*

*Counsel for Plaintiff*

I certify that this memorandum contains 5,840 words, in compliance with the Local Civil Rules.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on Defendants via CM/ECF electronic notice.

s/ Gabriel D. Cantu
Counsel for the Lummi Nation
GabrielC@lummi-nsn.gov

*Counsel for Plaintiff*



LUMMI NATION
Office of the Reservation Attorney
2665 Kwina Road
Bellingham, WA 98226 | Tel: (360) 384-7110